UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JEREMY B. HALES,  :   Civil Action No.:
         Plaintiff,  :   1:24-CV-00045-AW-ZCB
v.  :
     :
LYNETTE MICHELLE LACEY ALEXIS PRESTON :
and  :
JOHN COOK,  :
         Defendants  :

**DEFENDANT JOHN COOK'S MOTION TO DISMISS FOR LACK OF JURISDICTION PURSUANT TO FRCP 12(b)(1); and SUPPORTING MEMO**

The defendant John Cook moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

There is no federal question and so no jurisdiction under 28 U.S.C. 1331.

The defendants reside in Otter Creek, Florida, and so does the plaintiff. There is thus no diversity jurisdiction under 28 U.S.C. 1332.

Even if there were diversity, the complaint does not establish a minimum amount in controversy of $75,000. There are no allegations identifying specific damages of any kind or in any amount.

For all of the foregoing reasons, the Complaint should be dismissed for lack of federal court jurisdiction.

A supporting memorandum follows as required by Local Rule 7.1(E).

FILED USDC FLND GV
MAR 19 '24 PM2:01

## **MEMORANDUM SUPPORTING MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(1) provides: "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction."

Federal jurisdiction depends on there being a federal question, or diversity of citizenship between the plaintiffs and defendants. See 28 U.S.C. 1331, 28 U.S.C. 1332.

A federal "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Although the Complaint alleges jurisdiction exists under both sections, the Complaint in this action fails to establish either basis for federal jurisdiction.

First, there are no federal claims, only state law claims. See Complaint.

Second, although Plaintiff Jeremy Hales alleges he resides in Ohio, he resides in Otter Creek Florida, as established by the Affidavit of Lynette Preston attached with this Memo.

Third, the Complaint fails to allege any specific damages of any kind, and thus does not meet the amount in controversy requirement under 28 U.S.C. 1332(a). It merely conclusorily alleges the statutory minimum of $75,000 for each of the six state-law counts, with no specific allegations establishing how the plaintiff was damaged or how any amount of damages is established. See Lee Mem'l Health Sys. v. Lexington Ins. Co., Case No: 2:18-cv-617-FtM-38UAM (M.D. Fla. Mar. 7, 2019) ("Other than the conclusory statement in paragraph 2,

2

there is no factual basis for the court to conclude the jurisdictional amount is satisfied in this case.").

"At the pleading stage, the party invoking federal jurisdiction bears the burden of establishing the amount in controversy requirement by a preponderance of the evidence." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

"Where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), abrogated on other grounds by Cohen v. Of ice Depot, Inc., 204 F.3d 1069, 1072-77 (11th Cir. 2000), citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938).

Because there is no federal question, no diversity, and no allegations establishing the minimum amount in controversy for federal diversity jurisdiction, the U.S. District Court for the Northern District of Florida lacks jurisdiction and should dismiss this case.

> Defendant,
> John Cook:
>
> /s/ John Cook

## AFFIDAVIT OF JOHN COOK

1. I am the named Defendant in this action.

2. I can attest that the plaintiff, Jeremy Hales, resides in Florida and not Ohio.

3. Mr. Hales has been continuously living in Otter Creek, Florida for at least six months prior to the date of this affidavit. He has been absent only a few days.

4. I know this from seeing his YouTube videos and also he is seen around town.

Signed under the pains and penalties of perjury:

_John Cook_
John Cook

CHARLOTTE JENSEN
MY COMMISSION # HH 339823
EXPIRES: December 8, 2026

Levy County, FL physical presence this 15th day of March 2024 by John Cook produced Identification FLDL C200473041870

x _Charlotte Jensen_
Charlotte Jensen

## CERTIFICATION

I hereby certify that on March 19, 2024, a copy of the foregoing was mailed and emailed to counsel of record for the plaintiff:

Randall Shochet, Esq
SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales
409 N. Main Street Trenton, FL 32693
attorneys@counsel.insur

/s/ John Cook

# Voter Information Lookup

your voter registration information below

| | |
|---|---|
| Full Name: | JEREMY B HALES |
| Street Address: | 80 N OTTER CREEK AVE |
| City: | BRONSON |
| Zip Code: | 32621 |
| County Name: | LEVY |
| Voter Identification Number: | 132137652 |
| Date Of Registration: | 1/31/2024 |
| Party: | Republican Party of Florida |
| Voter Status: | Active* |

voter means the person is registered to vote. The deadline to register to be eligible to vote in an upcoming election is 29 days before that

lot and Precinct Information available through your county Supervisor of Elections website.



Upload to OneDrive