# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

**CASE NUMBER:** CV-2023-09-3595

JUDGE: KATHRYN MICHAEL

ORDER FILED: 11/01/2023

## NOTICE

TO:

JEREMY HALES
2436 W STREETSBORO RD
Peninsula, OH  44264

**You are hereby notified that the following has been filed with the Summit County Clerk of Courts Office:**

FINAL CIVIL PROTECTION ORDER (SSOOPO), THE TERMS OF THIS ORDER SHALL BE EFFECTIVE UNTIL 10-10-2025 (R.C.2903.214) MAGISTRATE KANDI O'CONNOR/JUDGE KATHRYN MICHAEL

Sandra Kurt, Clerk
Summit County Clerk of Courts

Case No. CV23-09-3529

**FORM 10-C:**
**WARNING CONCERNING THE ATTACHED**
**PROTECTION ORDER OR CONSENT AGREEMENT**

**NOTE:** Rules 10.01, 10.02, 10.03, and 10.05 of the Rules of Superintendence for the Courts of Ohio require this Warning to be attached to the FRONT of all civil and criminal EX PARTE or FULL HEARING protection orders issued by the courts of the State of Ohio.

## WARNING TO RESPONDENT / DEFENDANT

Violating the attached Protection Order is a crime, punishable by incarceration, fine, or both and may cause the revocation of your bond or result in a contempt of court citation against you.

This Protection Order is enforceable in all counties in Ohio and 50 states, the District of Columbia, tribal lands, and U.S. territories pursuant to state law and the Violence Against Women Act, 18 U.S.C. 2265. Violating this Protection Order may subject you to state and federal charges and punishment.

Only the Court may change the terms of this Protection Order. The Petitioner/Alleged Victim/Protected Person cannot give you legal permission to change this Order. If you go near the Petitioner/Alleged Victim/ Protected Person, even with the person's permission, you may be arrested. Only the Court may change or end this Protection Order. Unless the Court changes or ends this Order, you may be arrested for violating this Protection Order. **YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

## WARNING TO PETITIONER / ALLEGED VICTIM

You **cannot** change the terms of this Order by your words or actions. Only the Court may allow the Respondent/Defendant to contact you or return to your residence. This Protection Order **cannot** be changed by either party without obtaining a written court order.

## NOTICE ABOUT FIREARMS AND OTHER DEADLY WEAPONS

As a result of this Protection Order or Consent Agreement, it may be a federal crime for you to possess or purchase a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to 18 U.S.C. 922(g)(8) for the duration of this Order. If you have any questions whether the law makes it illegal for you to possess or purchase a firearm or ammunition, you should consult with a lawyer.

This Protection Order may be subject to the exceptions pursuant to 18 U.S.C. 925(a)(1) **only** with respect to the official use of government-issued firearms or ammunition for the use of any department or agency of the United States, Ohio, or its political subdivision. This exception does not apply if the Defendant/ Respondent has been convicted of an offense of violence, for example, domestic violence, menacing by stalking, etc., against a family or household member.

## NOTICE TO ALL LAW ENFORCEMENT AGENCIES AND OFFICERS

The attached Protection Order is enforceable in all counties in Ohio. Violation of this Protection Order is a crime under R.C.2919.27. Law enforcement officers with powers to arrest under R.C. 2935.03 for violations of the Ohio Revised Code must enforce the terms of this Protection Order as required by R.C. 2151.34, 2903.213, 2903.214, 2919.26, 2919.27, and 3113.31. If you have reasonable grounds to believe that the Respondent/Defendant has violated this Protection Order, it is the preferred course of action in Ohio under R.C. 2935.03 to arrest and detain the Respondent/ Defendant until a warrant may be obtained. Federal and state law prohibits charging a fee for service of this Order to the Petitioner/Alleged Victim or protected parties.

FORM 10-C: WARNING CONCERNING THE ATTACHED PROTECTION ORDER OR CONSENT AGREEMENT
Effective: April 15, 2021

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

# Order of Protection

Per R.C. 2903.214(F)(3), this Order is indexed at

Case No. CV 2023 09 3595

Judge: Kathryn Michael
Magistrate: Kandi O'Connor

State: OHIO

SUMMIT COUNTY SHERIFF
LAW ENFORCEMENT AGENCY WHERE INDEXED
(330) 643 - 2181
PHONE NUMBER

☒ CIVIL STALKING PROTECTION ORDER FULL HEARING (R.C. 2903.214)

☐ CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER FULL HEARING (R.C. 2903.214)

**PETITIONER:**

Jeremy / Hales
First / Middle / Last

v.

**PERSON(S) PROTECTED BY THIS ORDER:**

Petitioner: Jeremy Hales — 03/30/1977
Petitioner's Family or Household Members:
(☒ Additional forms attached)
Martha Rizk — DOB: 05/10/1982

**RESPONDENT:**

Lynnette / Preston
First / Middle / Last

Relationship to Petitioner:
Address where Respondent can be found:
151 N. Otter Creek Ave, Otter Creek, FL 32683

**RESPONDENT IDENTIFIERS**

| SEX | RACE | HGT | WGT |
|-----|------|-----|-----|
| F | white | 5'2 | 115 |
| EYES | HAIR | DOB | |
| | red/purple | 08  05  62 | |
| DRIVER'S LIC. NO. | EXP. DATE | STATE | |

Distinguishing Features:

☐ WARNING TO LAW ENFORCEMENT: RESPONDENT HAS FIREARMS ACCESS – PROCEED WITH CAUTION

Violence Against Women Act, 18 U.S.C. 2265, Federal Full Faith & Credit Declaration: Registration of this Order is not required for enforcement.

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and Respondent was provided with reasonable notice and opportunity to be heard within the time required by Ohio law. **Additional findings of this Order are set forth below.**

**THE COURT HEREBY ORDERS:**
That the above named Respondent be restrained from committing acts of abuse or threats of abuse against Petitioner and other protected persons named in this Order. Additional terms of this Order are set forth below.

The terms of this Order shall be effective until  10  10  2025    **(DATE CERTAIN – 5 YEARS MAXIMUM)**

**WARNING TO RESPONDENT:** See the warning page attached to the front of this Order.

Case No._____

This proceeding came on for a full hearing before the Court on 10/10/23
The following individuals were present: Petitioner and Respondent Present.

Petitioner, represented by Attorney Eli Heller and Respondent proceeding pro se, via video conference.

**Petitioner presented credible testimony and evidence in support of a civil stalking protection order. The Court specifically notes that Petitioner and Respondent are neighbors at their properties located in Florida. That this court order issued in Ohio must be given full faith and credit pursuant to the Violence Against Women Act, 18 U.S.C. 2265. The court further notes that when the parties are Located on their own property, that the distance is reduced to 10 feet. When the parties are not on Their respective properties, the distance remains at 500 feet. This order includes any internet And/or electronic communications.**

☐ Additional findings on a separate page are included and attached herein.

☒ The Court finds by a preponderance of the evidence that 1) Respondent has knowingly engaged in a pattern of conduct that caused Petitioner to believe that Respondent will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses.

☐ ~~The Court finds by a preponderance of the evidence that 1) Petitioner or Petitioner's family or household members have been a victim of a sexually oriented offense as defined in R.C. 2950.01, committed by Respondent; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from sexually oriented offenses.~~

☐ ~~The Court finds by clear and convincing evidence that 1) Petitioner or Petitioner's family or household members reasonably believed Respondent's conduct before the filing of the Petition endangered the health, welfare, or safety of Petitioner or Petitioner's family or household members; 2) Respondent~~

Case No._____

~~presents a continuing danger to Petitioner or Petitioner's family or household members; and 3) the following orders are equitable, fair, and necessary to protect the persons named in this Order from experiencing a continuing danger.~~

~~**RESPONDENT SHALL NOT ABUSE,** harm, attempt to harm, threaten, follow, stalk, harass, force sexual relations upon, or commit sexually oriented offenses against the protected persons named in this Order. [NCIC 01 and 02]~~

### ALL OF THE PROVISIONS CHECKED BELOW ALSO APPLY TO RESPONDENT

☒1. **RESPONDENT SHALL NOT ENTER** the residence, school, business, place of employment, day care centers, or child care providers of the protected persons named in this Order, including the buildings, grounds, and parking lots at those locations. Respondent may not violate this Order **even with the permission of a protected person.** [NCIC 04]

☐2. ~~**RESPONDENT SHALL NOT INTERFERE** with the protected persons' right to occupy the residence including, but not limited to canceling utilities or insurance or interrupting telecommunication (e.g., telephone internet, or cable) services, mail delivery, or the delivery of any other documents or items. [NCIC 03]~~

☐3. ~~**RESPONDENT SHALL SURRENDER** all keys and garage door openers to the following residence: _____ within 24 hours of service of this Order to the law enforcement agency that serves Respondent with this Order or as follows:~~
_____

☒4. **RESPONDENT SHALL STAY AWAY FROM PETITIONER** and all other protected persons named in this Order, and not be present within 500 feet or __10 feet while on__ (distance) of any protected
__own property__
persons wherever those protected persons may be found, or any place Respondent knows or should know the protected persons are likely to be, **even with a protected person's permission.** If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*. This Order includes encounters on public and private roads, highways, and thoroughfares. [NCIC 04]

☐5. ~~**RESPONDENT SHALL NOT REMOVE, DAMAGE, HIDE, OR DISPOSE OF ANY PROPERTY, COMPANION ANIMALS, OR PETS** owned or possessed by the protected persons named in this Order.~~

☐6. ~~**PETITIONER IS AUTHORIZED TO REMOVE THE FOLLOWING COMPANION ANIMALS OR PETS** owned by Petitioner from the possession of Respondent:~~
_____

~~Exchange of the listed companion animals or pets shall take place as follows:~~
_____

☒7. **RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, or child care providers. Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voicemail; delivery service; social media; blogging; writings; electronic communications; posting a message; or communications by any other means directly or through another person.

Respondent may not violate this Order **even with the permission of a protected person.** [NCIC 05]

Case No._____

☐ 8. ~~RESPONDENT SHALL NOT use any form of electronic surveillance on protected persons.~~

☒ 9. **RESPONDENT SHALL NOT CAUSE OR ENCOURAGE ANY PERSON** to do any act prohibited by this Order.

☐ 10. ~~**RESPONDENT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON** at any time while this Order remains in effect for the safety and protection of the protected persons named in this Order. Furthermore, Respondent may be subject to firearms and ammunition restrictions pursuant to 18 U.S.C. 922(g)(1) through (9), 18 U.S.C. 922(n), or R.C. 2923.13. [NCIC-07]~~

~~**RESPONDENT IS EXCEPTED** only for official use pursuant to 18 U.S.C. 925(a)(1), if no other firearms and ammunition prohibitions apply.~~

☐ 11. ~~**RESPONDENT SHALL TURN OVER ALL DEADLY WEAPONS OWNED** by Respondent or in Respondent's possession to the law enforcement agency that serves Respondent with this Order no later than _____ or as follows:~~

_____
_____

~~Any law enforcement agency is authorized to accept possession of deadly weapons pursuant to this paragraph and hold them in protective custody for the duration of this Order. [NCIC-07]~~

~~Law enforcement shall immediately notify the Court upon receiving Respondent's deadly weapons into protective custody as set forth in this Order.~~

~~Upon the expiration or termination of this Order, Respondent may reclaim any deadly weapons held in protective custody by law enforcement pursuant to this Order unless Respondent is otherwise disqualified as verified by a check of the NCIC protection order file.~~

12. ~~**RESPONDENT'S CONCEALED CARRY WEAPON LICENSE**, if any, is now subject to R.C. 2923.128.~~

☐ 13. **IT IS FURTHER ORDERED:** [NCIC 08]

_____
_____
_____
_____
_____

☐ 14. ~~**RESPONDENT SHALL COMPLETE** the following counseling program:~~

_____

~~Respondent shall contact this program within _____ days after receiving this Order and immediately arrange for an initial appointment. The counseling program is requested to provide the Court a written notice when Respondent attends the initial appointment, if Respondent fails to attend or is discharged, and when Respondent completes the program. Respondent is required to sign all necessary waivers to allow the Court to receive information from the counseling program.~~

☐ ~~Respondent is ordered to appear before Judge or Magistrate _____ on ____/____/____ at _____ ☐ a.m. ☐ p.m. to review Respondent's compliance with this counseling order. Respondent is warned: If you fail to attend the counseling program you may be held in contempt of court. If you fail to appear at this hearing, the Court may issue a warrant for your arrest.~~

☐ 15. ~~**RESPONDENT SHALL NOT USE OR POSSESS** ☐ alcohol or ☐ illegal drugs.~~

Case No._____

- [ ] 16. ~~RESPONDENT SHALL BE SUBJECT TO ELECTRONIC MONITORING. Respondent is ordered to report to _____ for placement of a global positioning system for the purpose of electronic monitoring for the duration of~~ this Order or until ___/___/___ whichever expires first. The Court further imposes the following terms and conditions:

- [x] 17. The Clerk of Court shall cause a copy of this Order to be served on Respondent as set forth in Civ.R. 5(B) and 65.1(C)(3). The Clerk of Court shall also provide certified copies of this Order to Petitioner upon request.

18. **IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTRATE,** the Court has reviewed the magistrate's granting of this Order and finds no error of law or other defect evident on the face of the Order. Accordingly, the Court adopts the magistrate's granting of this Order.

19. ~~IT IS FURTHER ORDERED NO COSTS OR FEES SHALL BE ASSESSED AGAINST PETITIONER for filing, issuing, registering, modifying, enforcing, dismissing, withdrawing, serving, or subpoenaing witnesses or obtaining a certified copy of this Order. This Order is granted without bond.~~

20. **THE COSTS OF THIS ACTION ARE** [ ] assessed against Respondent [x] waived.

IT IS SO ORDERED.

_____    _____
MAGISTRATE KANDI O'CONNOR     JUDGE Kathryn Michael

---

**NOTICE TO RESPONDENT**

NO PERSON PROTECTED BY THIS ORDER CAN GIVE YOU LEGAL PERMISSION TO CHANGE OR VIOLATE THE TERMS OF THIS ORDER. IF YOU VIOLATE THE TERMS OF THIS ORDER, EVEN WITH THE PROTECTED PERSON'S PERMISSION, YOU MAY BE HELD IN CONTEMPT OR ARRESTED. ONLY THE COURT CAN CHANGE THIS ORDER. **YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

---

| *NOTICE OF FINAL APPEALABLE ORDER* | **TO THE CLERK** |
|---|---|
| Copies of the foregoing Order, which is a final appealable order, were served on or delivered to the parties indicated pursuant to Civ.R. 5(B) and 65.1(C)(3), including ordinary mail on  11/1/23  By: _____ CLERK OF COURT | A COPY OF THIS ORDER SHALL BE SERVED ON RESPONDENT PURSUANT TO CIV.R. 65.1(C)(3).<br><br>X Petitioner<br>[ ] Petitioner's Attorney<br>[ ] Respondent's Attorney<br>[x] Law Enforcement Agency Where Petitioner Resides: ____<br>[ ] Law Enforcement Agency Where Petitioner Works: ____<br>[x] Sheriff's Office  Summit<br>[ ] Other: ____ |