UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| **JEREMY B. HALES**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-45AW-ZCB |
| vs. | ) |
| | ) |
| **LYNETTE MICHELLE LACEY** | ) |
| **ALEXIS PRESTON** | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN COOK**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN OPPOSITION TO DEFENDANT COOK'S MOTION TO DISMISS

Plaintiff JEREMY B. HALES ("Mr. Hales"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(l) and 28 U.S.C. § l 332(a), files this memorandum in opposition pursuant to Local Rule 7.1(e), to Defendant Cook's Motion to Dismiss this Complaint for lack of diversity jurisdiction and amount in controversy (hereinafter, the "Motion"), and states:

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**.................................................................................**2**

**I.   THERE IS COMPLETE DIVERSITY AMONG THE PARTIES. ..............3**

**II.  THE AMOUNT IN CONTROVERSY REQUIREMENT OF § 1332 IS SATISFIED.**........................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38 (1st Cir. 2012) ..............................9
*Continental Casualty Co. v. Department of Highways*, 379 F.2d 673 (5th Cir. 1967) ...................................................................................................................................11
*Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1 (1st Cir. 1995)............9
*Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84 (1st Cir. 1991) ....................................................................................................................9
*Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96 (2d Cir. 1966).............................11
*Douse v. Canoe Creek Homeowner's Ass'n*, No. 21-10174, 2021 U.S. App. LEXIS 22473, at *8 (11th Cir. July 29, 2021) ..................................................................7
*Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003) ...................................................................................................................................12
*Granite Equipment Leasing Corp. v. Smith's Pride Foods, Inc*., 431 F. Supp. 490 (N.D. Ala. 1977) ...................................................................................................7
*Horton v. Liberty Mut. Ins. Co*., 367 U.S. 348, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961). ....................................................................................................................................9
*Ins. Brokers W., Inc. v. Liquid Outcome, LLC,* 874 F.3d 294 (1st Cir. 2017) ..........9
*Johnson v. Clark*, 484 F. Supp. 2d 1242 (M.D. Fla. 2007) .....................................10
*Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967) ........................................................9
*King v. Gandolfo*, 714 F. Supp. 1180 (M.D. Fla. 1989).........................................12
*Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710 (Fla. 4th DCA 2010)..............10
Lee Mem'l Health Sys. v. Lexington Ins. Co., Case No: 2:18-cv-617-FtM-38UAM (M.D. Fla. Mar. 7, 2019)......................................................................................7
*Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)............................................................5
*McCormick v. Aderholt*, 293 F.3d 1254 (11th Cir. 2002) .........................................5
*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir.), cert. denied, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217 (1980)......................................................8
*Mitchell v. United States*, 88 U.S. (21 Wall.) 350 22 L.Ed. 584 (1875) ..................6
*Morrison v. Allstate Indem. Co.* , 228 F.3d 1255 (11th Cir. 2000).........................11

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977)................8
*Smith v. Marcus & Millichap, Inc*., 991 F.3d 1145 (11th Cir. 2021).........................5
*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 28 82 L. Ed. 845, 58 S. Ct. 586 (1938) ...................................................................................................................8
*Stine v. Moore*, 213 F.2d 446 (5th Cir. 1954) ........................................................5
*Synder v. Harris*, 394 U.S. 332, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969)..............10
*Velez v. Crown Life Insurance* , 599 F.2d 471 (1st Cir. 1979)...............................11

**Statutes**

28 U .S.C. § 1332(a).............................................................................................4, 12
28 U.S.C § 1446(c)(2) ................................................................................................8
28 U.S.C. § 1332 ......................................................................................................12
28 U.S.C. § 1332(a)(1) ...............................................................................................5
Fla. Stat. § 772.185..................................................................................................11
Fla. Stat. § 836.05....................................................................................................10

**Constitutional Provisions**

Fla. Const. art. VII, § 6(a) .........................................................................................6

**I.     THERE IS COMPLETE DIVERSITY AMONG THE PARTIES.**

1.     Mr. Hales is a resident of Ohio. See Affidavit of Jeremy B. Hales (hereafter, "Hales Aff."). Inasmuch as both Defendants are residents of Florida, there is complete diversity jurisdiction. 28 U .S.C. § 1332(a).

2.     As discussed more fully below, Defendant's motion lacks merits and should be denied.

3.     Federal jurisdiction based on diversity of citizenship requires that the matter in controversy be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "a natural person is a citizen of the state in

3

which he is 'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (noting that for purposes of diversity "citizenship is equivalent to 'domicile'"). "Domicile requires both residence in a state and "an intention to remain there indefinitely . . ." *McCormick*, 293 F.3d at 1258 (internal quotation marks omitted). While "residency is necessary," it alone is insufficient "to establish a citizenship in a state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)). *Cf. McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), cert. denied, 419 U.S. 842, 95 S. Ct. 74, 42 L. Ed. 2d 70 (1974) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))

4. Furthermore, a change of domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely. *Id.* This means that there is a presumption in favor of continuing domicile. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1875) ("domicile once acquired is presumed to continue until it is shown to have been changed").

5. In September 2023, Mr. Hales filed a lawsuit in the Ohio courts against Ms. Preston and Mr. Cook. Hales Aff. ¶¶ 20-21. In October 2023, the Ohio courts issued to final civil protection orders in favor of Mr. Hales and against Ms. Preston and Mr. Cook. Hales Aff. ¶ 21.

6. Mr. Hales (1) has been a domiciliary of the State of Ohio since his birth in 1977 (Hales Aff. ¶ 6); (2) has always had only an Ohio driver's license (Hales Aff. ¶ 27); (3) motor vehicles are registered in Ohio (Hales Aff. ¶ 30); (4) has his mailing address in Ohio (Hales Aff. ¶ 30-32); (5) pays property taxes in Ohio (Hales Aff. ¶ 28); (6) files his Federal Income taxes from Ohio (Hales Aff. ¶ 31); and (7) intends to remain a permanent resident and domiciliary of Ohio (Hales Aff. ¶ 6, 25-26).

7. In Florida, homestead exemptions are for property owners who maintain permanent residence at the property in question. *See* Fla. Const. art. VII, § 6(a). Mr. Hales does not have his homestead in Florida. (Hales Aff. ¶ 7). *Cf. Granite Equipment Leasing Corp. v. Smith's Pride Foods, Inc.*, 431 F. Supp. 490, 493 (N.D. Ala. 1977) ("No one can have more than a single homestead exemption, then, because no one can have more than a single domicile at the time any given debt arises."). *Douse v. Canoe Creek Homeowner's Ass'n*, No. 21-10174, 2021 U.S. App. LEXIS 22473, at *8 (11th Cir. July 29, 2021).

8. Thus, as shown *supra,* Plaintiff has demonstrated complete diversity among the parties.

## II.     THE AMOUNT IN CONTROVERSY REQUIREMENT OF § 1332 IS SATISFIED.

9.      Defendant has made a bare-bones allegation that the complaint has "no allegation establishing the minimum amount in controversy for federal diversity jurisdiction." *Motion*, at p. 3.

10.     In doing so, Defendant misstates and misrepresents the law to this Court, by citing to an opinion which does not exist.[1]

11.     Defendant's misrepresentation should not be well taken by this Court.

12.     "Facial attacks" on the complaint "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))."

13.     There is a "crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the

---

[1] The Motion states: "See Lee Mem'l Health Sys. v. Lexington Ins. Co., Case No: 2:18-cv-617-FtM-38UAM (M.D. Fla. Mar. 7, 2019") ("Other than the conclusory statement in paragraph 2, there is no factual basis for the court to conclude the jurisdictional amount is satisfied in this case."). However, the document from that case from March 7, 2019 **contains no such statement** and is simply an order denying consolidation.

existence of subject matter jurisdiction in fact, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

14. Because 12(b)(6) results in a determination on the merits at an early stage of a plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

15. Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 82 L. Ed. 845, 58 S. Ct. 586 (1938). In order for a court to refuse jurisdiction "it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount."

16. In diversity cases – where the basis of the jurisdiction is conferred by section 1332(a) - the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C § 1446(c)(2). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

17. The amount in controversy must exceed $75,0000, exclusive of interest and costs."

18. Good faith is measured objectively; 'the question ... is whether to anyone familiar with the applicable law this claim could objectively have been

viewed as worth' more than the jurisdictional amount." *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012) (citing *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995)). *Cf. Jones v. Landry*, 387 F.2d 102, 104 (5th Cir. 1967) ("The test of the plaintiff's 'good faith' is not his subjective state of mind but a very strict objective standard.").

19. If the sum claimed is made in good faith, the court limits its inquiry to determining whether it is "a legal certainty that the claim is really for less than the jurisdictional amount." *Ins. Brokers W., Inc. v. Liquid Outcome, LLC,* 874 F.3d 294, 297 (1st Cir. 2017). This burden may be met by amending pleadings or submitting affidavits. *Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991).

20. To determine the amount in controversy, the district court first looks to the face of the plaintiff's complaint. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961).

21. Also, where, as here, when multiple claims are brought by one plaintiff against one defendant, the total dollar amount of all claims can be aggregated to reach the $75,000 threshold. *Synder v. Harris*, 394 U.S. 332, 335, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969).

22. Plaintiff has brought multiple claims against Defendant for (1) Defamation Per Se; (2) Civil Remedies For Criminal Practices Act - Florida RICO

violations of Fla. Stat. § 836.05; and (3) Tortious Interference With Advantageous Business Relationships.

23. Defamation Per Se does not require any allegation or showing of damages. Plaintiff's defamation per se claims involve accusations of an infamous crime which may irreparably impugn his reputation. *see Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 722-33 (Fla. 4th DCA 2010) (confirming $5 million jury verdict on surgeon's slander per se claim against hospital), review denied, 36 So. 3d 84 (Fla. 2010), and cert. denied, 562 U.S. 1135, 131 S. Ct. 905, 178 L. Ed. 2d 748 (2011); *Johnson v. Clark*, 484 F. Supp. 2d 1242, 1254 (M.D. Fla. 2007), aff'd, 294 F. App'x 502 (11th Cir. 2008). profession, an award of damages in excess of $75,000 is not legally impossible.

24. In calculating the amount in controversy, the courts have considered, among other factors, affidavit testimony, prayers for punitive damages and requests for attorneys' fees found in the complaint. *Cf. Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy"); *Velez v. Crown Life Insurance*, 599 F.2d 471, 474 (1st Cir. 1979) (where attorney's fees are provided by contract or statute, they are properly included in determining amount in controversy). Here, Plaintiff's Complaint seeks attorney's fees under the Florida RICO statutes, i.e., Fla. Stat. § 772.185. *See* Complaint, at

Counts 3 and 4. Thus, attorney's fees are properly included in determining amount in controversy. Moreover, all of Plaintiff's remaining claims seek unliquidated damages in tort, rendering any endeavor at valuating those claims unfeasible absent a consideration of evidence on damages. Many courts have cautioned against attempting to appraise such unliquidated tort claims for purposes of determining jurisdiction because to do so necessarily requires the court to prematurely judge the merits of the case. *See, e.g., Continental Casualty Co. v. Department of Highways*, 379 F.2d 673, 675 (5th Cir. 1967) ("[W]e are mindful that when the issue of the jurisdictional amount is intertwined with the merits of the case, courts should be careful not to decide the merits, under the guise of determining jurisdiction, without the ordinary incidents of trial."); *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 99-100 (2d Cir. 1966) ("If access to federal district courts is to be further limited it should be done by statute and not by court decisions that permit a district court judge to prejudge the monetary value of an unliquidated claim."). Plaintiff has over 700,000 subscribers to his YouTube channel. Hales Aff. ¶ 5. This shows that the damages to that YouTube business should not be difficult to accept in tort. It would be wholly inappropriate at this juncture to assign a value to Plaintiff's remaining claims where he has not yet had the opportunity to present his case.

25. Thus, it cannot appear to a "legal certainty" that Plaintiff's claimed damages are (1) not made in good faith and (2) actually for less than the jurisdictional

threshold. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). The "legal certainty" standard is high; it is not enough for the court to find that the plaintiff lacked good faith in alleging his damages, and it is not enough for the court to earnestly believe that the plaintiff is extremely unlikely to recover more than the jurisdictional threshold. Rather, the plaintiff's ability to recover the jurisdictional threshold must amount *to a legal impossibility*.").

26. This means that an award of damages in excess of $75,000 is not legally impossible.

27. This means the amount in controversy requirement of § 1332 is satisfied. This Court should not try the issue of damages on a motion to dismiss. *See King v. Gandolfo*, 714 F. Supp. 1180, 1183 (M.D. Fla. 1989).

28. Because Plaintiff meets both the complete diversity and amount in controversy requirements, he satisfactorily invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. The Court should deny the Motion.

Respectfully submitted,
SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales
409 N. Main Street
Trenton, FL 32693
By: /s/ Randall Shochet
Randall Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 25, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: /s/ Randall Shochet
Randall Shochet, Esq.

## SERVICE LIST

LYNETTE MICHELLE LACEY ALEXIS PRESTON
151 N. Otter Creek Ave.
Otter Creek, FL. 32683
itsashellofaday03@gmail.com
*Pro Se Defendant*

JOHN COOK
151 N. Otter Creek Ave.
Otter Creek, FL. 32683
cook23533@comcast.net
jonc4182@msn.com
skimonster@ymail.com
*Pro Se Defendant*