UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JEREMY B. HALES, | Civil Action No.: |
| | 1:24-CV-00045-AW-ZCB |
| Plaintiff, | |
| v. | |
| LYNETTE MICHELLE LACEY ALEXIS PRESTON and JOHN COOK, | |
| Defendants | |

### DEFENDANTS LYNETTE PRESTON'S AND JOHN COOK'S CORRECTION OF CITATION IN MOTION TO DISMISS FOR LACK OF JURISDICTION

The defendants submit this to correct a citation relied on in their motions to dismiss and ask the Court to consider whether counsel for the plaintiff has made a misrepresentation in the Opposition to Motion To Dismiss (Doc. 9) filed March 27.

This is not intended as a comprehensive Reply, which the undersigned plan to file in response to the Opposition, particularly on the issue of amount in controversy.

In paragraphs 9-11 of the plaintiff's Memorandum In Opposition to Motion To Dismiss (Doc 9), the plaintiff states:

9. Defendant has made a bare-bones allegation that the complaint has "no allegation establishing the minimum amount in controversy for federal diversity jurisdiction." Motion, at p. 3.

FILED USDC FLND GV
APR 1 '24 PM 12:25

10. In doing so, Defendant misstates and misrepresents the law to this Court, by citing to an opinion which does not exist.

11. Defendant's misrepresentation should not be well taken by this Court.

In the footnote, they note: "The Motion states: "See Lee Mem'l Health Sys. v. Lexington Ins. Co., Case No: 2:18-cv-617-FtM-38UAM (M.D. Fla. Mar. 7, 2019") ("Other than the conclusory statement in paragraph 2, there is no factual basis for the court to conclude the jurisdictional amount is satisfied in this case."). However, the document from that case from March 7, 2019 **contains no such statement** and is simply an order denying consolidation."

The motions in error gave the incorrect date for the decision from which the quoted language was cited. The correct citation is: <u>Lee Mem'l Health Sys. v. Lexington Ins. Co.</u>, Case No: 2:18-cv-617-FtM-99CM (M.D. Fla. Oct. 4, 2018). A different decision in the same case was issued on March 7, 2019, which accounts for the confusion and error in citation.

The more serious question than the motions' error in giving the incorrect date of the cited decision, is whether counsel for the plaintiff either (a) located the correct decision, or (b) failed to attempt to locate it, and thus falsely or recklessly accused the defendant of, apparently, literally fabricating a decision "which does not exist."

Would counsel say the same thing if the motion were filed by an attorney and not a *pro se* litigant?

2

This correction is being filed due to the false suggestion in the Opposition of fabricating "an opinion which does not exist," which is being disseminated on YouTube to hundreds of thousands of viewers. The appearance that counsel is "playing for the YouTube audience" by including baseless accusations of the undersigned citing "opinions which do not exist" should be of concern to the Court.

The undersigned hopes that the Court will inquire if counsel for the plaintiff has himself made a misrepresentation by asserting the motion cited "an opinion which does not exist" despite being aware that it does exist and/or failing to exercise diligence to determine if it exists, such as a simple Casetext search.

Defendant,
Lynette Preston:

/s/ Lynette Preston

Defendant,
John Cook:

/s/ John Cook

## CERTIFICATION

I hereby certify that on March 28, 2024, a copy of the foregoing was mailed and emailed to counsel of record for the plaintiff:

Randall Shochet, Esq
SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales
409 N. Main Street Trenton, FL 32693
attorneys@counsel.insur

/s/ Lynette Preston

4