UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B HALES,
    Plaintiff,

vs.                                      Case No.: 1:24cv00045/AW/ZCB

LYNETTE MICHELLE LACY
ALEXIS PRESTON, et al.,
    Defendants.
_____/

## ORDER

Defendants, proceeding *pro se*, have moved for the appointment of counsel in this case (Docs. 11, 12). In their motions, Defendants claim they are unable to afford counsel.

It is well established that "[a] civil litigant . . . has no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by "exceptional circumstances." *Id.*; *see also Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating the district court "should appoint counsel only in exceptional circumstances"). The Eleventh Circuit has instructed courts to consider the following factors when deciding if exceptional circumstances exist: "(1) the type and

1

complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination." *Burgess v. Bradshaw*, 626 F. App'x 257, 259 (11th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Defendants present no exceptional circumstances that warrant the appointment of counsel at this time. Plaintiff's complaint asserts claims under Florida state law, including defamation, civil remedies for criminal practices, and tortious interference with business relationships. Looking to the factors above, this is not a complex case. It involves a relatively small number of potential witnesses and should not require the examination and analysis of large quantities of documents. Additionally, at this stage, Plaintiff's legal claims appear relatively straightforward and do not involve novel or particularly sophisticated legal theories. Furthermore, the pleadings filed thus far by Defendants suggest they can communicate their allegations as well as that of the average *pro se* litigant. Additionally, there is no reason to believe Defendants are not in

a position to adequately investigate the case themselves. Finally, Defendants have not provided the Court with information establishing that this case will involve conflicting testimony that will require cross examination by a skilled lawyer. For these reasons, Defendants' motions for appointment of counsel will be denied. If the circumstances change in the future and Defendants believe such a change warrants the appointment of counsel, then Defendants may file a motion requesting appointment of counsel at that time.

Accordingly, it is **ORDERED** that Defendants' Motions for Appointment of Counsel (Docs. 11, 12) are **DENIED** without prejudice.

**DONE AND ORDERED** this 4th day of April 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge