UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

v.                                                                    Case No. 1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.

_____/

## FINAL SCHEDULING ORDER AND
## MEDIATION REFERRAL

Currently before the Court is the parties' Rule 26(f) report filed on October 29, 2024. (Doc. 29). The Court held a status conference on November 12, 2024, and discussed the matter of scheduling with the parties. Consistent with the parties' Rule 26(f) report and the discussion held on November 12, 2024, the Court orders the following:

1.     With respect to any matters not addressed herein, the Initial Scheduling Order (Doc. 27) remains in effect.

2.     The parties have until **November 15, 2024,** to provide Rule 26(a)(1) mandatory disclosures.

3.     The parties have until **December 18, 2024,** to join additional parties or amend the pleadings.

1

4.    The deadline for filing any motions to compel discovery is **April 7, 2025**.

5.    The deadline for the completion of all discovery is **April 7, 2025**.

6.    Dispositive motions and *Daubert* motions shall be filed no later than **April 28, 2025.**

7.    The final pretrial conference shall be held on **August 11, 2025.**

8.    Jury trial will be scheduled for the week of **August 25, 2025,** and will be held at the United States District Courthouse, 1 North Palafox Street, Pensacola, Florida.

9.    The parties must mediate this case in accordance with the following procedures:

a.    The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties.

b.    Unless otherwise agreed, the fee of the mediator will be paid equally by the parties.  The fee must be paid in the manner required by the mediator.

c.      The first mediation conference must commence no later than **January 18, 2025** (but may commence at any earlier time). The mediator must set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue to adjourn the mediation conferences in his or her discretion within the time constraints set out in this Order.

d.      The following persons MUST attend the mediation conference:

1)      Counsel of record primarily responsible for this matter on behalf of any represented party.

2)      All parties.   In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation.   In his or her discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation."   Unless the mediator directs

otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

3)    If a party is insured, a representative of the insurer having full authority to settle without further consultation.  In his or her discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

e.    Failure of any person to attend the mediation conference as required will result in the imposition of sanctions.

f.    The parties must confer in advance of the submission of written materials to the mediator and must proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but

either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

g.   The mediator will have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

h.   All discussions, representations, and statements made at the mediation conference must be off the record and privileged as settlement negotiations.   Mediation proceedings will not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

i.   This referral to mediation does not automatically toll the time for completion of any other matter in this case.

j.   The parties are encouraged to settle as many issues during mediation as possible.  Partial or complete settlements must immediately be reduced to writing in the presence of the mediator and be signed by all parties and their counsel.

k.    Mediation in this case must be completed on or before **February 15, 2025.**  The mediator or parties must file a report within **14 days** thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared).  If the matter is settled in full, notice to the Court must be immediate.

l.    The parties may request the Court excuse this mediation requirement upon a showing of good cause.  Additionally, the parties may request a settlement conference before a magistrate judge in lieu of mediation.  A request to excuse mediation must be made on or before **January 18, 2025**.  A request for a settlement conference must be made on or before **28 days** after the discovery deadline.

m.    Counsel for any represented party must, within **10 days** of the date of this Order, consult with his or her client about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this Order.  The parties by

agreement may commence mediation at any time before the deadlines set in this Order.

**DONE AND ORDERED** this 12th day of November 2024.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge