UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                            Case No.:  1:24cv45/ZCB

LYNETTE MICHELLE LACEY ALEXIS PRESTON, et al.
    Defendants.
_____/

## ORDER

This matter is before the Court on Defendants' "Motion for Order to Comply with Subpoena to Provide Deposition Audio." (Doc. 39). In that motion, Defendants ask the Court to require the court reporter who transcribed Plaintiff's deposition to release her backup audio file. At the Court's direction, Defendants have filed the transcript of the deposition. (Doc. 42). Having considered the motion and the transcript, no response from Plaintiff is necessary.

Defendants' motion—which is unsupported by the citation to any authority—is not well taken. The Court sees no need to require the court reporter to release the backup audio file. The transcript appears to be complete—there is no indication the court reporter was unable to transcribe portions of the deposition. Nor is there any indication that the

1

Court reporter failed to fulfill her duties of accurately transcribing the deposition. Thus, the Court sees no reason to require the court reporter to release her backup audio file and accordingly Defendants' motion (Doc. 39) is **DENIED**. *See United States v. Austin*, 954 F.3d 877, 879 (6th Cir. 2020) (explaining that "when an audiotape is merely a backup to the court reporter's stenographic record (as here), the audiotape is the personal property of the court reporter and there is no public entitlement to the audiotapes" except in certain criminal proceedings).

What the transcript reveals is that the only person who behaved appropriately during the deposition was the court reporter. The behavior of counsel for both parties as well as that of Plaintiff was improper. Because the improper behavior permeated the deposition and eventually led to its termination, the Court believes that a partial re-deposition of Plaintiff is necessary. Given the contentious nature of this litigation and the improper behavior that plagued the initial deposition, the partial re-deposition will be personally supervised by the Court. *See generally Ludwin v. Proman*, No. 20-81755, 2021 WL 4775014, at *3 (S.D. Fla. Oct. 13, 2021) (holding that because of deposition misconduct the defendant was required to sit for a new deposition that would occur at the federal

courthouse under judicial supervision). That partial re-deposition will **occur at the U.S. District Court, 1 North Palafox St., Pensacola, Florida,** and it will last up to three hours.[1] Plaintiff's counsel, Defendants' counsel, and Plaintiff will be required to appear in person for the partial re-deposition. Defendants' counsel will be responsible for obtaining the services of a court reporter to transcribe the deposition.[2] Because both parties share some of the blame for the need to conduct the partial re-deposition, the cost of the court reporter shall be shared equally between Plaintiff and Defendants.

The scheduling of the partial re-deposition will occur by separate notice following consultation with counsel. **But the partial re-deposition must occur no later than December 23, 2024.**

The Court would also note several things that will hopefully help the partial re-deposition go more smoothly. First, Plaintiff is not permitted to refuse to answer any questions except for those that inquire

---

[1] Two hours for direct examination, forty-five minutes for any cross-examination, and fifteen minutes for any re-direct examination. The allotted time is exclusive of any breaks. If the allotted time proves insufficient for some unforeseen reason, the Court reserves the right to extend it.

[2] The room number for the partial re-deposition will be provided to the parties upon their arrival at the courthouse.

as to attorney-client privilege or another type of recognized evidentiary privilege. *See* Fed. R. Civ. P. 30(c)(2). Questions about Plaintiff's business affiliations, contracts, and the names of business associates/customers, etc. are not inquiries into a privileged matter. Thus, there is no basis for Plaintiff to refuse to answer such questions. Indeed, Plaintiff has asserted claims of tortious interference with business relationships. His business relationships and the impact of Defendants' alleged conduct on those business relationships are directly relevant to this litigation and are the proper subject of deposition questions.

Second, Defendants' counsel needs to focus on asking questions about the claims raised in this litigation instead of attempting to instigate conflict by asking about unrelated matters involving Plaintiff and Defendants. Way too much of the time in Plaintiff's deposition was devoted to irrelevant information about people and events that have nothing do to with the claims in this case.

Third, a deposition is a formal part of a federal court proceeding that is to be conducted professionally and civilly. *See Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312, 317 (N.D. Fla. 2021) (recognizing

that depositions are to be conducted "in a professional manner"). Name-calling, personal attacks, and obstructionist behavior has no place in a deposition or any other proceeding in this case. Experienced lawyers like the ones involved in this case should be able to control themselves and their clients.[3] But they apparently cannot, which is why the Court will supervise the partial re-deposition. Everybody in this case is now on notice. If this type of behavior continues, then there will be sanctions.[4] Those sanctions will not be light—they may include stiff monetary penalties, dismissal of this action, and disciplinary proceedings against the attorneys. *See generally Lee v. ESA P Portfolio Operating Lessee, LLC*, No. 20-CV-61071, 2021 1342157, at *3-4 (S.D. Fla. Mar. 18 2021) (dismissing action as a sanction for unacceptable deposition conduct); *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1321 (11th Cir. 2002) (affirming disciplinary proceedings against counsel for, among

---

[3] In addition to the issues during Plaintiff's deposition, there were apparently issues in a deposition that occurred last Friday. Those issues led counsel to call the Court—which was presiding over an all-day hearing—during the middle of the deposition.

[4] Defendants' counsel has indicated that they intend to seek dismissal under Rule 37 based on Plaintiff's conduct in his deposition. (*See* Doc. 39 at 1). The Court will save Defendants' counsel the time of drafting the motion—dismissal will not be granted at this time.

other things, making "demeaning remarks about opposing counsel's physical traits and demeanor" and recognizing "that a federal court has the power to control admission to its bar and to discipline attorneys").

**IT IS SO ORDERED.**  This the 9th day of December 2024.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge