UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                      Case No.: 1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.
_____/

## ORDER

This matter is before the Court on Defendants' "Motion to Preclude Plaintiff from Publishing or Sharing Depositions." (Doc. 38). Plaintiff has responded in opposition. (Doc. 46). No hearing is necessary. The matter is ripe for resolution.

## I. Discussion

In their motion, Defendants appear to be seeking a protective order that would (1) prevent Plaintiff from posting on social media videos of Defendants' depositions in this case, and (2) prevent Plaintiff from publicly releasing transcripts of any depositions in this case. With respect to the issue of Plaintiff sharing videos of Defendants' depositions, the Court would note that Defendants have yet to be deposed in this case. And the Court is unaware of any depositions being video recorded so far in this case. Nonetheless, Defendants are concerned that if Plaintiff does

video record their depositions, then he may post those videos online in an attempt to embarrass or harass them.

Defendants' argument presupposes that the depositions will be video recorded.[1] Under Rule 30(b)(3)(A), "*unless the court orders otherwise*, [deposition] testimony may be recorded by audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3)(A) (emphasis added). Given the unique circumstances and history of this case, the Court hereby "orders otherwise" under Rule 30(b)(3)(A). All depositions in this case shall be recorded by stenographic means only.[2] No party may record a deposition by audio or video means without prior approval of the Court. And prior approval will not be granted unless the moving party shows good cause to believe stenographic recording would be insufficient.

The Court will now discuss Defendants' argument that Plaintiff should be prohibited from publicly releasing any deposition transcripts. Generally speaking, "a party may do what it wants with material obtained through the discovery process, as long as it wants to do

---

[1] It is the Court's understanding that Plaintiff has yet to notice Defendants' depositions.
[2] This order does not prevent a court reporter from using an audio recorder as a back-up for the stenographic recording. Such back-up audio recording, however, shall not be released to the parties absent an order of the Court.

2

something legal." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). Rule 26(c), however, authorizes a district court to issue a protective order that limits the use of discovery information in certain circumstances. The party seeking a protective order bears the burden of showing good cause. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). The moving party "must meet this burden with a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011). A district court has "wide discretion" in managing discovery, including the decision of whether to issue a protective order. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547-48 (11th Cir. 1985).

Here, Defendants express concern that Plaintiff (or others) will use the deposition transcripts in an attempt to embarrass or criticize Defendants. Defendants' argument is general in nature, and it is unsupported by the citation to any legal authority. Such general claims of potential embarrassment or criticism are insufficient to show good cause to issue a protective order. *See Maldonado v. Johnson*, No. 3:22cv18229, 2023 WL 5805583, at *2 (N.D. Fla. June 6, 2023) (refusing to grant protective order preventing publication of deposition information

3

because general statements of potential embarrassment were insufficient); *see also Am. News & Info. Svs., Inc. v. Rovella*, No. 3:15cv1209, 2017 WL 3736700, at *2 (D. Conn. Aug. 30, 2017) ("The mere fact that some level of discomfort, or even embarrassment, may result from the dissemination of defendant's deposition testimony is not in and of itself sufficient to establish good cause to support the issuance of a protective order.") (cleaned up). Thus, the Court will not issue a protective order preventing Plaintiff from publicly releasing deposition transcripts at this time. The Court reserves the right to later issue such a protective order if the circumstances change.

## II.   Conclusion

Because no videotaped depositions will occur in this case (absent Court approval), Defendants' motion (Doc. 38) is **DENIED as moot** to the extent that it seeks an order prohibiting Plaintiff from posting video of Defendants' depositions in this case. And because Defendants have not shown good cause, Defendants' motion (Doc. 38) is **DENIED** without

4

prejudice to the extent it seeks an order prohibiting Plaintiff from publicly releasing deposition transcripts in this case.

**IT IS SO ORDERED.**  This the 20th day of December 2024.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge