## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **JEREMY B. HALES,** | : | **Civil Action No.:** |
| | : | **1:24-CV-00045-AW-ZCB** |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **LYNETTE MICHELLE LACEY ALEXIS PRESTON** | : | |
| and | : | |
| **JOHN COOK,** | : | |
| | : | |
| **Defendants** | : | |

## MOTION TO TRANSFER PURSUANT TO 28 USC 1404(a)

The defendants, Lynette Preston and John Cook, move pursuant to 28 U.S.C. 1404(a) to transfer further proceedings in this action to the Gainesville federal courthouse on the grounds of *forum non conveniens*. This case was filed in the Gainesville Division, which covers Levy County where all the parties and in-state witnesses reside, but proceedings were assigned to Pensacola, the furthest location in the Northern District from Levy County.

Gainesville was the plaintiff's chosen forum, but he nevertheless refused to consent to a motion to transfer proceedings there under 28 USC 1404(b). Exploiting the inconvenience of Pensacola for his opponents and forcing the defendants to file a motion under 1404(a) advance the plaintiff's stated purpose for litigating: "A lawsuit isn't to win a lawsuit. It's to make you spend all your money on a lawyer and bankrupt you. That's what -- that's what the win is. I could care less if I win in court. If I win in court situation, my goal is to make sure you have no money. That is the goal of the lawsuit." See Exhibit A attached hereto.

*******

## **MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER**

28 U.S.C. 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The 11th Circuit explained in Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1289-90 (11th Cir. 2009):

> It is by now clear that the *forum non conveniens* test used by Florida state courts is identical to the test applied by the federal courts. Indeed, the Florida Supreme Court has explicitly adopted the federal law of *forum non conveniens. See Kinney Sys., Inc. v. Cont'l Ins. Co.*, 674 So.2d 86, 93 (Fla. 1996) ("[W]e are persuaded that the time has come for Florida to adopt the federal doctrine of forum non conveniens."); *see also Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1283 n. 2 (11th Cir. 1999) (noting that in *Kinney*, the Florida Supreme Court adopted the federal courts' *forum non conveniens* analysis as announced in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Under both bodies of law, a *forum non conveniens* dismissal is appropriate where:
>
> (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
>
> (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
>
> (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and

2

(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

*Del Campo Bacardi v. de Lindzon*, 845 So.2d 33, 36 n. 1 (Fla. 2002) (citing Fla. R. Civ. P. 1.061); *see also Membreno*, 425 F.3d at 937.

*Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289-90 (11th Cir. 2009).

"In order to be available, the foreign court must be able to assert jurisdiction over the litigation sought to be transferred." Aldana, 578 F.3d at 1290. There is no issue as to Gainesville being available and able to assert jurisdiction; it already had jurisdiction.

"As for adequacy, we have observed that it is only in 'rare circumstances' where 'the remedy offered by the other forum is clearly unsatisfactory,' that the alternative forum may be regarded as inadequate. *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001) (quotation marks omitted). 'The alternative forum prong of the analysis generally will be satisfied when the defendant is amenable to process in the other jurisdiction.' Id. at 1282 (quotation marks omitted)." Aldana, 578 F.3d at 1290. There is no issue as to adequacy of the Gainesville courthouse.

"In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court outlined the relevant public and private interest factors. In considering the private interests, the Court listed these: Important considerations are the relative ease of access to sources of proof; of availability of compulsory process for attendance of unwilling, and the cost of obtaining

3

attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that at make trial of a case easy, expeditious in and inexpensive. There may also be a questions as to the enforceability of a judgment if one is obtained. Id. at 508, 67 S.Ct. 839. We have continued to recite the same list of private interests ever since Gilbert. See, e.g., Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1356 (11th Cir. 2008)."

*Aldana*, 578 F.3d at 1292.

The private interest factors being so heavily in favor of transfer, there is no consideration necessary of public interest factors. "It is only when the private interest factors are 'at or near equipoise' that a district court is obliged to consider the public interests at stake in a suit." Id. at 1299. In any event, there is no public interest in this matter continuing to proceed in Pensacola, let alone one that overrides the private considerations of the accessibility to court for the parties and witnesses. The public interest in this matter is in Levy County. It is likely nobody in Pensacola is even aware of the case.

Finally, there is no issue with respect to being able to "reinstitute the case" because transfer would not be a dismissal.

**<u>Every factor for intra-district transfers favors transfer to Gainesville.</u>**

The decision of the Northern District of Florida in *Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1206-08 (N.D. Fla. 2020) thoroughly discusses intra-district transfers such as that sought in the present motion:

> "When addressing opposed motions for an intra-district transfer, courts analyze such motion using the applicable factors relevant to inter-district transfers pursuant to 28 U.S.C. § 1404(a). *Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 643 (W.D. Penn. 2014) ; *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214-15 (S.D. Ohio 1989) ; *see generally Steshenko v. McKay*, 735 F. App'x 298, 301 (9th Cir. 2018). Section 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).
>
> "Because an intra-district transfer generally has milder ramifications than transfer to another district, courts are less rigorous in applying the section 1404(a) analysis. *K.B. by T.B. v. Mich. Dep't of Health & Human Servs.*, 367 F. Supp. 3d 647, 654 (E.D. Mich. 2019). "Section 1404(a) ... exists to make venue convenient" for parties, witnesses, and the courts. *Ferens v. John Deere Co.*, 494 U.S. 516, 528, 110 S. Ct. 1274, 1282, 108 L.Ed.2d 443 (1990). It "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L.Ed.2d 945 (1964). Section 1404(a) is designed to minimize the cost—in "time, energy and money"—that may result from litigating an action in an inconvenient forum. *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 80 S. Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960).
>
> "In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice) ...." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). As the Supreme Court has stated, a "district court considering a § 1404(a) motion ... must evaluate both the convenience of the parties and various public-interest

5

considerations." *Atlantic Marine Constr. Co., Inc.* , 571 U.S. at 62, 134 S. Ct. at 581 ; *Stewart Org.* , 487 U.S. at 29, 108 S. Ct. at 2244 ("A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors."); *In re Apple, Inc.* , 602 F.3d 909, 912 (8th Cir. 2010) (stating that "district courts should weigh 'any case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted"). "The three statutory factors—convenience of parties, convenience of witnesses, and the interest of justice—are broad generalities that take on a variety of meanings in the context of specific cases." 15 WRIGHT , ET AL. , FEDERAL PRACTICE AND PROCEDURE § 3847, at 129.

To the extent they are relevant to a particular case, courts typically consider at least the following public and private factors:

(1) the convenience of the witnesses;
(2) the location of relevant documents and the relative ease of access to sources of proof;
(3) the convenience of the parties;
(4) the locus of operative facts;
(5) the availability of process to compel the attendance of unwilling witnesses;
(6) the relative means of the parties;
(7) a forum's familiarity with the governing law;
(8) the weight accorded a plaintiff's choice of forum; and
(9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Atlantic Marine Constr. Co., Inc.* , 571 U.S. at 62 n.6, 134 S. Ct. at 581 n.6 ; *Piper Aircraft Co. v. Reyno* , 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 258 n.6, 70 L.Ed.2d 419 (1981) ; *Manuel v. Convergys Corp.* , 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citations omitted); *see generally Gulf Oil Corp. v. Gilbert* , 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L.Ed. 1055 (1947).

*******

Convenience of Witnesses

As explained in *Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1208-10 (N.D. Fla. 2020):

Section 1404 was designed to protect witnesses, among others, "against unnecessary inconvenience and expense ...." *Cont'l Grain Co.*, 364 U.S. at 27, 80 S. Ct. at 1475 ; *see Ferens*, 494 U.S. at 529, 110 S. Ct. at 1283 (" Section 1404(a) also exists for the benefit of the witnesses ...."). Courts have repeatedly recognized "the key role of the testimony of witnesses in the judicial process." *United States v. Nixon*, 418 U.S. 683, 710 n.18, 94 S. Ct. 3090, 3108 n.18, 41 L.Ed.2d 1039 (1974). Because witnesses typically are essential to establishing a claim or defense, and they frequently have nothing to gain from testifying, courts carefully consider the convenience of witnesses in analyzing a motion to transfer. Indeed, various courts have identified the convenience of the witnesses as the most important factor in the section 404(a) analysis. *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."); *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) ("The convenience of the witnesses is probably the single most important factor in a transfer analysis."); *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006) ("The convenience of the witnesses is probably the single most important factor in transfer analysis."). Accordingly, a party seeking to transfer venue "must make a specific showing of inconveniences to witnesses to support transfer." *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1263 (N.D. Fla. 2019) ; *Elec. Transaction Network v. Katz*, 734 F. Supp. 492, 501-02 (N.D. Ga. 1989) ("The most important factor under § 1404(a) is the convenience of witnesses, and the moving party must make a specific showing of inconvenience to witnesses.").

All of the Florida-listed witnesses in the plaintiff's initial disclosures reside in one of the following towns in Levy County: Otter Creek (7 witnesses), Trenton (5 witnesses), Bronson (2 witnesses), Chiefland (3 witnesses), Gainesville (2 witnesses). The custodian of record of Levy County is also listed. No in-state witnesses are listed with addresses anywhere within five hours of Pensacola. All of the Levy County witnesses live less than one hour from Gainesville. These

include all of the putative defendants named in the pending amended complaint except the undersigned, and David Helm who is from Michigan.

Of the remaining witnesses listed in the plaintiff's initial disclosures, the few with listed addresses are from out of state. None of the 52 witnesses listed have addresses anywhere in proximity to Pensacola. The undersigned emailed one of the plaintiff's witnesses, Shara Wolf, specifically to inquire which location would be more convenient as an out-of-state witness, and Ms. Wolf response to the undersigned was, "Isn't Gainesville most convenient for everyone for those who can travel? Seems so."

<u>Convenience of Parties</u>

"In assessing the propriety of a transfer to another district or division, courts also should consider the convenience of the parties. *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.* , <u>522 F.3d 271, 275</u> (2d Cir. 2008). This factor concerns, among other things, the "appearance of employees at court, and, to some extent, the appearance of counsel." *Trinity Christian Ctr. of Santa Ana, Inc.* , 761 F. Supp. 2d at 1328."

*Combs v. Fla. Dep't of Corr.*, <u>461 F. Supp. 3d 1203, 1211</u> (N.D. Fla. 2020).

The parties themselves are in the same geographic disparity between Pensacola and Gainesville. The defendants are of extremely limited means and care for a special-needs child, for whom traveling would be especially detrimental and whose care requires her mother's constant personal attention. They are effectively precluded from attending and following the very court proceedings in

8

which they are named as defendants.  The defendants wished to attend the deposition of the plaintiff on December 19 in the Pensacola U.S. District Courthouse, but could not.  For the same reasons, they would be unable to attend *any* proceedings in Pensacola.  If the case reaches trial it would impose tremendous hardship and financial burden on the defendants to have to travel and remain in Pensacola for an extended period, if not multiple trips.

Although the undersigned may need to travel to Gainesville, this is a much more convenient destination to reach from Boston than Pensacola.  Furthermore, Gainesville is 3x larger than Pensacola and as such the undersigned will be more likely to be able to find and retain local counsel for proceedings there.  In fact, the undersigned is in discussions with both a Gainesville firm and a Jacksonville solo attorney, but their potential involvement would hinge on proceedings being transferred to Gainesville (and not any other location in the Northern District of Florida).  It is therefore not only a matter of convenience but actually is likely to determine whether the defendants can expect to engage local counsel to help represent them in this litigation.

### Location of Operative Facts

"'The location of operative facts underlying a claim is a key factor in determining a motion to transfer venue.' " *Harvard* , 408 F. Supp. 3d at 1262 (quoting *Nat'l Tr. Ins. Co.* , 223 F. Supp. 3d at 1245 ); *Starr Indem. & Liab. Co. v. Brightstar Corp.* , 324 F. Supp. 3d 421, 435 (S.D.N.Y. 2018) ("The locus of operative facts is a primary factor in determining whether to transfer venue.") (citation omitted). "To determine the locus of operative facts, courts look to where

the events from which the claim arises occurred." *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 268 (D. Conn. 2012) (internal quotation marks omitted).

*Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1211 (N.D. Fla. 2020).

The events in this litigation occurred in Levy County. The defamatory roadside signs were posted in Levy County. The alleged extortion of the plaintiff by the defendants occurred in Levy County. There is no connection whatsoever to any of the operative facts to Pensacola.

Availability of process to compel attendance of unwilling witnesses

"A court also must consider whether one venue affords a party the ability to compel unwilling witnesses to testify." *Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1213 (N.D. Fla. 2020).

FRCP 45(c) provides:

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

None of the witnesses listed in the plaintiff's initial disclosures could be compelled to travel and attend trial in Pensacola because all live more than 100 miles away. Nor could they be commanded to appear merely because they reside in the state of Florida, as it would cause witnesses to incur substantial

10

expense to have to travel five hours, stay overnight, etc.  If  proceedings are in Gainesville, the 100-mile rule enables compelling attendance by subpoena.

Relative Means of the Parties

"Courts also should consider the relative means—including the financial means—of the parties. *Hernandez v. Graebel Van Lines* , 761 F. Supp. 983, 989 (E.D.N.Y. 1991) ("[W]here a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the court may also consider the relative means of the parties in determining whether to transfer."); *Vaughn v. Am. Basketball Ass'n* , 419 F. Supp. 1274, 1277 (S.D.N.Y. 1976) (noting that courts should consider the "relative financial hardship on the litigants" in litigating in competing fora). Plaintiff asserts that the relative means of the parties favor transfer because the Plaintiff is indigent and incarcerated whereas the FDC is a state agency with a $2.4 billion annual budget and Centurion is a large corporation. (Doc. 49 at 9). Defendants, however, argue that these facts do not make Tallahassee the more convenient forum insofar as Plaintiff currently is incarcerated in the Okaloosa Correctional Institution, which is located in the *Pensacola Division.*

*Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1213 (N.D. Fla. 2020).

Not only is the financial disparity between the plaintiff and the defendants glaring, but the plaintiff has declared publicly that his purpose in filing this lawsuit is to cause financial hardship, not to prevail on the merits.  See Exhibit A.  The defendants are indigent, and travel imposes a disproportionate burden on them and is detrimental for their special-needs child.

11

<u>The weight accorded a plaintiff's choice of forum</u>

The plaintiff chose Gainesville to file his lawsuit. If he opposes transfer there, it is not for any reason that Pensacola is somehow more convenient, but to maximize the burden and expense for the defendants (should transfer be denied), or at least for their undersigned counsel (by being forced to prepare the present motion rather than the plaintiff consenting under 28 USC 1404(b)). He admitted publicly that this is his purpose for litigating. See Exhibit A.

<u>Forum's familiarity with governing law</u>

This factor obviously does not weigh against transfer.

<u>Trial efficiency and the interests of justice</u>

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc.*, 626 F.3d at 978. In analyzing this factor, courts consider: (1) where the action is more likely to be expeditiously and efficiently litigated; (2) judicial economy and docket congestion in the competing districts or divisions; (3) each party's ability to enforce a judgment; (4) whether transfer would allow for a consolidation of litigation; (5) the relationship of each community to the controversy; and (6) any obstacles to a fair trial that the parties may encounter in the competing venues. *Id.* ; *Terra Int'l, Inc. v. Miss. Chem. Corp.* , 119 F.3d 688, 696 (8th Cir. 1997) ; *Heller Fin., Inc. v. Midwhey Powder Co., Inc.* , 883 F.2d 1286, 1293 (7th Cir. 1989). Because the "interest of justice" factor is a distinct component of the § 1404(a) analysis, it "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a

12

different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986).

*Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d at 1215-16 (N.D. Fla. 2020).

All of these factors weigh in favor of transfer. The action would be more efficiently and expeditiously litigated in Gainesville, to where all parties, witnesses and counsel are in close proximity thus avoiding all of the issues with requiring parties, witnesses and counsel to travel five-plus hours to attend court proceedings in Pensacola. There is no issue of judicial economy or docket congestion that could justify the incredible burden and inconvenience of holding proceedings so far away from where all parties, witnesses and counsel reside. There is no issue of enforceability of judgment connected to either location.

There is a stark contrast in the "relationship of each community to the controversy" favoring transfer: Pensacola has no connection whatsoever to any of the events or people involved, whereas all of the events and people involved are in Levy County, less than an hour from Gainesville which is the closest federal courthouse for all of them.

Finally, the defendants would encounter significant obstacles to a fair trial in Pensacola, because given their limited means and the distance, and their care for a special-needs child, just being able to attend trial is a major financial and logistical burden. They are prejudiced by being unable to attend any pretrial proceedings to follow the case.

**There has been no waiver of right to seek transfer.**

The defendants have not waived their right to seek transfer by litigating thus far as the case has been in Pensacola.  See Williams v. 3rd Home Ltd., Case No: 8:20-cv-1647-CEH-JSS (M.D. Fla,, Tampa Division, Mar 4, 2021) ("Plaintiffs additionally argue Defendants waived their right to seek a transfer of venue. It is unlikely Defendants have waived a challenge based on forum non conveniens grounds. See 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3828 (3d ed. 2008) ('In modern litigation, there is generally no time limit on when a motion to dismiss for forum non conveniens must be made, which differentiates it from the time limits on a motion to dismiss for improper venue set out in Rule 12(h)….')."

Nor has there been any waiver by virtue of agreeing to a magistrate.  As explained in *Jones Real Estate, Inc. v. Avatel Techs., Inc.*, Case No. 17-23933-CIV-O'SULLIVAN (S.D. Fla. Mar. 1, 2018):

> "The plaintiff argues that CIT Group as well as the other parties to the case consented to magistrate judge jurisdiction and did not consent to the reassignment to any other or successor magistrate judge. The plaintiff fails to cite any case law to support its position that a consent to magistrate judge jurisdiction precludes a party from filing a motion to transfer venue. CIT Group argues that the plaintiff's waiver argument lacks merit and relies on Jaramillo v. Dineequity, Inc., 664 F. Supp. 2d 908, 917 (N.D. Ill. 2009). In Jaramillo, the court explained that "a defendant does not waive the right to request a transfer of venue under 28 U.S.C. § 1404(a) by consenting to the jurisdiction of a magistrate judge to decide the case." Id. Like the plaintiffs in Jaramillo, in the present case the plaintiff "misunderstand[s] the effect of consenting to this Court's jurisdiction under 28 U.S.C. § 636(c)(1)." Id. The Jaramillo court explained further that "[t]he parties have only consented that a magistrate judge, not a district judge,

will decide all motions brought before the court-including this motion to transfer venue." Id. Like the defendants in Jaramillo, "[t]he consent to a magistrate judge does not prevent [the] defendant[] from seeking to transfer this case...." Id.

### **The plaintiff's position on transfer**

In response to the undersigned's email[1] asking if the plaintiff would consent to a motion under 28 USC 1404, the plaintiff's counsel wrote: "I told you why I object. This is another reason as it appears the case is still in the Gainesville division. You're moving to 'transfer' a case that's already still in the Gainesville division. You're also doing it not for purposes of convenience of witnesses - as many witnesses are not going to be from Florida - and it doesn't matter whether they fly to Pensacola or Gainesville. What you are doing is a thinly-veiled attempt to remove the magistrate. This will be brought out and fleshed out in detail in our reply along with a rule 11 motion for sanctions, and possibly even a count against you for abuse of process."

### **Conclusion**

Every factor weighs clearly and heavily in favor of transferring all proceedings to Gainesville.  Most fundamentally, all witnesses and parties live <1 hour from Gainesville and >5 hours from Pensacola, the difference between same-day and overnight travel for any and all court proceedings.  All of the

---

[1] Plaintiff's counsel adamantly refuses any phone communication (including any additional calls in furtherance of narrowing issues raised in the plaintiff's Motion to Compel).

15

events occurred in Levy County, and there is no connection whatsoever of any of the parties, witnesses or events to Pensacola.

The defendants would be unable to attend any of the future court proceedings unless they are held in Gainesville.

There is no need for a hearing on this motion as the court could transfer *sua sponte* under 28 USC 1404(a).  See *James v. Lake County Sheriffs Office*, 4:08CV263-WS/AK (N.D. Florida, Tallahassee Division, Jul 2, 2008) (magistrate *sua sponte* recommended transfer under 28 USC 1404(a)).  All relevant factors weigh in favor of transfer.

>
> Defendants Preston and Cook,
>
> by:
>
> */s/ Bruce Matzkin*, pro hac vice
>
> 51 Pleasant Street, # 72
> Malden, MA 02148
> 857-242-8614
> Bruce@Matzkinlaw.llc

### Certification of Compliance With Local Rule 7.1(B)

The undersigned certifies complaince with the attorney-conference requirement of Local Rule 7.1(B).  Counsel for the plaintiff would not consent to transfer, necessitating the present motion.

*/s/ Bruce Matzkin*

## **CERTIFICATION OF SERVICE**

I hereby certify that on January 14, 2025, a copy of this motion was emailed to counsel of record for the plaintiff:

Randall Shochet, Esq
Shochet Law Group
Attorneys for Jeremy B. Hales
409 N. Main Street Trenton, FL 32693
rshochet@shochetlaw.com
info@shochetlaw.com


*/s/ Bruce Matzkin*

# Exhibit A

```
 1                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF FLORIDA
 2

 3   JEREMY B. HALES,              :
                                   :
 4        Plaintiff,               :
                                   :
 5   v.                            :    Civil Action No.:
                                   :    1:24-CV-00045-AW-ZCB
 6                                 :
     LYNETTE MICHELLE LACEY        :
 7   ALEXIS PRESTON                :
     and                           :
 8   JOHN COOK,                    :
                                   :
 9        Defendants.              :
     _____
10

11                 DEPOSITION OF JEREMY B. HALES
                             VOLUME II
12

13   TAKEN ON BEHALF OF:      Defendants

14   DATE:                    December 19, 2024

15   TIME:                    10:08 a.m. - 12:39 p.m.

16   PLACE:                   U.S. District Court
                              1 North Palafox Street
17                            Pensacola, FL  32502

18   REPORTED BY:             Liz Reyes, FPR-C
                              Notary Public
19                            State of Florida at Large

20

21

22

23

24

25
```

1   102, please.
2            (Defendants' Exhibit 102 was marked for
3   identification.)
4   BY MR. MATZKIN:
5        Q    Exhibit 102, could you read the -- out
6   loud -- the text beginning with "our haters" and
7   skipping the time stamp.
8        A    "Our haters can't stop talking about us
9   even when they have legal documents in their hands."
10  Even when they.
11       Q    Continue.
12       A    Know they're going to be sued even though
13  they know they're going to lose everything in a lawsuit
14  because a lawsuit isn't -- isn't to win a lawsuit.  It's
15  to make you spend all your money on a lawyer and
16  bankrupt you.  That's what -- that's what the win is.  I
17  could care less if I win in court.  If I win in court
18  situation, my goal is to make sure you have no money.
19  That is the goal of the lawsuit and what they do.
20  They -- what do they keep doing talking about us?
21       Q    Okay.  Now, I created this exhibit from
22  May 21st, 2023, What the Hales live stream of which the
23  link appears.  Do you doubt the accuracy of my cutting
24  and pasting of what you said on that date?
25       A    I do doubt it because I speak in complete