UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                                 Case No.: 1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.
_____/

## **ORDER**

This matter is before the Court on Defendants' "Motion to Transfer Pursuant to 28 USC 1404(a)." (Doc. 54). No response by Plaintiff is necessary. In the motion, Defendants ask the Court to transfer this case to the Gainesville Division. There is no merit to that request because—as reflected in the case caption above—this case is already in the Gainesville Division and has been since the day it was filed. If there is a trial in this matter, then it will be held in the federal courthouse in Gainesville with the undersigned presiding.[1]

---

[1] Pretrial hearings will not necessarily occur in Gainesville. Nor does any party have a right to have a hearing (or even a trial) held in a particular division within a judicial district. *See United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984) (recognizing that "there is no constitutional right to trial within a division" of a judicial district). The Court will, however, consider holding pretrial hearings in Gainesville

Although the undersigned's chambers may be in Pensacola, judges in the Northern District of Florida are assigned civil cases districtwide and are not limited to a particular division. As the standing case assignment order reflects, the undersigned is assigned to 25% of all civil cases filed in the Gainesville Division. (*See* Doc. 406, 4:95mc40111). And this case is one of the 25%.

For the reasons above, Defendants' motion (Doc. 54) is **DENIED**.[2]

**IT IS SO ORDERED**. This the 15th day of January 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

upon request of the parties.

[2] Defendants' motion indicates (Doc. 54 at 15 n.1) that Plaintiff's counsel has refused to confer over the telephone in an effort to narrow the issues raised in a pending motion to compel. That had better not be the case, considering that the Court has specifically ordered counsel to confer by telephone regarding the issues raised in the motion to compel. (Doc. 53 at 2) ("The Court, therefore, **ORDERS** the parties to confer telephonically or in person regarding the issues raised in Plaintiff's motion to compel (Doc. 52).").