UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
        Plaintiff,

vs.                                    Case No.:  1:24cv45/ZCB

JOHN COOK, et al.,
        Defendants.
_____/

## ORDER

Plaintiff has sued Defendants for defamation, violating Florida's RICO statute, and tortious interference with business relationships.  (Doc. 1).  Defendants have moved to dismiss the RICO claims (Counts 3 and 4) and the tortious interference with business relationships claims (Counts 5 and 6).  (Docs. 17, 18).  Plaintiff has responded in opposition.  (Doc. 22).  For the reasons below, Defendants' motion will be granted in part and denied in part.

## I.      Plaintiff's Factual Allegations[1]

According to the complaint, Plaintiff is a social media personality with approximately 700,000 followers on YouTube.  Some of those followers pay

_____

[1] At this stage, the Court assumes the allegations are true.  *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022).

for premium access to Plaintiff's content.  In December of 2020, Plaintiff bought property in Levy County, Florida.  The complaint alleges that Defendants—who were at the time fans of Plaintiff—purchased property near his in October of 2021.

Between December of 2021 and February of 2023, Defendants allegedly created Facebook pages seeking donations to fund Defendant Preston's non-profit tortoise rescue.  During that same time, Defendant Preston would occasionally ask Plaintiff for free merchandise and for help paying bills.  In February of 2023, Defendant Preston allegedly asked to attend one of Plaintiff's fee-based "meet and greet" events free of charge. Plaintiff agreed.  But Plaintiff rejected Defendant Preston's request to place a donation box for her tortoise rescue at the event.  This is when things allegedly went off the rails.

After being denied the ability to seek donations from Plaintiff's fanbase, Defendants Preston and Cook allegedly "maliciously beg[an] threatening to do injury" to Plaintiff's reputation.  (Doc. 1 at 5).  More specifically, the complaint alleges that Defendants Preston and Cook posted defamatory statements on social media about Plaintiff.  It is further alleged that in May of 2023, Defendant Cook pulled a gun and threatened that if Plaintiff "move[d] one step further, he will see something 'go bang.'"  (*Id.* at

2

6). Plaintiff further claims that Defendant Cook "maliciously threatened to do injury" to Plaintiff's reputation, "to extort a pecuniary advantage," and "publicly stated (falsely) on Facebook that [Plaintiff's] fiancé had oral sex with [Defendant Cook]" and that there were photos of this act. (*Id.*).

According to the complaint, in May of 2023 Defendant Preston posted signs near Plaintiff's property that falsely accused Plaintiff of being a "child rapist" who had "raped my daughter." (*Id.*). On May 23, 2023, an attorney for Plaintiff sent a cease-and-desist letter to Defendants demanding that they stop the alleged defamation. In July of 2023, Defendant Preston allegedly posted on social media that "[Defendant Cook] posted the signs, not [Preston]." (*Id.* at 7). Plaintiff claims that Defendants' defamatory statements persuaded some of Plaintiff's customers to stop supporting his social media business and, therefore, caused him to suffer damages.

The complaint asserts six claims for relief. In the first and second claims, Plaintiff alleges Defendants are liable for defamation. In the third and fourth claims, Plaintiff alleges that Defendants violated Florida's RICO statute. And in the fifth and sixth claims, Plaintiff alleges that Defendants tortiously interfered with his business relationships. Plaintiff seeks damages, attorneys' fees, and costs.

## II.    Motion to Dismiss Standard

Defendants have moved to dismiss Counts 3, 4, 5, and 6 under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).  At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff. *Chabad Chayil, Inc.*, 48 F.4th at 1229.

### III.    Discussion

**A. The complaint fails to plausibly allege a violation of Florida's RICO statute in Counts 3 and 4.**

Defendants first argue that Plaintiff has not plausibly alleged violations of Florida's RICO statute in Counts 3 and 4.  The Court agrees.

Florida's civil RICO statute, Fla. Sta. § 772.103, is intended "to punish, through civil penalties, actions which are ongoing and criminal in nature." *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 501 (Fla. 3d DCA 1994).  The statute makes it unlawful for any person "[e]mployed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity . . . ." Fla. Stat. § 772.103(3).  To establish a RICO violation, a plaintiff must prove the following: "(1) conduct or participation in an enterprise; through (2) a pattern of racketeering activity." *Doorbal v. State*, 983 So. 2d 464, 492 (Fla. 2008).  A "pattern of racketeering activity" is present if "the defendant engaged in at least two predicate acts that have the same or similar intents, results, accomplices, victims, or methods of commission." *de la Osa v. State*, 158 So. 3d 712, 726 (Fla. 4th DCA 2015).

Plaintiff has failed to plausibly allege that Defendants committed at least two predicate acts as required to establish a pattern of racketeering activity. To plausibly allege a predicate act, a plaintiff must state facts sufficient to support each of the predicate act's statutory elements. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). Here, the predicate act identified in the complaint is extortion under Fla. Stat. § 836.05. Extortion is a predicate act under Florida's RICO statute. *See* Fla. Stat. § 772.102(1)(a)(26) (identifying extortion in violation of Fla. Stat. § 836.05 as "criminal activity" for purposes of the RICO statute). But, has Plaintiff plausibly alleged that Defendants' conduct satisfied the elements of extortion? He has not, for the following reasons.

Florida's extortion statute prohibits (1) utterances or communications; (2) that maliciously threaten; (3) to injure another's person, property, or reputation; (4) with the intent to extort money or compel a person against his will to act or not to act. *See Carricarte v. State*, 384 So. 2d 1261, 1263 (Fla. 1980); *see also* Fla. Pattern Criminal Jury Instructions, Chapter 8, § 8.23. Thus, the essence of extortion is "a showing of a threat made maliciously and accompanied by a demand for money or

6

other pecuniary advantage." *Alonso v. State*, 447 So.2d 1029, 1030 (Fla. 4th DCA 1984).

Looking at the complaint, Plaintiff has failed to plausibly allege that Defendants' conduct satisfied the elements of extortion.  Allegedly lying about owning property, soliciting donations, and asking for free stuff from Plaintiff does not constitute extortion.  Similarly, allegedly making false and embarrassing statements about Plaintiff does not constitute extortion. Although Plaintiff has alleged that Defendant Cook pointed a gun at him and threatened his life, the complaint has not plausibly alleged that this threat was accompanied by the intent to obtain money or coerce action[2] as opposed to the intent to scare or the intent to express hatred.  The same is true with the respect to Defendant Cook allegedly saying that he had oral sex with Plaintiff's fiancé and has pictures to prove it.  The complaint does

---

[2] For example, it is not alleged that Defendant Cook pointed a gun at Plaintiff and said, "if you don't let us collect donations at your events, then I will shoot you," or "I will shoot you unless you stop posting videos on YouTube."  Instead, what is alleged is a threat that is not connected to any facts showing an intent to obtain a pecuniary advantage or to coerce a particular action.  *See Alonso*, 447 So. 2d at 1030 ("The extortionist must intend to damage the victim by coercing him to take some action, such as the payment of money, against his will."); *see also Tomlinson v. State*, 322 So. 3d 212, 215 (Fla. 3d DCA 2021) ("In an extortion case, the defendant is driven by greed, not hatred.").  Defendant Cook's alleged conduct may have been criminal (i.e., assault), but it was not extortion.

not plausibly allege that this vulgar statement was a threat made with the intent to obtain money or to coerce the performance of an act.[3]  Similarly, the allegations that Defendants posted signs falsely identifying Plaintiff as a "child rapist" are insufficient to state a plausible claim of extortion.  The complaint fails to plausibly allege that these signs contained threats that were made with the intent to obtain money or to coerce the performance of an act.[4]

Although Plaintiff's complaint recites the language found in the extortion statute, a "party does not properly allege a cause of action [for extortion] by alleging in conclusive form, which tracks the language of the statute, acts which lack factual allegations and merely state bare legal conclusions." *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 501 (Fla. 4th DCA 1994) (finding that RICO claim should have been dismissed

---

[3] For example, it is not alleged that Defendant Cook said, "you will give me $1,000 or else I will release photographs of your fiancé giving me oral sex," or "I will tell everyone that your fiancé gave me oral sex and that I have pictures to prove it unless you move out of Levy County."  Unlike these examples, in this case there are no facts alleged that connect Defendant Cook's vulgar statements to a threat made with the intent to obtain money or to coerce action.

[4] For example, it is not alleged that Defendants told Plaintiff "if you don't let us solicit donations at your events, then we will post signs claiming you are a child rapist."  Nor is it alleged that Defendants posted signs that said, "Jeremy Hales is a child rapist, and we will continue to post signs like this unless he shuts down his YouTube channel."

for failure to state a claim); *see also Iqbal*, 556 U.S. at 678 (stating that a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do") (cleaned up).  Because Plaintiff's complaint fails to plausibly allege two predicate acts committed by Defendants, the allegations are legally insufficient to state a RICO claim under Fla. Stat. § 772.103.  Thus, Counts 3 and 4 of the complaint will be dismissed.

### B. The complaint plausibly alleges tortious interference with business relationships in Counts 5 and 6.

Defendants also seek dismissal of Counts 5 and 6 of the complaint, which allege tortious interference with business relationships.  In their motion, Defendants argue that Plaintiff has failed to plausibly allege sufficient facts on each of the elements of a tortious interference claim. (Doc. 18 at 5).  The Court disagrees.

The elements of a tortious interference with business relationships claim under Florida law are: "(1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the

relationship." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

Looking to the first element, Plaintiff has alleged that he operates a social media business and has business relationships with the subscribers who pay monthly fees for "premium" access to his content. (Doc. 1 at 2). Although Defendants are correct that to prevail on a tortious interference claim, Plaintiff must show a relationship with a particular individual or entity as opposed to a mere relationship with the general community, for purposes of the motion to dismiss Plaintiff has "alleged sufficient facts to infer that this cause of action is based on more than a general business loss of Plaintiff's relationship with the public at large." *Maxi-Taxi of Fla., Inc. v. Lee Cnty. Port Auth.*, No. 2:07-CV-82, 2008 WL 11430005, at *7 (M.D. Fla. Mar. 31, 2008) (denying motion to dismiss where the plaintiff alleged a business relationship with "their customers," which was sufficient to "suggest that there were ongoing business relationships with specific customers").[5]

---

[5] The Court would note that this is a close call. The Court believes—consistent with *Maxi-Taxi of Fla.*—that Plaintiff has alleged just enough to survive Defendants' motion to dismiss on Counts 5 and 6. But to avoid summary judgment, Plaintiff "will have to offer evidence of a business relationship with an actual and identifiable customer of which Defendant[s] had knowledge," *Maxi-Taxi of Fla.*, 2008 WL 1143005, at *7, and whose

As for the second element, Plaintiff has sufficiently alleged that Defendants knew that Plaintiff maintained business relationships with his subscribers. According to the complaint, Defendants were followers of Plaintiff's social media business. (Doc. 1 at 2-4). Moreover, the complaint alleges that Defendant Preston attended an event where Plaintiff's fans paid money to meet him. (*Id*. at 5). There is also an allegation that Defendant Preston asked Plaintiff for a list of people who financially supported Plaintiff's business. (*Id*. at 8). Based on these allegations, Plaintiff has plausibly alleged that Defendants knew Plaintiff had a business relationship with his subscribers. *See Maxi-Taxi of Fla., Inc.*, 2008 WL 11430005, at *7 (finding that allegations regarding the defendant's knowledge of a business relationship were sufficient to survive a motion to dismiss); *see also Woodard-CM, LLC v. Sunlord Leisure Prods., Inc.*, No. 20-23104, 2022 WL 890065, at *7 (S.D. Fla. Feb. 11, 2022) (explaining that "general assertions of knowledge and allegations of the interference in the complaint were sufficient to plead a tortious interference claim").

---

relationship with Plaintiff they intentionally interfered. The Court is somewhat skeptical that Plaintiff will be able to offer such evidence, but the Court believes the allegations—when accepted as true and with all reasonable inferences drawn in Plaintiff's favor—are sufficient for the tortious interference claims to proceed to the next stage of this litigation.

Moving to the third and fourth elements, Plaintiff has sufficiently alleged that Defendants intentionally interfered with his business relationships and damage resulted. According to the complaint, Defendants Preston and Cook intentionally made false statements about Plaintiff in an attempt to persuade Plaintiff's subscribers to no longer support him. (Doc. 1 at 8). And the complaint alleges that Plaintiff's business has lost revenue because of Defendants' conduct. (Doc. 1 at 14-15, 8). When these allegations "are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff," the complaint has plausibly alleged the third and fourth elements of a tortious interference claim. *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). Because Plaintiff has plausibly alleged a tortious interference claim, the motion to dismiss Counts 5 and 6 will be denied.

## IV. Conclusion

For the reasons above, it is **ORDERED** that:

1. Defendants' motion to dismiss (Doc. 17) is **GRANTED in part** to the extent that Plaintiff's Florida RICO claims (Counts 3 and 4) are **DISMISSED**.

2.     Defendants' motion to dismiss (Doc. 17) is **DENIED in part** as to Plaintiff's claims for tortious interference with business relationships (Counts 5 and 6).

**SO ORDERED** this 30th day of January 2025.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge