UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                      Case No.:  1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.
_____/

# ORDER

Plaintiff has filed a Motion to Compel the Production of Documents. (Doc. 52).  Defendants have responded in opposition. (Doc. 59).  No hearing is necessary, and this matter is ripe for resolution.  For the reasons below, Plaintiff's motion to compel will be granted as to the three remaining disputed requests for production.[1]

## I.     Background

On November 12, 2024, Plaintiff served Defendants with requests for production of documents.  (Doc. 52-1).  Defendants responded on December 12, 2024, with a litany of objections.  (Doc. 52-2; Doc. 52-3).  Plaintiff has

---

[1] Defendants state in their response that seventeen of the twenty at-issue requests for production were resolved during the parties' meet and confer on January 9, 2025. (Doc. 59 at 1). Accordingly, Plaintiff's motion to compel is moot as to those seventeen requests for production.

1

now moved to compel, arguing that Defendants have wrongfully failed to produce the requested documents.

## II. Discussion

An examination of the objections made by Defendants reveals that they suffer from two flaws. First, Defendants' responses to Plaintiff's discovery requests begin with several pages of "General Objections." (Doc. 52-2 at 1-3; Doc. 52-3 at 1-3). It appears the "General Objections" were just cut and pasted into the response without much thought as to whether they actually applied here. Such "General Objections" violate the Local Rules and are improper. *See* N.D. Fla. Loc. R. 26.1(C) (stating that "an objection cannot be set out generally for an entire set of discovery requests"); *see also Otto Brands, LLC v. Otto's Express Car Wash, LLC*, No. 3:19cv572, 2020 WL 5845739, at *5 (N.D. Fla. Feb. 19, 2020) (recognizing that "General Objections" asserted to all discovery requests are improper). Thus, Defendants' "General Objections" are akin to no objection at all and fail to provide a basis for refusing to provide Plaintiff with the requested discovery.

Second, nearly all of Plaintiff's discovery requests were met with boilerplate objections by Defendants. More specifically, Defendants objected to virtually all the discovery requests as "overly broad, unduly

2

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence," "vague and/or ambiguous," "overly broad in scope and time," "lacks sufficient specificity to know what is demanded," "encompasses information and documents which are protected by the attorney-client privilege and/or work product privilege," and "seeks to impose duties beyond those arising under the Federal Rules of Civil Procedure." (*See* Doc. 52-2 at 7-8, 10-11; Doc. 52-3 at 7-8, 10-11).

Defendants' objections are improper. This "throw spaghetti against the wall and see what sticks" type of boilerplate objection has been consistently recognized as ineffective. *See Ellis v. Pilot Travel Centers LLC*, No. 4:19cv219/MW/CAS, 2019 WL 13198255, at *1 (N.D. Fla. Sept. 26, 2019) ("The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objection being raised at all and may constitute a waiver of the discovery being sought."); *see also Otto Brands*, 2020 WL 5845739, at *4 ("Objections which state that a discovery request is vague, overly broad, or unduly burdensome are, by themselves, meaningless, and are deemed without merit.") (cleaned up); *Nelson v. Corrections Corp. of Am.*, No. 5:05cv52, 2006 WL 8445235, at *1 (N.D. Fla. Jan. 6, 2006) ("Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be

borne by a party making an objection to an interrogatory or document request . . . .").

The prohibition on boilerplate objections is not new, and Defendants' counsel should have been aware of it when he drafted the objections in this case. The Court will not wade through the boilerplate and identify which, if any, of the litany of objections may actually apply to a particular discovery request. Thus, Defendants' boilerplate objections are akin to no objection at all and fail to provide a basis for refusing to comply with Plaintiff's discovery requests. Although Defendants have "attempted to provide specific objections in [their] response to Plaintiff's motion to compel," their attempt "is unavailing." *Ellis*, 2019 WL 13198255, at *1. As another court has explained, "the Court will not rely on . . . post hoc justifications for [a party's] boilerplate objections." *Lorenzano v. Sys., Inc.*, No. 6:17-cv-422, 2018 WL 3827635, at *3 (M.D. Fla. Jan. 24, 2018). Thus, "[t]o the extent [Defendants] tried to raise specific objections in [their] Response, the Court finds that [Defendants] waived these objections." *Id.*; *see also Nelson*, 2006 WL 8445235, at *3 ("The objections here were facially insufficient, and thus more specific objections that might have been made are now waived.").

4

Because Defendants' objections to the three discovery requests at issue suffer from the flaws identified above, those objections are overruled. Instead of lodging specific and well-reasoned objections in a manner that complied with the Federal Rules, the Local Rules, and the caselaw, Defendants haphazardly threw out generalized boilerplate objections. It is not the Court's job to figure out what specific objections could have, or should have, been made and then to rule as if those objections had been made. It is the Court's job to look at the objections that were made. And the objections that Defendants made in this case were improper. Thus, the Court will grant Plaintiff's motion to compel as to the three remaining at-issue requests for production—Request for Production Nos. 5, 11, and 12.

That does not completely end the matter, however, because Plaintiff's motion to compel requests an award of expenses. Under Rule 37(a)(5)(A), when the Court grants a motion to compel it "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A); *see also Batchelor v. Nationwide Mut. Ins. Co.*, 4:22cv81, 2022 WL 18586850, at *2 (N.D. Fla. Nov. 18, 2022) (stating that an award of attorney's fees is "mandatory" under Rule

5

37(a)(5)(A) unless one of the exceptions applies). But the Court should not order payment of expenses if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified, or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, the Court has determined that Plaintiff's motion to compel should be granted. But an award of expenses would be unjust under the circumstances. More specifically, the Court believes that Plaintiff's counsel does not have entirely clean hands. According to Defendants' response, in an email exchange regarding attempts to resolve some of the issues raised in the motion, Plaintiff's attorney responded: "I will never stipulate to anything that has **no basis in the jurisprudence of the world.** Please stop acting like you're not an attorney." (Doc. 59 at 2) (emphasis in original). That was an entirely unprofessional response. And it is emblematic of the petty bickering that has permeated this litigation. It further appears that Plaintiff's counsel failed to respond to an email sent by Defendants' counsel in an effort to resolve some of the issues raised in the motion to compel. (*Id.*). Just as the Court will not countenance the lodging of improper boilerplate objections to discovery requests by

6

Defendants' counsel, it will not reward Plaintiff's counsel for responding unprofessionally to attempts made by Defendants' counsel to resolve the issues raised in the motion to compel. *See* Fed. R. Civ. P. 37, 1970 Advisory Committee's Note to Subdivision (a)(4) (explaining that "the court retains the power to find that other circumstances make an award of expenses unjust—as where the prevailing party also acted unjustifiably"). Accordingly, the Court finds it would be unjust under the circumstances to order Defendants to pay Plaintiff's expenses.

For the reasons above, it is **ORDERED** that:

1. Plaintiff's Motion to Compel the Production of Documents (Doc. 52) is **GRANTED in part** to the extent that Defendants must, within **fourteen days** of this order, produce to Plaintiff any non-privileged documents within their possession, custody, or control that are responsive to Plaintiff's Requests for Production Nos. 5, 11, and 12.

2. Plaintiff's Motion to Compel the Production of Documents (Doc. 52) is **DENIED in part as moot** regarding Plaintiff's Requests for Production that Defendants have responded to—Requests for Production Nos. 1-4, 6-10, 13-20.

**DONE AND ORDERED** this 5th day of February 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge