1  footnote two, there -- the answer is no, there is no
2  words you can point to that constitute a demand for
3  pecuniary advantage?
4        A    That is not what my response was.  My
5  response was --
6        Q    Within the paragraph, the words of the
7  paragraph, not referencing other context or totality of
8  anything, within paragraph 27 and footnote, two, are
9  there words you can now point to and read to us that you
10 claim constitutes a demand for pecuniary advantage?
11       A    Can you please stop interrupting me when
12 I'm answering the questions?
13            MR. MATZKIN:  He had to be.
14            THE COURT:  Okay.  I think you have the
15 answer to your question.
16            MR. MATZKIN:  I appreciate it.  I'll move
17 on.
18 BY MR. MATZKIN:
19       Q    Thirty-one, please. Paragraph 31.  You
20 write, despite knowing -- the Complaint says:  Despite
21 knowing the falsity of their statements, Preston and
22 Cook used their defamatory statements to persuade Hales'
23 customers to stop supporting Hales.
24            Did I read that accurately?
25       A    Yes.

1      Q    The question is, apart from the statements
2  themselves, what did Preston and Cook do that you're
3  describing as, quote, using their defamatory statements
4  to persuade Hales' customers to stop supporting Hales?
5      A    Please rephrase your question.
6      Q    Yes.  Other than the actual statement
7  itself that they make and you reference here, what are
8  they doing to use those statements to persuade people to
9  not support you?
10     A    The statement of "Jeremy Hales raped my
11 daughter" is more than enough to persuade a customer not
12 to support me.  Nothing else needs to be said or done.
13     Q    Thank you.  Paragraph 32 -- strike that.
14 Paragraph 59.  So if we can flip ahead to page 11.  In
15 paragraph 59, you reference -- you say:  In two distinct
16 instances separated in time, Preston extorted Hales
17 within the meaning of Fla. Stat. 836.05.
18          And my question is, what are the two
19 instances?
20     A    I would not be able to answer that without
21 referring to my attorney, because I don't know what the
22 Florida statute is, and he drafted this.
23     Q    Let me rephrase.  What two instances can
24 you point to where Preston demanded pecuniary advantage
25 from you on threat of something?  Give me something or