UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **JEREMY B. HALES,** | : | Civil Action No.: |
| | : | 1:24-CV-00045-AW-ZCB |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **LYNETTE MICHELLE LACEY ALEXIS PRESTON** | : | |
| and | : | |
| **JOHN COOK,** | : | |
| | : | |
| **Defendants** | : | |

**Defendants' Conditional Request Under FRCP 41(a)(2) for Order Dismissing Counterclaims if Plaintiff's Action Is Dismissed on 12(b)(1)**

The defendants conditionally request an order under FRCP 41(a)(2) dismissing their counterclaims without prejudice *in the event the Court grants the defendants' currently pending motion to dismiss the plaintiff's lawsuit under FRCP 12(b)(1)*. If the Court denies the 12(b)(1) motion, this request is nullity.

This conditional request is filed prospectively so the Court can know in advance that should it grant dismissal of the plaintiff's action, it may concomitantly dismiss the counterclaims under Rule 41(a)(2).

Currently pending (Doc. # 67) is a FRCP 12(b)(1) motion to dismiss the plaintiff's action on the grounds that (1) the plaintiff invoked federal jurisdiction in bad faith and on flimsy basis by falsely labeling innocuous statements "extortion" in his Complaint so that treble damages and attorney fees would be considered as part of the minimum amount in controversy; and (2) the plaintiff interposed a false affidavit (Doc. # 8-1, paragraph 19) alleging non-existent "*online posts*

calling me a child predator" that were not alleged in the Complaint, specifically to influence the Court's exercise of jurisdiction in response to a 12(b)(1) motion.

The defendants' counterclaims were interposed with their Answers because it was and is unknown whether the Court will grant the pending 12(b)(1) motion. If the 12(b)(1) motion is denied and no counterclaims had been pled, it would prejudice the defendants' ability to add the counterclaims thereafter, given the scheduling order and the plaintiff's strategy to exploit every possible issue and proceeding for YouTube content[1] and – as he has admitted publicly and acknowledged in his December 19 deposition – to inflict financial hardship on his litigation opponents. See Doc. # 68-2 ("I could care less if I win in court. If I win in court situation, my goal is to make sure you have no money. That is the goal of the lawsuit.").

The defendants' Count One counterclaim was included also because the plaintiff has filed a lengthy opposition to the defendants' motion for an extension of time to disclose a purely-rebuttal expert, and it was and is unknown if the Court will grant that motion.

The defendants file this conditional request in good faith and candor, because they preferred and prefer _not_ to prosecute counterclaims in the present action but to file them in a separate action involving all of the defendants' (and

---

[1] Since filing this litigation the plaintiff has broadcast dozens of YouTube videos promoted as "FEDERAL COURT UPDATES", and these videos garner approximately 50% higher views than those involving routine "storage unit" content.

defendant Preston's young child's) causes of action against the plaintiff for using his YouTube platform to destroy their lives for entertainment and profit.

If the Court grants the pending 12(b)(1) motion thus dismissing the plaintiff's remaining claims, the defendants would ask for an Order as contemplated in Rule 41(a)(2),[2] which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The defendants propose the following:

## ORDER

In light of (a) dismissal of the plaintiff's action founded on diversity jurisdiction, and (b) the prejudice to the plaintiff of being required to pursue counterclaims in this action despite having not intended to do so unless the plaintiff's claims were not dismissed, the Court hereby Orders that the defendants' counterclaims are dismissed without prejudice under FRCP 41(a)(2).

---

[2] The defendants cannot dismiss Count Two counterclaim under 41(a)(1)(A)(i) because to do so would operate as an adjudication on the merits, since the claim under Fla. Stat. 540.08 was previously filed in state court and voluntarily withdrawn under Fla. Rule 1.420(a)(1) to be pursued in federal court.

Requesting dismissal under 41(a)(2) is necessary because the plaintiff's counsel did not respond to a request to stipulate (should the 12(b)(1) motion be granted on the plaintiff's action) to dismissal of the counterclaims without prejudice under Rule 41(a)(1)(A)(ii), further demonstrating the plaintiff's aim of protracting litigation and multiplying proceedings.

Defendant Cook and Preston,
by:

*/s/ Bruce Matzkin*, pro hac vice

51 Pleasant Street, # 72
Malden, MA 02148
857-242-8614
Bruce@Matzkinlaw.llc

**CERTIFICATION OF SERVICE**

I hereby certify that on February 10, 2025, a copy of this was emailed to counsel of record for the plaintiff:

Randall Shochet, Esq
Shochet Law Group
Attorneys for Jeremy B. Hales
409 N. Main Street Trenton, FL 32693
rshochet@shochetlaw.com

*/s/ Bruce Matzkin*

4