UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES,

    Plaintiff,

v.                                             Case No.:1:24-cv-00045-ZCB

LYNETTE MICHELLE
LACY ALEXIS PRESTON
and
JOHN COOK,

    Defendants.
_____/

### MEMORANDUM IN SUPPORT OF SUMMARYJUDGMENT ON COUNTERCLAIM FILED BY DEFENDANT PRESTON (Doc. 70)

Summary Judgment Standard

Where a defendant (or where, as here, counter-defendant) moves for summary judgment on an issue for which it would not bear the burden of proof at trial, it is not necessary for the defendant to entirely negate the plaintiff's claim. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115-16 (11th Cir. 1993). *see also Celotex Corp v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." (emphasis in original)).

Instead, the movant "has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013).

Once a summary judgment movant's initial burden is met, "the burden shifts to the nonmoving party to bring the court's attention to evidence demonstrating a genuine issue for trial." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1121 (11th Cir. 2014). "Overcoming that burden requires more than speculation or a mere scintilla of evidence." *Id*. at 1122.

The non-movant must "go beyond the pleadings," to provide evidence and "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). The non-movant will survive summary judgment in this instance if it can demonstrate "that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion." *Doe v. Drummond Co.*, 782 F.3d 576, 604 (11th Cir. 2015) (internal quotation marks omitted).

Statement Of Material Facts

The counterclaims filed by Defendant/Counter-Plaintiff Preston (hereinafter "Defendant") are entirely based upon Plaintiff's YouTube content. In fact, the counterclaim mentions "YouTube content" as the basis for each of its three counts:

Count One (¶¶ 1-14)

- in Paragraph 1 ("litigation-related *YouTube* content via 'POLAMOP' – the purposeful protraction of litigation and multiplication of proceedings.");
- in Paragraph 2 ("ongoing litigation generating fresh, compelling *YouTube* content");
- in Paragraph 3 ("his *YouTube videos*");
- in Paragraph 4 ("generating ongoing fresh litigation-related *YouTube* content");
- in Paragraph 6 ("the basis of a federal lawsuit and accompanying *YouTube* storylines"); and
- in Paragraph 7 ("litigation to generate *YouTube* content");

Count Two (¶¶ 15-18)

- In Paragraph 15 ("The plaintiff has misappropriated the defendants' image and likeness by placing them on video "thumbnails" in order to advertise the videos as "Bad Neighbors" videos in which the defendants appear involuntarily as villains in the plaintiff's contrived *YouTube* storylines.").

• Count Three (¶¶ 19-23)

- In Paragraph 19 ("The plaintiff has published the defendant's photo, image and/or likeness on his *YouTube* page and in video thumbnails on many occasions.").

## **Mr. Hales Is Entitled To Judgment As A Matter Of Law As To Count One (Intentional Infliction Of Emotional Distress)**

Defendant has not produced a single example from YouTube, or anywhere else to support Count One. This is because Defendant cannot produce any such evidence as it simply does not exist. The count is based upon "*YouTube videos*" – *again of which Defendant has not produced, or cited to a single example in the counterclaim.*

In this count, Defendant alleges (1) "The plaintiff framed the defendants so he could accuse them of being responsible for the signs as the basis for filing his present lawsuit, creating litigation to generate YouTube content;" (2) "The plaintiff's accusations that the defendants planted the signs were, and are, false and known to be false by the plaintiff;" and (3) "The plaintiff's statements accusing the defendants of creating and planting the signs were made and continue to be made with malicious intent to injure the defendants." (Doc. 70).

### Florida's Single Action Rule

Count One of the counterclaim is simply the recasting of a defamation claim as additional, distinct cause of action in tort. This is not allowed in Florida - in

accordance with the single publication/single action rule. "The rule is designed to prevent plaintiffs from circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm." *Id.* (quoting *Messenger v. Gruner + Jahr USA Publ'g*, 994 F. Supp. 525, 531 (S.D.N.Y. 1998)). The "rule precludes the recasting of defamation claims as additional, distinct causes of action in tort if all of the claims arise from same defamatory publication." *Int'l Sec. Mgmt. Grp., Inc. v. Rolland*, 271 So. 3d 33, 48 (Fla. 3d DCA 2018); *see also Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992).

Inasmuch as the Defendant has produced no evidence at all, not even a single example within the entire counterclaim, the conclusion is that there is no such publication which fits the elements of Intentional Infliction Of Emotional Distress.

In order to state a cause of action for intentional infliction of emotional distress, the plaintiff must demonstrate that: 1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe. *Urquiola v. Linen Supermarket*, CASE NO. 94-14-CIV-ORL-19, 1995 U.S. Dist. LEXIS 9902 (M.D. Fla. Mar. 23, 1995).

Defendant cannot produce any evidence that the YouTube videos were not protected speech – which Mr. Hales has under his First Amendment rights. "The freedom to speak one's mind is not only an aspect of individual liberty -- and thus a

good unto itself -- but also is essential to the common quest for truth and the vitality of society as a whole." *Bose Corp. v. Consumers Union of United States, Inc*., 466 U. S. 485, 503-504 (1984).

In In *Hustler Mag. v. Falwell*, 485 U.S. 46, 108 S. Ct. 876, 882 (1988)*,* the Supreme Court rejected the notion that the concept of "outrageousness," which is an element of the tort of intentional infliction of emotional distress, would provide sufficient protection to the First Amendment rights of a defendant:

> '**Outrageousness**' in the area of political and social discourse has an inherent subjectiveness about it which would allow a jury to impose liability on the basis of the jurors' tastes or views, or perhaps on the basis of their dislike of a particular expression. An '**outrageousness**' standard thus runs afoul of our longstanding refusal to allow damages to be awarded because the speech in question may have an adverse emotional impact on the audience. *See NAACP v. Claiborne Hardware Co*., 458 U. S. 886, 910 (1982) ("**Speech does not lose its protected character . . . simply because it may embarrass others or coerce them into action**"). And, as we stated in *FCC v. Pacifica Foundation*, 438 U. S. 726 (1978): "**The fact that society may find speech offensive is not a sufficient reason for suppressing it. Indeed, if it is the speaker's opinion that gives offense, that consequence is a reason for according it constitutional protection. For it is a central tenet of the First Amendment that the government must remain neutral in the marketplace of ideas**." *Id*., at 745-746. *See also Street v. New York*, 394 U. S. 576, 592 (1969) ("It is firmly settled that . . . **the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers**")."). *Hustler Mag. v. Falwell*, 485

U.S. 46, 55-56, 108 S. Ct. 876, 882 (1988) (emphasis added).

In *Snyder v. Phelps*, 562 U.S. 443, 131 S. Ct. 1207 (2011), the Supreme Court extended the First Amendment's protection even beyond actions for intentional infliction of emotional stress to include claims for the violation of *plaintiff's privacy rights* and for civil conspiracy. *Id.* Moreover, the *Snyder* Court relied on *Hustler Magazine, Inc.* v. *Falwell*:

> "The Free Speech Clause of the First Amendment – 'Congress shall make no law . . . abridging the freedom of speech'--can serve as a defense in state tort suits, including suits for intentional infliction of emotional distress. See, *e.g., Hustler Magazine, Inc.* v. *Falwell*, 485 U.S. 46, 50-51, 108 S. Ct. 876, 99 L. Ed. 2d 41 (1988)."

*Snyder v. Phelps*, 562 U.S. at 451.

Defendant can produce no evidence (and hasn't even included any such evidence in the counterclaim itself) where the First Amendment does not defeat the claim for intentional infliction of emotional distress. This means that this claim fails as a matter of law.

### Hales Is Entitled To Judgment As A Matter Of Law As To Count Three
**(Invasion of Privacy by Unauthorized Publication)**

Defendant has not produced a single example from YouTube, or anywhere else to support Count Three. To show invasion of privacy based on publication of private facts, a plaintiff must prove four elements: 1. the disclosure was public; 2.

private facts were disclosed; 3. the matter publicized was highly offensive to a reasonable person, and 4. the matter is not a legitimate concern to the public. *Heath v. Playboy Enters., Inc.*, 732 F. Supp. 1145, 1146 (S.D. Fla. 1990).

Defendant complains about publishing "the defendant's photo, image and/or likeness on [Plaintiff's] *YouTube* page and in video thumbnails on many occasions." If this were the case, then it is difficult to explain why the *Defendant has not produced a single example of this publication*. This is because Defendant cannot produce any evidence that would show that "the defendant's photo, image and/or likeness on [Plaintiff's] *YouTube* page and in video thumbnails" were not already publicized elsewhere and republicized.

A photograph taken in a public place is not private. *Heath v. Playboy Enters., Inc.,* 732 F. Supp. at 1148. Defendant cannot produce any evidence that would show that "the defendant's photo, image and/or likeness on [Plaintiff's] *YouTube* page and in video thumbnails" were not taken in a public place.

Facts taken from public records or proceedings are not private. *Id*. Defendant cannot produce any evidence that would show that "the defendant's photo, image and/or likeness on [Plaintiff's] *YouTube* page and in video thumbnails" were not taken from public records or proceedings.

Even otherwise private facts may become public when acquired by legitimate means. *Id.* at 1149. Defendant cannot produce any evidence that would show that

"the defendant's photo, image and/or likeness on [Plaintiff's] *YouTube* page and in video thumbnails" were not acquired by legitimate means.

Consent is never even reached where no disclosure of private facts can be demonstrated. *Id*. at 1150. This means that consent is not an issue in this case.

Finally, the right to privacy does not forbid the publication of information that is of public benefit or general interest, and the right does not exist as to persons and events in which the public has a rightful interest. *Cason v. Baskin*, 30 So. 2d 635, 638 (Fla. 1947); *Harms v. Miami Daily News, Inc*., 127 So. 2d 715, 717 (Fla. 3d DCA 1961).

Defendant can produce no evidence (and hasn't even included any such evidence in the counterclaim itself) where the above does not apply. This means that this claim fails as a matter of law.

## Hales Is Entitled To Judgment As A Matter Of Law As To Count Two
### ("Florida Statute 540.08" (sic))

Defendant has not produced a single example from YouTube, or anywhere else to support Count Two. "Section 540.08 of the Florida Statutes prohibits the unauthorized use of a person's name or likeness for 'trade, commercial, or advertising purposes." *Tyne v. Time Warner Entm't Co., L.P.,* 336 F.3d 1286, 1289 (11th Cir. 2003), certified question answered, 901 So. 2d 802 (Fla. 2005) (citation omitted). *Cf. Lane v. MRA Holdings, LLC*, 242 F. Supp. 2d 1205, 1212 (M.D. Fla. 2002)

(Section 540 prohibits "using a person's name or likeness to directly promote a product or service"); *Epic Metals Corp. v. CONDEC*, Inc., 867 F. Supp. 1009, 1016 (M.D. Fla. 1994) ("Florida Statute § 540.08 prevents the unauthorized use of a name or personality to *directly* promote the product or service of the publisher" (emphasis added); *National Football League v. The Alley, Inc.*, 624 F. Supp. 6, 10 (S.D. Fla. 1983) ("Section 540.08 of the Florida Statutes prohibit (sic) unconsented use of an individual's name and likeness *only when such directly promotes a commercial product or service*" (emphasis added).

Defendant can produce no evidence (and hasn't even included any such evidence in the counterclaim itself) where the above does not apply. This means that this claim fails as a matter of law.

## Conclusion

Because there is no evidence to prove a fact necessary to Defendant's counterclaims, Mr. Hales is entitled to Summary Judgment as a matter of law.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 11, 2025, I served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*
Randall Shochet, Esq.

**SERVICE LIST**

Bruce Matzkin, Esq., pro hac vice
Attorneys for PRESTON and COOK
51 Pleasant Street, # 72
Malden, MA 02148
Brucematzkin1@gmail.com