UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                        Case No.:  1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.
                                        /

## ORDER

Presently before the Court is Defendants' "FRCP 60(b) Motion for Reconsideration Re: *Forum Non Conveniens*—28 U.S.C. 1404(a)" (Doc. 78). No response is necessary because the motion is plainly without merit.

First, the Court's order (Doc. 55) treated Defendants' prior motion (Doc. 54) as one to transfer divisions because that is what the motion said that it was. The prior motion stated that it was filed under 28 U.S.C. § 1404(a). (Doc. 54 at 1) ("Motion to Transfer Pursuant to 28 USC 1404(a)"). And § 1404(a) provides that "a district court may transfer any civil action to any other district or **division** where it might have been brought or to any district or **division** to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). Indeed, Defendants

1

specifically cited the language of § 1404(a) in their prior motion. (Doc. 54 at 2). Defendants also cited cases addressing the factors courts use to decide whether to transfer to another division. (*Id.* at 5). Thus, the Court did not "mistakenly characterize[] the defendants' motion" as seeking to transfer divisions. (Doc. 78 at 2). Rather, the Court treated Defendants' motion to be what Defendants said it was—a motion under 28 U.S.C. § 1404(a) to transfer divisions.

Second, Defendants' motion for reconsideration makes no sense given the Court's prior order. The Court made clear in its prior order that the trial in this case would be held in Gainesville. (Doc. 55 at 1) ("If there is a trial in this matter, then it will be held in the federal courthouse **in Gainesville** with the undersigned presiding.") (emphasis added). The Court also made clear in its prior order that it would "consider holding pretrial hearings in Gainesville upon request of the parties." (*Id.* at 1 n.1). And there has been no request for such a Gainesville hearing that has been denied. So, the Court has no idea why Defendants filed the current motion asking the Court to reconsider. In any event, the motion does not come close to meeting the high standard for reconsideration under Fed. R. Civ. P. 60(b). *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (explaining that to obtain

2

reconsideration under Fed. R. Civ. P. 60(b), a party "must demonstrate a justification so compelling that the district court is required to vacate its order") (cleaned up).  Accordingly, Defendants' motion for reconsideration (Doc. 78) is **DENIED**.

**DONE AND ORDERED** this the 18th day of February 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge