UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                        Case No.:  1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.
_____/

## ORDER

Currently before the Court is Defendants' "Motion for Reconsideration Re: Order #66; and Request for Remote Hearing" (Doc. 82). No response is necessary. The motion (Doc. 82) is **DENIED**.

First, the Court will decide whether it believes a hearing is necessary to resolve a motion. If the Court says that the parties should expect a hearing to be held and then the Court—after reading the completed briefing—decides that it can resolve the issue without a hearing, then that is the Court's prerogative. After all, the purpose of a hearing is to assist the Court in resolving a matter. If the Court determines a hearing would not be helpful in resolving a matter, then the Court will not waste its time and the time and money of the litigants by holding one. Moreover, no party has a right to a hearing before the Court

1

rules on a motion. *See* N.D. Fla. Loc. R. 7.1(K) ("The Court may—and most often does—rule on a motion without oral argument, even if a party requests oral argument.").

Second, Defendants' motion does not satisfy the high standard required for granting reconsideration under Rule 60(b). *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (explaining that to obtain reconsideration under Fed. R. Civ. P. 60(b), a party "must demonstrate a justification so compelling that the district court is required to vacate its order"). Defendants have not shown that the Court was incorrect in its conclusion that they improperly asserted boilerplate objections to Plaintiff's discovery requests. Nor have Defendants shown that the Court was incorrect in its conclusion that, under well-established precedent, such boilerplate objections are akin to no objection at all. Although there may have been specific and targeted objections that Defendants could have (and now wish they would have) made to Plaintiff's discovery requests, the fact is that Defendants chose not to make such legally proper objections at the appropriate time.[1]

---

[1] The appropriate time to make legally proper objections is when responding to the discovery requests. It is not in a response to a motion to compel or in amended responses filed after a motion to compel.

2

Instead, Defendants decided to do something that is flatly prohibited—they used general and boilerplate objections. If Defendants are now suffering consequences because of that poor decision, then they have nobody to blame but themselves.

Third, the Court will reiterate what it said in its prior order. Defendants must "produce to Plaintiff any non-privileged documents within their possession, custody, or control that are responsive to Plaintiff's Requests for Production Nos. 5, 11, and 12." (Doc. 66 at 7). The Court did not order Defendants to undertake any onerous process to create documents that do not already exist. Nor did the Court order Defendants to produce any documents that are in the possession, custody, or control of some third party. If Defendants do not have any responsive documents within their possession, custody, or control, then they have nothing responsive to produce. And they should respond to Plaintiff in that manner. If, on the other hand, Defendants have responsive documents within their possession, custody, or control, then they should provide such documents to Plaintiff **no later than 5:00 p.m. (central) on March 4, 2025.**

**SO ORDERED** this 26th day of February 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge