UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.   Case No.: 1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.
_____/

# ORDER

This matter is before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Docs. 67, 68). Plaintiff has responded in opposition. (Doc. 80). No hearing is necessary.

Early in this litigation, Defendants moved to dismiss for lack of subject matter jurisdiction. (Docs. 5, 6). The Court denied that motion and found subject matter jurisdiction existed under 28 U.S.C. § 1332 because there was diversity of citizenship and the amount in controversy exceeded $75,000. (Docs. 14, 23). Defendants have now filed another motion to dismiss for lack of jurisdiction, arguing that the amount in controversy requirement is no longer met. (Docs. 67, 68). Although Defendants are correct that Plaintiff can no longer recover treble

damages or attorney's fees for violations of Florida's RICO Act because those claims have been dismissed, Defendants are incorrect that this fact deprives the Court of jurisdiction.

"Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *see also Rosado v. Wyman*, 397 U.S. 397, 405 n.6 (1970) (acknowledging "the well-settled rule" that a federal court does not lose jurisdiction "even though . . . the amount recovered falls short" of the jurisdictional amount); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of [the case's filing in federal court], not later."). Thus, a "post-filing development" that "reduc[es] the alleged amount-in-controversy to below the statutory threshold" does not destroy diversity jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 38 n.8 (2025). This rule "responds to the difficulties of assessing a suit's value and the likelihood that the calculation will change over the course of litigation." *Id.* Because "the alleged amount-in-controversy does not cap damages,

constant litigation over the matter, having the potential to alter a court's jurisdiction, would be wasteful." *Id.* (cleaned up).

Therefore, even if dismissal of Plaintiff's Florida RICO claims has made "recovering the needed amount impossible[,]" the dismissal is a "post-filing development" that does "not destroy diversity jurisdiction" in this case. *Id.* Given this rule and the Court's previous determination that the amount in controversy requirement was satisfied at the suit's outset, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) lacks merit. *Id.*; *see also* Arthur R. Miller, 14B Fed. Prac. & Proc. § 3706 (5th ed. 2024) (explaining that "even if part of the plaintiff's claim is dismissed, for example, on a Federal Rule of Civil Procedure 12(b)(6) or summary judgment motion, thereby reducing the plaintiff's remaining claim or claims below the requisite amount in controversy, the district court retains jurisdiction to adjudicate the balance of the claim").[1]

---

[1] The Court is unpersuaded by Defendants' argument that this general rule should not apply because Plaintiff acted in bad faith. The Court does not find that Plaintiff acted in bad faith in asserting at the time of filing that the amount in controversy exceeded $75,000. Whether Plaintiff can ultimately recover more than $75,000 is a different question than whether the amount in controversy was met when this case was filed. *See Pretka*, 608 F.3d at 751 (explaining that "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover") (cleaned up).

Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 67) is **DENIED**.

**SO ORDERED** this 17th day of March 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge