UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                  Case No.:  1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.
_____/

## ORDER

Defendants have filed four motions for "Attorney Fees Under 28 U.S.C. § 1927." (Docs. 104, 105, 114, 116).  The motions all seek the same relief and should have been filed as one motion.  Thus, the four motions (Docs. 104, 105, 114, 116) are **STRICKEN**.

The Court is tired of both attorneys in this case clogging the docket with unnecessary, duplicative, and meritless filings.  The quantity of judicial resources that have been consumed by this case is ridiculous.  This simple, one plaintiff and two defendant defamation case, has **117 docket entries** and discovery has not even been completed yet.

The Court hereby notifies counsel that at the hearing previously scheduled for April 3, 2025, the Court will also be addressing whether

1

both attorneys should be sanctioned for their continual abuse of the judicial process and unprofessional litigation conduct.[1] *See* Fed. R. Civ. P. 11(c)(3) (stating that a district court may issue sanctions after ordering an attorney to show cause); *see also Eagle Hosp. Phys., LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A Court may impose sanctions for litigation misconduct under its inherent power."); *In re Brican Am. LLC Equip. Lease Litig.*, 977 F. Supp. 2d 1287, 1292 (S.D. Fla. 2013) (recognizing a court's "inherent power to effectively manage its affairs by punishing and deterring abuses of the judicial process"). The unprofessionalism of both lawyers in this case surpasses anything that the undersigned has seen before. When counsel for both parties show up for the hearing on April 3, 2025, they must bring their checkbooks.

Indeed, the Court probably should have issued sanctions earlier in this case. But the Court does not like to issue sanctions, believing that

---

[1] The following filings will be addressed at the hearing, all of which appear to be possible violations of Fed. R. Civ. P. 11 because they were frivolous and/or presented for improper purposes: (1) Defendants' Motion for Reconsideration (Doc. 78); (2) Defendants' Motion for Reconsideration (Doc. 82); (3) Plaintiff's Motion to Dismiss Counterclaim (Doc. 85); and (4) Plaintiff's Motion to Dismiss Counterclaim (Doc. 86).

lawyers (as officers of the Court) will (and almost always do) behave appropriately after being warned. Thus, the Court has tried to cajole compliance with the rules in other ways and has been patient with counsel. That obviously has not worked. Instead, the attorneys in this case have taken advantage of the Court's patience and abused the judicial process. No more.

Defendants may refile a single motion for attorney's fees under 28 U.S.C. § 1927. And Plaintiff may respond to that motion. Plaintiff may also respond as previously ordered by Doc. 113. But other than those filings, neither party may submit any additional filings (barring an emergency situation[2]) in this case until after the hearing on April 3, 2025.

**SO ORDERED** this 27th day of March 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] If the parties claim something is an emergency and the Court finds it is not, then the offending lawyer will be sanctioned.