UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES

v.                                                     Case No.: 1:24cv45/ZCB

JOHN M. COOK, et al.

## REFERRAL AND ORDER

Referred to Magistrate Judge Bolitho on  April 1, 2025
Type of Motion/Pleading: Request for Leave to Effect Alternative Service of Deposition Subpoena
Filed by: Defendants         on 3/24/2025    Doc.     112

JESSICA LYUBLANOVITS, CLERK OF COURT
/s/ *Sylvia D. Williams*
Deputy Clerk: Sylvia D. Williams

## ORDER

Upon consideration, it is **ORDERED** this 1st day of April 2025:

Defendants have moved for leave to effect alternative service of a non-party deposition subpoena. (Doc. 112). Plaintiff argues that Defendants' counsel did not allow at least 24 hours for Plaintiff's counsel to respond to a conferral request before filing the motion. (Doc. 120). It appears Defendants' counsel sent a conferral request by email at 6:50 p.m. on Sunday, March 23, 2025. (Doc. 120-1 at 2). According to the docket, Defendants' motion was filed at 9:05 a.m. on Monday, March 24, 2025. Thus, Defendants' counsel did not allow at least 24 hours for Plaintiff's counsel to respond as required by the Local Rules. *See* N.D. Fla. Loc. R. 7.1(B). Accordingly,

1

Defendants' motion (Doc. 112) is **DENIED** without prejudice.[1]  The next time an attorney in this case files a motion without complying with the conferral requirements of the Local Rules, the offending attorney will be sanctioned.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[1] The Court expects the parties to meaningfully confer regarding the scheduling of Mr. Padgett's deposition.  Because Plaintiff's counsel has opposed the motion and raised the failure to confer, the Court expects that Plaintiff's counsel is willing to work cooperatively with Defendants' counsel and Mr. Padgett to secure the scheduling of Mr. Padgett's deposition.  If that is not what happens, then it will be clear to the Court that Plaintiff's counsel raised the failure to confer and opposed Defendants' motion not because he had a good faith desire to confer and resolve the motion but because he had a bad faith motive to simply be an obstructionist.  And if that turns out to be the case, then Plaintiff's counsel will be sanctioned.