UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                        Case No.: 1:24CV45/ZCB

JOHN M. COOK, et al.,
    Defendants.
_____/

## **ORDER**

This matter is before the Court on Defendants' "Notice of Defendants' Counsel's Inability to Appear April [sic] and Request to Decide Motion #96 and Show Cause Based on #115." (Doc. 124). That document was filed today. To the extent Defendants' counsel seeks leave not to attend the hearing that was scheduled nearly three weeks ago for tomorrow, April 3, 2025, the request is denied. Similarly, to the extent the filing requests a continuance or a stay of the hearing scheduled for tomorrow, the request is denied. The hearing will go forward tomorrow as scheduled.[1]

---

[1] Yesterday, Defendants filed a "Motion to Vacate Consent to Magistrate" (Doc. 123). Defendants' current motion (Doc. 124) makes reference to the possibility of a stay being issued by the District Judge in response to Doc. 123. The Court would note that no stay has been issued by the District Judge. And merely requesting a stay does not excuse noncompliance with

1

The hearing in this case was noticed nearly three weeks ago on March 14, 2025. (Doc. 99). Thus, Defendants' counsel had more than sufficient time to make travel arrangements. Moreover, Defendants' counsel had ample time to file a motion seeking a continuance of the hearing if there was a true scheduling conflict. Instead, he waited until the eleventh hour to allege (quite dubiously) that he has a scheduling conflict. That is despite the fact that since March 14, 2025, Defendants' counsel has filed plenty of other documents. (*See* Docs. 100, 104, 105, 111, 112, 114, 115, 116, 117).

Because Defendants' counsel has complained about needing to travel to Florida for this hearing, the Court would point out that Defendants' counsel chose to handle a case pending in Florida. Thus, he should have anticipated traveling to Florida for court appearances. *See Puck v. Silverman*, No. 1:22-cv-24078, 2023 WL 6973587, at *4 (S.D. Fla. Aug. 21, 2023) (stating that because the parties chose to appear "in this District knowing that it was across the country," they "should expect to appear in court as required"). If counsel did not want to incur the cost

---

an order. *Roche Diagnostics Corp. v. Surplus Diabetic, Inc.*, No. 19-CV-61469, 2020 WL 8082367, at *4 (S.D. Fla. July 6, 2020) (recognizing that "the mere filing of a Motion to Stay" does not excuse noncompliance with a court order).

and spend the time to travel to Florida for court appearances, then he should not have entered an appearance in this case. Lawyers from across the country regularly appear before this Court. And when the Court sets a hearing, those lawyers get on a plane and attend the hearing. That is part of the deal when a lawyer decides to take on litigation in a far-flung jurisdiction.

Finally, the Court would be remiss if it did not address Defendants' counsel's claim that he fears being arrested if he attends the hearing tomorrow. Absurd.

For the reasons above, Defendants' "Notice of Defendants' Counsel's Inability to Appear April [sic] and Request to Decide Motion #96 and Show Cause Based on #115" (Doc. 124) is **DENIED.**

**SO ORDERED** this the 2nd day of April 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge