UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                Case No.:  1:24cv45/ZCB

JOHN M. COOK, et al.,
    Defendants.
_____/

# ORDER

This matter was scheduled for a show cause hearing on April 3, 2025.  (Doc. 99).  Prior to the hearing, the Court notified counsel for both parties that the following issues would be addressed at the hearing:  (1) Plaintiff's motion for sanctions; (2) whether Defendants' counsel's *pro hac vice* status should be revoked; and (3) whether counsel for both parties should be sanctioned for their filing of specific motions that were frivolous.  (Docs. 96, 98, 118).

Paradoxically, Defendants' counsel failed to appear at the hearing that was scheduled (in part) for him to explain why he should not be sanctioned for his unprofessional conduct.  The hearing was noticed on March 14, 2025 (Doc. 99), and Defendants' counsel was clearly aware of his obligation to attend the hearing.  Indeed, the day before the hearing

1

Defendants' counsel filed a notice informing the Court of his decision not to attend the hearing. (Doc. 124). The Court issued an order shortly thereafter making clear that the hearing would go forward and that Defendants' counsel was expected to attend. (Doc. 125)

Less than an hour before the hearing was scheduled to begin, Defendants' counsel filed a "notice" of withdrawal as counsel. (Doc. 126). The mere filing of that notice, of course, did not relieve Defendants' counsel of his obligation to appear at the scheduled hearing.[1] Nonetheless, Defendants' counsel failed to appear.

The hearing went forward regarding whether Plaintiff's counsel should be sanctioned under Rule 11 for filing Docs. 85 and 86. After hearing from Plaintiff's counsel, the Court thoroughly explained on the record that Docs. 85 and 86 warranted sanctions because they were filed without a sufficient legal and factual basis. The Court explained that it believed an appropriate sanction would be $2,000 per filing for a total of

---

[1] Under the Local Rules, an attorney "may not withdraw" without permission from the Court unless the client "has another attorney of record who intends to continue in the case." *See* N.D. Fla. Loc. R. 11.1(H). Defendants do not have another attorney of record in this case. Therefore, Defendants' counsel cannot withdraw unless given permission by the Court. Such permission has yet to be granted.

$4,000. Thus, under Rule 11(c)(4) and the Court's inherent authority, the Court **ORDERS** Plaintiff's counsel to pay $4,000 as a monetary sanction. The $4,000 is due immediately and shall be paid to the Clerk of the U.S. District Court for the Northern District of Florida.

As mentioned above, Defendants' counsel failed to appear at the hearing scheduled for April 3, 2025, at 1:00 p.m. The Court hereby **ORDERS** Defendants' counsel to show cause as to why the Court should not exercise its inherent authority and sanction him for failing to appear. *See Miller v. Midland Credit Mgmt., Inc.*, No. 20-13390, 2021 WL 4240972, at *2 (11th Cir. Sept. 17, 2021) (explaining that before issuing sanctions under its inherent authority a court is required to allow an attorney the "opportunity to respond, orally or in writing"). The show cause response is due by 5:00 p.m. (central) on Wednesday, April 9, 2025.

**SO ORDERED** this the 4th day of April 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge