UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| **JEREMY B. HALES**, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:24-cv-45AW-ZCB |
| **LYNETTE MICHELLE LACEY ALEXIS PRESTON** | ) |
| and | ) |
| **JOHN COOK**, | ) |
| Defendants. | ) |

### RESPONSE TO MOTION FOR ATTORNEY FEES UNDER 28 USC 1927
### (Doc. 131)

Plaintiff JEREMY B. HALES ("Mr. Hales"), by and through undersigned counsel, responds to the Motion For Attorney Fees Under 28 USC 1927, and states:

28 USC § 1927 requires something more than objective unreasonableness. The statutory language is "unreasonably and vexatiously." The courts have not quite come to agreement on what "vexatiously" means, but "vexatiously" clearly means something more than "unreasonably."[1]

---

[1] § 1927. Counsel's liability for excessive costs
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

In *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230 (11th Cir. 2006), the Eleventh Circuit Court of Appeals held that "an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d at 1241-42.

> Thus, in *Schwartz*, we wrote:
>
> [Section 1927] is not a 'catch-all' provision for sanctioning objectionable conduct by counsel. . . . For sanctions under section 1927 to be appropriate, something more than a lack of merit is required. The statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'
>
> 'Bad faith' is the touchstone. Section 1927 is not about mere negligence. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *Schwartz*, 341 F.3d at 1225.
>
> Thus, an attorney's conduct must be particularly egregious to warrant the imposition of sanctions -- the attorney must <u>knowingly</u> or <u>recklessly</u> pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim.

*Id*.

An award of Section 1927 fees requires three things: 1) that the attorney engaged in unreasonable and vexatious conduct, 2) that the conduct itself multiplied

---

conduct. 28 U.S.C.S. § 1927 (LexisNexis, Lexis Advance through Public Law 119-3, approved March 14, 2025)

the proceedings, and 3) that the dollar amount of the sanction must bear a financial nexus to the excess proceedings. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

> Determining "bad faith" for purposes of a Section 1927 claim requires a court to look objectively at the conduct of the attorney, not the attorney's subjective intent, to determine if the actions of the attorney represent an intentional or reckless disregard to the attorney's duties to the court. *See Norelus v. Denny's, Inc*., 628 F.3d 1270, 1282 (11th Cir. 2010).

*McOm IP LLC v. City Nat'l Bank of Fla*., No. 23-23427-Civ-Scola/Lett, 2025 U.S. Dist. LEXIS 43754, at *11-12 (S.D. Fla. Mar. 11, 2025). "The intent behind section 1927 is 'to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith.'" *Rosello v. Chauncey*, No. 8:19-cv-3027-CEH-CPT, 2023 U.S. Dist. LEXIS 156444, at *18 (M.D. Fla. Sep. 1, 2023) (citing *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (stating that a section 1927 movant must show objective bad faith by their opponent).

I. Amanda Martin's Deposition

There is no objective bad faith in taking Amanda Martin's Deposition. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Here, Plaintiff's counsel had a right to take the deposition of Ms. Martin because : (1) Ms. Martin knew Mr. Hales in 2023 (as his victim's advocate by virtue of the Ohio protection order in-place restricting Ms. Preston from having any contact (including third-party contact) with Mr. Hales), (2) Ms. Martin knew Ms. Preston in 2023 as her victim's advocate, and (3) Ms. Martin's adult son - Steven Rhett Cunningham - assaulted Mr. Hales in 2023. Prior to this assault, Mr. Hales never knew Mr. Cunningham. This means it is certainly objectively reasonable to take Ms. Martin's deposition and inquire as to the facts surrounding the above circumstances.

II.   Docs. 85 and 86

Movant states Docs. 85 and 86 were based on a "flagrantly false premise." (Doc. 131, at * 7). The Court has addressed this already. Movant does not and cannot show that Docs. 85 and 86 were done with an improper purpose, such as to harass, delay, or increase costs, or based on a ""flagrantly false premise."

III.   Legal Citation Dispute

"The Bluebook style guide is used in the American legal profession for citation of all relevant sources."[2] There is no objective bad faith when Movant's citation to *Shanaghan v. Cahill* was made in violation of proper BLUEBOOK citation.

---

[2] The Bluebook: A Uniform System of Citation. *See*, i.e.,
https://owl.purdue.edu/owl/research_and_citation/chicago_manual_17th_edition/cmos_formatting_and_style_guide/bluebook_citation_for_legal_materials.html

Specifically, Movant was trying to cite to a quotation of *eighty-eight words* from *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995), by (1) using quotation marks, (2) not indenting five spaces from the left and right margins, (3) using double spacing, and (4) by using emphasis without clarifying, whether or not the emphasis was in the original quotation or added by the Movant. Here is Movant's quotation from these *eighty-eight words* from *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995):

"In particular, it is important to consider ***whether the amount claimed in the complaint was made in good faith, or whether plaintiff was consciously relying on flimsy grounds to get into federal court***. See Rosado v. Wyman, 397 U.S. 397, 404-05, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970) (distinguishing initial "insubstantiality" from subsequent "mootness"). Another critical equitable factor is the existence of any state limitations bars to refiling in state court. See Ridenour v. Andrews Federal Credit Union, 897 F.2d 715, 722 (4th Cir. 1990)." *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995).

It is undisputed that this quotation is more than fifty words. Pursuant to the BLUEBOOK[3], quotations of fifty or more words should be single spaced, indented on both sides, justified, and without quotation marks. **This is known as a block**

---

[3] See https://media.law.miami.edu/academic-achievement-program/pdf/2011/bluebook-workshop-fall2011.pdf

**quotation**. Quotation marks within a block quotation should appear as they do in the quoted material. The citation following a block quotation should not be indented but should begin at the left margin on the line following the quotation: Do not use quotation marks. • Indent the entire quotation five spaces from the left and right margins. • Single spacing is required.

To correctly quote using proper legal citation formatting from the BLUBOOK, using the Movant's quotation from *Shanaghan v. Cahill* would be as follows:

> In particular, it is important to consider whether the amount claimed in the complaint was made in good faith, or whether plaintiff was consciously relying on flimsy grounds to get into federal court. *See Rosado v. Wyman*, 397 U.S. 397, 404- 1105, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970) (distinguishing initial "insubstantiality" from subsequent "mootness"). Another critical equitable factor is the existence of any state limitations bars to refiling in state court. *See Ridenour v. Andrews Federal Credit Union*, 897 F.2d 715, 722 (4th Cir. 1990).

*Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995).

Instead, Movant violated the requirements for legal citations in all the above ways. This kind of confusion could've easily been avoided, had moving used proper legal citation. Moreover, omitting "emphasis added" can be seen as misleading, as it might not be clear to the reader that the Movant altered the original text by bolding

certain words. In any event, it does not show that counsel "so multiplies the proceedings" in this case "unreasonably and vexatiously."

   IV.   <u>Dispute over court reporter</u>

The same court reporter handled both parts of Plaintiff's deposition. As part of normal attorney procedure, Movant's counsel secured a court reporter and thereafter received an invoice for the first part of Plaintiff's deposition for both the attendance of the court reporter and for the deposition transcript that was ordered. Plaintiff's counsel ordered a copy of the deposition transcript for the first part of Plaintiff's deposition which occurred by zoom and received an invoice, which was paid.

During the second half of Plaintiff's deposition, which occurred in person in Pensacola, Florida, the same requests were made. However, it was Movant's counsel who said nothing to either the court reporter present, or Plaintiff's counsel when Plaintiff's counsel again ordered *a copy* of the deposition transcript. This created a problem because the court reporter was not made aware of the requirement that the parties split the deposition costs for the second part of Plaintiff's deposition. Thus, the court reporter invoiced Plaintiff's counsel with a second invoice for something that was not even necessary - a copy of the deposition transcript from the second deposition - when Movant's counsel should have stated to the court reporter that it would not be necessary for anyone to pay for - or need to have - a copy of this

transcript because both parties were splitting these particular deposition costs. This means that both counsel would have equal rights to receive the deposition transcript from the second part of Plaintiff's deposition and a copy of that deposition transcript would not be needed. And even if it were, common sense dictates that the parties split the total cost for both invoices for the second part of Plaintiff's deposition.

The confusion was finally cleared up by contacting the court reporter, who eventually did a "postmortem analysis" of why there were two invoices for the deposition held in person. After figuring out what the problem was, the court reporter immediately issued a full credit for the overpayment made by Plaintiff's counsel as a result of Movant's counsel standing by silent when Plaintiff's counsel requested a copy. It is untrue that the court reporter never sent invoices to Plaintiff's counsel. In fact, everything was paid from these two invoices by Plaintiff's counsel. The confusion about who was splitting what and who needed to order copies of a transcript do not rise objective unreasonableness or show that counsel "so multiplies the proceedings" in this case "unreasonably and vexatiously."

## Conclusion

Movant's basis does not show that counsel "so multiplies the proceedings" in this case "unreasonably and vexatiously." The Motion should be denied.

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales

409 N. Main Street
Trenton, FL 32693
By: /s/ Randall Shochet
Randall Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 8, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*
Randall Shochet, Esq.

## SERVICE LIST

Bruce Matzkin, Esq.
51 Pleasant Street, # 72
Malden, MA 02148
Brucematzkin1@gmail.com