# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

JEREMY BRYAN HALES,

Plaintiff,

v.                                          Case No.:1:24-cv-00045-AW-ZCB

LYNETTE MICHELLE
LACY ALEXIS PRESTON
and
JOHN COOK,

Defendants.

_____/

**FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT LYNETTE MICHELLE
LACY ALEXIS PRESTON**

JEREMY BRYAN HALES**,** (the "Plaintiff"),  by and through undersigned

counsel, pursuant to Fed. R. Civ. P. 34, request Defendant, LYNETTE MICHELLE

LACY ALEXIS PRESTON to produce and permit counsel for the Plaintiff to inspect

and copy or otherwise reproduce the documents set forth below which are in the

possession, custody or control of you or your counsel, within the time proscribed by

Fed. R. Civ. P. 34. Production is to be made to Shochet Law Group, 409 N. Main

Street, Trenton, FL 32693; Attorneys@counsel.insure.  Production shall be pursuant

to the following instructions and definitions.

**INSTRUCTIONS**

1. This request requires production of documents or things in your possession, custody or control, and for documents or things that are in the possession, custody or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody or control.

2. Unless otherwise specifically stated, all requests call for the production of all responsive documents prepared, received, or dated at any time prior to and including the date of production.

3. If any objection is made to any document request, the objection shall state with specificity all grounds.

4. All documents must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories of documents requested below.

5. If any information requested below is withheld based on a claim that it is privileged or otherwise protected from disclosure, you are requested to furnish a list specifying each document for which the privilege is claimed, together with the following information, where appropriate, with respect to each such document:

    a. the date appearing on the document, or if no date appears, the date on which document was prepared;

    b. the name of the person(s) by whom the document was prepared and, if the document is signed, the name of each person(s) who signed the document;

    c. the name of each person to whom the document is addressed;

    d.  the name of each person, other than the addressee(s) identified in (c) above, to  whom the document, or a copy thereof, was sent or with whom the document was discussed;

    e.  the name of the person or persons who currently have custody of the document;

    f.  the specified ground(s) on which the claim of privilege rests;

    g.  the paragraph or subparagraph of this request to which each document responds;

    h.  the general nature of the document, the number of pages of which it consists, and a sufficient description of the subject matter of the document (without disclosing its contents) to allow its description to the court for a ruling on the claim of privilege.

6.  As to any request that is claimed to be overbroad or to seek irrelevant documents, please indicate whether any responsive documents or subcategory of responsive documents are conceded to be discoverable and identify the documents or subcategory of documents that will be produced.

7.  As to any request that is claimed to be unduly burdensome, expensive or oppressive or to which a similar objection is asserted, please provide the following information:

    a.  the approximate number and/or volume of responsive documents;

    b.  the location and manner in which the documents are maintained;

    c.  any particular or unusual burden or effort required to produce the responsive documents;

    d.  the estimated cost of producing responsive documents; and

e. any other facts on which you rely in support of your claim that production of responsive documents is unduly burdensome, costly or difficult.

8. For any requested documents that are no longer in existence or which cannot be located:

a. identify and describe the document as completely as possible;

b. state when and how the document passed out of existence or why it can no longer be located;

c. state whether the document was lost, destroyed, discarded, or provided to a third party;

d. identify any such third party;

e. identify each person having knowledge concerning such document; and

f. state any additional information that you have concerning the document's current whereabouts.

9. Any document bearing any marks including, but not limited to, initials, stamped indicia,"cc's", comments or notations not a part of the original text or photographic reproduction thereof, is a separate document to be produced.

10. Whenever a document is not produced in full, state with particularity the reason or reasons why it was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the documents that are not produced, including the content or substance of the content thereof.

11. File folders are to be produced intact with the documents.

12. Documents attached to each other should not be separated.

13. Computerized information and electronic records are to be produced to an intelligible and readable format and are to be accompanied by a description of the system from which they were obtained.

14. Words in the singular including their plural meaning and vice-versa.

15. The conjunction "and" and the disjunction "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted to exclude any information otherwise within the scope of the request.

16. Each pronoun shall include the masculine, feminine, neuter, singular, and plural, as required by the context in which used, and shall not be interpreted to exclude any information otherwise within the scope of the request.

## **DEFINITIONS**

For purposes of this Request, the following terms shall have the meanings set forth below:

1. The term "Document," or "document" shall be construed extremely broadly to mean all intangible things of every nature that contain information, including but not limited to correspondence, communications, writings of every kind, drawings, graphs, charts, agreements, contracts, analyses, appointment records, audio recordings (whether transcribed or not), bills, books, books of account, calendars (personal and business), checks, computer cards, tapes, disks, diskettes, computer printouts, computer programs, diaries, diagrams, drafts, records, financial statements, forms, handbooks, reports, indexes, instruction sheets, manuals, maps, memoranda, minutes, notes (whether handwritten or otherwise), opinions, permits, photographs, plans, proofs, periodicals or other publications, receipts, recordings, reports, service manuals, sketches, specifications, studies, summaries, tags, tapes, telefaxes, telegrams, telephone messages and message slips, telexes, other

telecommunications materials, video recordings, and all other data compilations from which information can be obtained or translated through detection devices or otherwise into reasonably usable form (including all such items in the possession, custody or control of any of your directors, employees, or agents wherever located).

2. The terms "relating," "relating to," "referring," and "referring to," shall mean making a statement about, discussing, describing, reflecting, referencing, concerning, constituting, identifying, dealing with, consisting of, containing, interpreting, summarizing, establishing, comprising, listing, evidencing, substantiating, involving, or in any way pertaining to the subject matter, in whole or in part.

3. The "Plaintiff" is defined above, including the Plaintiff's agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on the Plaintiff's behalf or for the Plaintiff's benefit, either directly or indirectly.

4. "Defendant" shall mean LYNETTE MICHELLE LACY ALEXIS PRESTON, including her agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on her behalf or for her benefit, either directly or indirectly.

5. The terms "You," "you," "Your," and "your," shall mean the Defendant as defined above, and all corporations, business enterprises and related organizations controlled in whole or in part by Defendant, or in which Defendant has an interest.

6. "Relevant Time Period" means between January 1, 2020 to date.

## REQUESTS

1. **RFP No. 1:** All Documents and Communications relating to any allegations in this matter, including but not limited to all Communications You have had with any person or entity named in the Complaint, or named in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto).

2. **RFP No. 2:** All Documents and Communications relating to Plaintiff (by name or otherwise) that You have had with any person or entity, including, without limitation, the following people: Russel Meeks (Former Otter Creek Mayor), Your Co-Defendant, Marla Hughes, Melissa Lemmerman, Plaintiff Jeremy Brian Hales, Therese Granger, Martha Rizk, Stephen Granger, Amanda Martin (Former Victim's Advocate), Rhett Cunningham (Amanda Martin's Son), Mary DeGroot (Former Otter Creek Clerk), DeAnna West, Don Severino (Former Otter Creek Council Member), Stuart Stewart (Former Otter Creek Council Member), Steve Warm (Former Otter Creek Attorney), Thomas Collins, Zim Padgett, Marcia Galle (mother of LYNETTE MICHELLE LACY ALEXIS PRESTON), Patti Hill (sister of LYNETTE MICHELLE LACY ALEXIS PRESTON), Debbie Preston, Michelle Preston (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Lindsey Gardner (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Price Gardner (Son In Law of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Samantha Wilson (Step Daughter of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Kathy Reiber ((daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON's Step Daughter's Mother), Ashley Reiber (Step Daughter of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Landon Preston (Grandson of LYNETTE MICHELLE LACY ALEXIS PRESTON), Tyrah Simon (Landon Preston's Girlfriend), Jaime Johnson (prior joint resident who lived on Your Property in Otter Creek, Florida), Jessica Munford (prior joint resident who lived on Your Property in Otter Creek, Florida), Jim Colbertson (prior joint resident who lived on Your Property in Otter Creek, Florida), Andrew Campbell (person who assisted LYNETTE MICHELLE LACY ALEXIS PRESTON with obtaining Winn Dixie Food), Chad VanKampen (who worked on Your Property in Otter Creek, Florida), Paul Hembree, Elizabeth Baily, Angela Gleason, Shara

Wolf, Heather Marion, Vera Borum, Lisa Rapuzzi, Robert Keszey, Laura Croom, Patti Plumber, Victoria Munsell, Dave Techendorf, Kevin Hill, Wayne Woods (Local Flea Market Vendor), Arthur Wiggins, Tina Haley (Otter Creek Neighbor), Brian Haley (Otter Creek Neighbor), and Brett Beauchamp (Levy County Undersheriff).

3. **RFP No. 3**: All Documents relating to any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), including but not limited to all Documents and Communications relating to any investigation into the truth or falsity of any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), by You or anyone else.

4. **RFP No. 4:** All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to this lawsuit, including the Documents and Communications responsive to these Requests.

5. **RFP No. 5:** All phone records sufficient to show all phone numbers and providers You used during the Relevant Time Period and all Documents, including mobile phone billing records, showing the calls You made or received during the Relevant Time Period relating to the allegations in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto).

6. **RFP No. 6:** All Documents and Communications of which You are aware that refute to any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), about Plaintiff.

7. **RFP No. 7:** Documents and Communications sufficient to identify all usernames, handles, aliases, or any other identifiers You have ever used on Social Media to publish information about the Plaintiff, by name or otherwise.

8. **RFP No. 8:** All Documents and Communications that You have produced to Levy County, Florida and/or to any other federal or state governmental agency about the Plaintiff, by name or otherwise.

9. **RFP No. 9:** All engagement letters and invoices, and Documents otherwise sufficient to identify all of the attorneys with whom you have an attorney-client relationship in connection with any civil litigations to which You are a party and/or any civil or criminal litigation, grand jury testimony, and/or state or federal investigations relating to the Plaintiff, by name or otherwise.

10. **RFP No. 10:** All Documents and Communications upon which You plan to rely to assert the existence of any privileges, including the attorney-client, work product, and common interest privileges.

11. **RFP No. 11:** Documents sufficient to show the number of online views and/or impressions of any posts on any of Your Social Media accounts, including but not limited to YouTube Accounts, Rumble Accounts, Twitter Accounts, and Facebook accounts during the Relevant Time Period.

12. **RFP No. 12:** Mobile phone records sufficient to show all phone number and providers You used between January 1, 2021 to date, and all Documents, including mobile phone billing records, showing the calls You made or received between January 1, 2021 to date relating to the Plaintiff, by name or otherwise.

13. **RFP No. 13:** GPS records from either any automobile navigation system or other mobile device sufficient to show Your location on May 11 – May 14, 2023.

14. **RFP No. 14:** All documents relating to any claim referenced in this lawsuit generated by, prepared by, prepared for, or reviewed by a consulting expert who is not designated to testify in the trial of this matter whose opinions or reports have been reviewed by or relied upon by experts who may testify at the trial of this matter.

15. **RFP No. 15:** The curriculum vitae, including a bibliography, for each consulting expert who is not designated to testify at the trial of this matter and whose opinions or reports have been reviewed by or relied upon by experts who may testify at the trial of this matter.

16. **RFP No. 16:** All documents used by You for the purpose of refreshing the recollection of any witness prior to testifying at any hearing, deposition, or trial of this matter.

17. **RFP No. 17:** For each fact for lay witness You expect to testify at the trial of this matter, all documents reviewed by, prepared by, relied upon, provided to, or received from each such witness relevant to this matter.

18. **RFP No. 18:** All documents evidencing communications related to Your investigation of any claim referenced in this lawsuit.

19. **RFP No. 19:** All documents relating to the Plaintiff that You obtained from any source other than the Plaintiff.

20. **RFP No. 20:** All documents in the files of Your attorney in this lawsuit, dated before the date this complaint was filed with this Court, relating to Plaintiff, including, without limitation, communications to third parties.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on November 12, 2024, I served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*

Randall Shochet, Esq.

**SERVICE LIST**

Bruce Matzkin, Esq., pro hac vice
Attorneys for PRESTON and COOK
51 Pleasant Street, # 72
Malden, MA 02148
Brucematzkin1@gmail.com

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

JEREMY BRYAN HALES,

Plaintiff,

v.                                        Case No.:1:24-cv-00045-AW-ZCB

LYNETTE MICHELLE
LACY ALEXIS PRESTON
and
JOHN COOK,

Defendants.
_____ /

## FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS TO DEFENDANT JOHN COOK

JEREMY BRYAN HALES**,** (the "Plaintiff"),  by and through undersigned

counsel, pursuant to Fed. R. Civ. P. 34, request Defendant, JOHN COOK to produce

and permit counsel for the Plaintiff to inspect and copy or otherwise reproduce the

documents set forth below which are in the possession, custody or control of you or

your counsel, within the time proscribed by Fed. R. Civ. P. 34. Production is to be

made to Shochet Law Group, 409 N. Main Street, Trenton, FL 32693;

Attorneys@counsel.insure.   Production shall be pursuant to the following

instructions and definitions.

## INSTRUCTIONS

1

1. This request requires production of documents or things in your possession, custody or control, and for documents or things that are in the possession, custody or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody or control.

2. Unless otherwise specifically stated, all requests call for the production of all responsive documents prepared, received, or dated at any time prior to and including the date of production.

3. If any objection is made to any document request, the objection shall state with specificity all grounds.

4. All documents must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories of documents requested below.

5. If any information requested below is withheld based on a claim that it is privileged or otherwise protected from disclosure, you are requested to furnish a list specifying each document for which the privilege is claimed, together with the following information, where appropriate, with respect to each such document:

    a. the date appearing on the document, or if no date appears, the date on which document was prepared;

    b. the name of the person(s) by whom the document was prepared and, if the document is signed, the name of each person(s) who signed the document;

    c. the name of each person to whom the document is addressed;

    d.  the name of each person, other than the addressee(s) identified in (c) above, to  whom the document, or a copy thereof, was sent or with whom the document was discussed;

    e.  the name of the person or persons who currently have custody of the document;

    f.  the specified ground(s) on which the claim of privilege rests;

    g.  the paragraph or subparagraph of this request to which each document responds;

    h.  the general nature of the document, the number of pages of which it consists, and a sufficient description of the subject matter of the document (without disclosing its contents) to allow its description to the court for a ruling on the claim of privilege.

6.  As to any request that is claimed to be overbroad or to seek irrelevant documents, please indicate whether any responsive documents or subcategory of responsive documents are conceded to be discoverable and identify the documents or subcategory of documents that will be produced.

7.  As to any request that is claimed to be unduly burdensome, expensive or oppressive or to which a similar objection is asserted, please provide the following information:

    a.  the approximate number and/or volume of responsive documents;

    b.  the location and manner in which the documents are maintained;

    c.  any particular or unusual burden or effort required to produce the responsive documents;

    d.  the estimated cost of producing responsive documents; and

    e.  any other facts on which you rely in support of your claim that production of responsive documents is unduly burdensome, costly or difficult.

8. For any requested documents that are no longer in existence or which cannot be located:

    a.  identify and describe the document as completely as possible;

    b.  state when and how the document passed out of existence or why it can no longer be located;

    c.  state whether the document was lost, destroyed, discarded, or provided to a third party;

    d.  identify any such third party;

    e.  identify each person having knowledge concerning such document; and

    f.  state any additional information that you have concerning the document's current whereabouts.

9. Any document bearing any marks including, but not limited to, initials, stamped indicia,"cc's", comments or notations not a part of the original text or photographic reproduction thereof, is a separate document to be produced.

10. Whenever a document is not produced in full, state with particularity the reason or reasons why it was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the documents that are not produced, including the content or substance of the content thereof.

11. File folders are to be produced intact with the documents.

12. Documents attached to each other should not be separated.

13. Computerized information and electronic records are to be produced to an intelligible and readable format and are to be accompanied by a description of the system from which they were obtained.

14. Words in the singular including their plural meaning and vice-versa.

15. The conjunction "and" and the disjunction "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted to exclude any information otherwise within the scope of the request.

16. Each pronoun shall include the masculine, feminine, neuter, singular, and plural, as required by the context in which used, and shall not be interpreted to exclude any information otherwise within the scope of the request.

## **DEFINITIONS**

For purposes of this Request, the following terms shall have the meanings set forth below:

1. The term "Document," or "document" shall be construed extremely broadly to mean all intangible things of every nature that contain information, including but not limited to correspondence, communications, writings of every kind, drawings, graphs, charts, agreements, contracts, analyses, appointment records, audio recordings (whether transcribed or not), bills, books, books of account, calendars (personal and business), checks, computer cards, tapes, disks, diskettes, computer printouts, computer programs, diaries, diagrams, drafts, records, financial statements, forms, handbooks, reports, indexes, instruction sheets, manuals, maps, memoranda, minutes, notes (whether handwritten or otherwise), opinions, permits, photographs, plans, proofs, periodicals or other publications, receipts, recordings, reports, service manuals, sketches, specifications, studies, summaries, tags, tapes, telefaxes, telegrams, telephone messages and message slips, telexes, other

telecommunications materials, video recordings, and all other data compilations from which information can be obtained or translated through detection devices or otherwise into reasonably usable form (including all such items in the possession, custody or control of any of your directors, employees, or agents wherever located).

2. The terms "relating," "relating to," "referring," and "referring to," shall mean making a statement about, discussing, describing, reflecting, referencing, concerning, constituting, identifying, dealing with, consisting of, containing, interpreting, summarizing, establishing, comprising, listing, evidencing, substantiating, involving, or in any way pertaining to the subject matter, in whole or in part.

3. The "Plaintiff" is defined above, including the Plaintiff's agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on the Plaintiff's behalf or for the Plaintiff's benefit, either directly or indirectly.

4. "Defendant" shall mean JOHN COOK, including his agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on him behalf or for him benefit, either directly or indirectly.

5. The terms "You," "you," "Your," and "your," shall mean the Defendant as defined above, and all corporations, business enterprises and related organizations controlled in whole or in part by Defendant, or in which Defendant has an interest.

6. "Relevant Time Period" means between January 1, 2020 to date.

## REQUESTS

1. **RFP No. 1:** All Documents and Communications relating to any allegations in this matter, including but not limited to all Communications You have had with any person or entity named in the Complaint, or named in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto).

2. **RFP No. 2:** All Documents and Communications relating to Plaintiff (by name or otherwise) that You have had with any person or entity, including, without limitation, the following people: Russel Meeks (Former Otter Creek Mayor), Your Co-Defendant, Marla Hughes, Melissa Lemmerman, Plaintiff Jeremy Brian Hales, Therese Granger, Martha Rizk, Stephen Granger, Amanda Martin (Former Victim's Advocate), Rhett Cunningham (Amanda Martin's Son), Mary DeGroot (Former Otter Creek Clerk), DeAnna West, Don Severino (Former Otter Creek Council Member), Stuart Stewart (Former Otter Creek Council Member), Steve Warm (Former Otter Creek Attorney), Thomas Collins, Zim Padgett, Marcia Galle (mother of LYNETTE MICHELLE LACY ALEXIS PRESTON), Patti Hill (sister of LYNETTE MICHELLE LACY ALEXIS PRESTON), Debbie Preston, Michelle Preston (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Lindsey Gardner (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Price Gardner (Son In Law of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Samantha Wilson (Step Daughter of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Kathy Reiber ((daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON's Step Daughter's Mother), Ashley Reiber (Step Daughter of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Landon Preston (Grandson of LYNETTE MICHELLE LACY ALEXIS PRESTON), Tyrah Simon (Landon Preston's Girlfriend), Jaime Johnson (prior joint resident who lived on Your Property in Otter Creek, Florida), Jessica Munford (prior joint resident who lived on Your Property in Otter Creek, Florida), Jim Colbertson (prior joint resident who lived on Your Property in Otter Creek, Florida), Andrew Campbell (person who assisted LYNETTE MICHELLE LACY ALEXIS PRESTON with obtaining Winn Dixie Food), Chad VanKampen (who worked on Your Property in Otter

Creek, Florida), Paul Hembree, Elizabeth Baily, Angela Gleason, Shara Wolf, Heather Marion, Vera Borum, Lisa Rapuzzi, Robert Keszey, Laura Croom, Patti Plumber, Victoria Munsell, Dave Techendorf, Kevin Hill, Wayne Woods (Local Flea Market Vendor), Arthur Wiggins, Tina Haley (Otter Creek Neighbor), Brian Haley (Otter Creek Neighbor), and Brett Beauchamp (Levy County Undersheriff).

3. **RFP No. 3**: All Documents relating to any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), including but not limited to all Documents and Communications relating to any investigation into the truth or falsity of any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), by You or anyone else.

4. **RFP No. 4:** All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to this lawsuit, including the Documents and Communications responsive to these Requests.

5. **RFP No. 5:** All phone records sufficient to show all phone numbers and providers You used during the Relevant Time Period and all Documents, including mobile phone billing records, showing the calls You made or received during the Relevant Time Period relating to the allegations in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto).

6. **RFP No. 6:** All Documents and Communications of which You are aware that refute to any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), about Plaintiff.

7. **RFP No. 7:** Documents and Communications sufficient to identify all usernames, handles, aliases, or any other identifiers You have ever used on Social Media to publish information about the Plaintiff, by name or otherwise.

8. **RFP No. 8:** All Documents and Communications that You have produced to Levy County, Florida and/or to any other federal or state governmental agency about the Plaintiff, by name or otherwise.

9. **RFP No. 9:** All engagement letters and invoices, and Documents otherwise sufficient to identify all of the attorneys with whom you have an attorney-client relationship in connection with any civil litigations to which You are a party and/or any civil or criminal litigation, grand jury testimony, and/or state or federal investigations relating to the Plaintiff, by name or otherwise.

10. **RFP No. 10:** All Documents and Communications upon which You plan to rely to assert the existence of any privileges, including the attorney-client, work product, and common interest privileges.

11. **RFP No. 11:** Documents sufficient to show the number of online views and/or impressions of any posts on any of Your Social Media accounts, including but not limited to YouTube Accounts, Rumble Accounts, Twitter Accounts, and Facebook accounts during the Relevant Time Period.

12. **RFP No. 12:** Mobile phone records sufficient to show all phone number and providers You used between January 1, 2021 to date, and all Documents, including mobile phone billing records, showing the calls You made or received between January 1, 2021 to date relating to the Plaintiff, by name or otherwise.

13. **RFP No. 13:** GPS records from either any automobile navigation system or other mobile device sufficient to show Your location on May 11 – May 14, 2023.

14. **RFP No. 14:** All documents relating to any claim referenced in this lawsuit generated by, prepared by, prepared for, or reviewed by a consulting expert who is not designated to testify in the trial of this matter whose opinions or reports have been reviewed by or relied upon by experts who may testify at the trial of this matter.

15. **RFP No. 15:** The curriculum vitae, including a bibliography, for each consulting expert who is not designated to testify at the trial of this matter and whose opinions or reports have been reviewed by or relied upon by experts who may testify at the trial of this matter.

16. **RFP No. 16:** All documents used by You for the purpose of refreshing the recollection of any witness prior to testifying at any hearing, deposition, or trial of this matter.

17. **RFP No. 17:** For each fact for lay witness You expect to testify at the trial of this matter, all documents reviewed by, prepared by, relied upon, provided to, or received from each such witness relevant to this matter.

18. **RFP No. 18:** All documents evidencing communications related to Your investigation of any claim referenced in this lawsuit.

19. **RFP No. 19:** All documents relating to the Plaintiff that You obtained from any source other than the Plaintiff.

20. **RFP No. 20:** All documents in the files of Your attorney in this lawsuit, dated before the date this complaint was filed with this Court, relating to Plaintiff, including, without limitation, communications to third parties.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on November 12, 2024, I served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*

Randall Shochet, Esq.

**SERVICE LIST**

Bruce Matzkin, Esq., pro hac vice
Attorneys for PRESTON and COOK
51 Pleasant Street, # 72
Malden, MA 02148
Brucematzkin1@gmail.com