# SHOCHET LAW GROUP

Randall M. Shochet, Esq.
Doreen Inkeles, Esq.

March 20, 2025

**VIA EMAIL**
Bruce Matzkin, Esq.
51 Pleasant Street, # 72
Malden, MA 02148

Re:     **Hales v. Preston, 1:24-cv-00045-ZCB**

**CONFIDENTIAL COMMUNICATION**

Dear Mr. Matzkin:

My apologies for not getting this to you a few weeks ago after the Court denied with finality your motion for reconsideration regarding order (Doc. 66). Order (Doc. 66) granted our Motion To Compel Production Of Documents (Doc.52). Please forgive me as I was out for approximately nine days with a very serious flu.

I write regarding the Amended discovery responses provided by Defendants in response to Plaintiff's First Set of Requests for Production (the "First Set of RFPs"), which Plaintiff served on November 12, 2024. On December 12, 2024, both Defendants served their initial responses to the First Set of RFPs consisting of boilerplate objections and no privilege log. On January 9, 2025, counsel for Defendants ("You" or "Your") and counsel for Plaintiff participated in a 90-minute *recorded* meet and confer phone call regarding our First Set of RFPs, as required by Court Order (Doc. 53) (the "January 9 M&C"). On January 21, 2025, Defendants served their Amended Responses - filed after our motion to compel production (the "Amended Production").

I write now to memorialize certain deficiencies in the Amended Production.

*Defendants' First Production of Documents on January 21, 2025.*

I write to note a number of deficiencies that we expect Defendants to promptly address.

*First*, the court advised You **as recently as February 26, 2025**, that "[t]he appropriate time to make legally proper objections is when [initially] responding to [a] discovery request. **It is not in response to a motion to compel or in amended responses filed after a motion to compel**." (Doc. 88). Yet in your **amended responses**, you once again raise objections to many Requests. For example, for RFP #1, Your amended response states "without waiving

Bruce Matzkin, Esq.
Deficiency Letter March 20, 2025
Page 2 of 5

objection" certain documents will be produced. This is improper - especially given your objection stating "If this request seeks anything not covered by the other, more-specific requests, the defendant objects that this request does not describe what it seeks with sufficient clarity or specificity."

Similar language is also made in Your amended responses to RFP #2,3,6,7,8 ("If this request seeks something other than the court filings produced by the plaintiff to the defendants, it should be more specific"), RFP #9, RFP #10 ("The applicability of privilege will be determined specifically for any document for which privilege is asserted and that is otherwise responsive to any of the other requests. Any responsive documents withheld on privilege grounds will be identified in accordance with the rules"), and RFP # 17 (also nonresponsive)

*Second,* in order to comply with Defendants' discovery obligations, they must diligently search the documents and communications within their custody or control for responsiveness to Plaintiff's First Set of RFPs. (Rule 34 contemplates "the diligent search through all likely repositories of records"); *U.S. Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.,* 61 F.Supp.3d 1, 7 (D.D.C. 2014) ("**It is not up to the party from whom documents are requested to pick and choose how to present relevant information** . . . ."). *See* Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 37(a)(4) ("incomplete" discovery responses "must be treated as a failure to disclose, answer, or respond"); ("the Rules provide that a party may serve requests for production of documents which are "in the responding party's possession, custody, or control." "*Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.*" *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Again, all of Your objections have already deemed waived.

It is our understanding from Your representations that Defendants have not collected, searched, or produced any materials specific to any of the First Set of RFPs. If that understanding is incorrect, please tell us so. **Either way, please provide a detailed explanation for how Defendants attempted to and/or intended to comply with their discovery obligations in this case, including, without limitation, the complete list of all of Defendant's likely repositories of responsive information, including their electronic devices, email, social media, and communications accounts; their collection methodology; and their search methodology**.

*Third*, Defendant's Amended Responses to Production was produced with insufficient metadata. *See generally The Sedona Principles, Best Practices, Recommendation & Principles for Addressing Electronic Document Production*, 19 SEDONA CONF. J. 1, cmt. 12 (3d ed. 2018). For each document You produced (and there are very few), there is no custodian metadata. The documents have no metadata regarding date or author. **Please promptly reproduce each Defendant's Production with custodian, author, and date metadata for these documents.**

Bruce Matzkin, Esq.
Deficiency Letter March 20, 2025
Page 3 of 5

For the above reasons, Plaintiffs object to Defendants' Amended Responses to our First Set of RFPs as deficient. For convenience I am attaching the Defendants' Amended Responses to our First Set of RFPs.

**Please provide Second Amended Response to our First Set of RFPs addressing the outlined deficiencies by March 30, 2025, considering, especially, the following parts of the First Set of RFPs:**

1. This request requires production of documents or things in your possession, custody or control, and for documents or things that are in the possession, custody or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody or control.

8. For any requested documents that are no longer in existence or which cannot be located:

    1. Identify and describe the document as completely as possible;
    2. State when and how the document passed out of existence or why it can no longer be located;
    3. State whether the document was lost, destroyed, discarded, or provided to a third party;
    4. identify any such third party;
    5. identify each person having knowledge concerning such document; and
    6. state any additional information that you have concerning the document's current whereabouts.

9. Whenever a document is not produced in full, state with particularity the reason or reasons why it was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the documents that are not produced, including the content or substance of the content thereof.

12. Documents attached to each other should not be separated.

13. Computerized information and electronic records are to be produced to an intelligible and readable format and are to be accompanied by a description of the system from which they were obtained.

    And Definitions:

The term "Document," or "document" shall be construed extremely broadly

Bruce Matzkin, Esq.
Deficiency Letter March 20, 2025
Page 4 of 5

to mean all intangible things of every nature that contain information, including but not limited to correspondence, communications, writings of every kind, drawings, graphs, charts, agreements, contracts, analyses, appointment records, audio recordings (whether transcribed or not), bills, books, books of account, calendars (personal and business), checks, computer cards, tapes, disks, diskettes, computer printouts, computer programs, diaries, diagrams, drafts, records, financial statements, forms, handbooks, reports, indexes, instruction sheets, manuals, maps, memoranda, minutes, notes (whether handwritten or otherwise), opinions, permits, photographs, plans, proofs, periodicals or other publications, receipts, recordings, reports, service manuals, sketches, specifications, studies, summaries, tags, tapes, telefaxes, telegrams, telephone messages and message slips, telexes, other telecommunications materials, video recordings, and all other data compilations from which information can be obtained or translated through detection devices or otherwise into reasonably usable form (including all such items in the possession, custody or control of any of your directors, employees, or agents wherever located).

2. The terms "relating," "relating to," "referring," and "referring to," shall mean making a statement about, discussing, describing, reflecting, referencing, concerning, constituting, identifying, dealing with, consisting of, containing, interpreting, summarizing, establishing, comprising, listing, evidencing, substantiating, involving, or in any way pertaining to the subject matter, in whole or in part.

3. The "Plaintiff" is defined above, including the Plaintiff's agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on the Plaintiff's behalf or for the Plaintiff's benefit, either directly or indirectly.

4. "Defendant" shall mean LYNETTE MICHELLE LACY ALEXIS PRESTON, including her agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on her behalf or for her benefit, either directly or indirectly. The terms "You," "you," "Your," and "your," shall mean the Defendant as defined above, and all corporations, business enterprises and related organizations controlled in whole or in part by Defendant, or in which Defendant has an interest.

5. Defendant" shall mean JOHN COOK, including his agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on his behalf or for his benefit, either directly or indirectly. The terms "You," "you," "Your," and "your,"

Bruce Matzkin, Esq.
Deficiency Letter March 20, 2025
Page 5 of 5

> shall mean the Defendant as defined above, and all corporations, business enterprises and related organizations controlled in whole or in part by Defendant, or in which Defendant has an interest.

6. "Relevant Time Period" means between January 1, 2020 to date.

We look forward to your professional response.

Respectfully Submitted,

/s/ *Randall M. Shochet,* Esq.

RMS/ed

---

**SHOCHET LAW GROUP**
**409 N. Main Street**
**Trenton, FL 32693**
**(352) 356-4713**