UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY BRYAN HALES,

Plaintiff,

v.                                              Case No.:1:24-cv-00045-AW-ZCB

LYNETTE MICHELLE
LACY ALEXIS PRESTON
and
JOHN COOK,

Defendants.
_____/

### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LYNETTE MICHELLE LACY ALEXIS PRESTON

JEREMY BRYAN HALES, (the "Plaintiff"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 34, request Defendant, LYNETTE MICHELLE LACY ALEXIS PRESTON to produce and permit counsel for the Plaintiff to inspect and copy or otherwise reproduce the documents set forth below which are in the possession, custody or control of you or your counsel, within the time proscribed by Fed. R. Civ. P. 34. Production is to be made to Shochet Law Group, 409 N. Main Street, Trenton, FL 32693; Attorneys@counsel.insure. Production shall be pursuant to the following instructions and definitions.

## INSTRUCTIONS

1. This request requires production of documents or things in your possession, custody or control, and for documents or things that are in the possession, custody or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody or control.
2. Unless otherwise specifically stated, all requests call for the production of all responsive documents prepared, received, or dated at any time prior to and including the date of production.
3. If any objection is made to any document request, the objection shall state with specificity all grounds.
4. All documents must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories of documents requested below.
5. If any information requested below is withheld based on a claim that it is privileged or otherwise protected from disclosure, you are requested to furnish a list specifying each document for which the privilege is claimed, together with the following information, where appropriate, with respect to each such document:
    a. the date appearing on the document, or if no date appears, the date on which document was prepared;
    b. the name of the person(s) by whom the document was prepared and, if the document is signed, the name of each person(s) who signed the document;
    c. the name of each person to whom the document is addressed;

    d. the name of each person, other than the addressee(s) identified in (c) above, to whom the document, or a copy thereof, was sent or with whom the document was discussed;

    e. the name of the person or persons who currently have custody of the document;

    f. the specified ground(s) on which the claim of privilege rests;

    g. the paragraph or subparagraph of this request to which each document responds;

    h. the general nature of the document, the number of pages of which it consists, and a sufficient description of the subject matter of the document (without disclosing its contents) to allow its description to the court for a ruling on the claim of privilege.

6. As to any request that is claimed to be overbroad or to seek irrelevant documents, please indicate whether any responsive documents or subcategory of responsive documents are conceded to be discoverable and identify the documents or subcategory of documents that will be produced.

7. As to any request that is claimed to be unduly burdensome, expensive or oppressive or to which a similar objection is asserted, please provide the following information:

    a. the approximate number and/or volume of responsive documents;

    b. the location and manner in which the documents are maintained;

    c. any particular or unusual burden or effort required to produce the responsive documents;

    d. the estimated cost of producing responsive documents; and

  e. any other facts on which you rely in support of your claim that production of responsive documents is unduly burdensome, costly or difficult.

8. For any requested documents that are no longer in existence or which cannot be located:

  a. identify and describe the document as completely as possible;

  b. state when and how the document passed out of existence or why it can no longer be located;

  c. state whether the document was lost, destroyed, discarded, or provided to a third party;

  d. identify any such third party;

  e. identify each person having knowledge concerning such document; and

  f. state any additional information that you have concerning the document's current whereabouts.

9. Any document bearing any marks including, but not limited to, initials, stamped indicia,"cc's", comments or notations not a part of the original text or photographic reproduction thereof, is a separate document to be produced.

10. Whenever a document is not produced in full, state with particularity the reason or reasons why it was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the documents that are not produced, including the content or substance of the content thereof.

11. File folders are to be produced intact with the documents.

12. Documents attached to each other should not be separated.

13. Computerized information and electronic records are to be produced to an intelligible and readable format and are to be accompanied by a description of the system from which they were obtained.
14. Words in the singular including their plural meaning and vice-versa.
15. The conjunction "and" and the disjunction "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted to exclude any information otherwise within the scope of the request.
16. Each pronoun shall include the masculine, feminine, neuter, singular, and plural, as required by the context in which used, and shall not be interpreted to exclude any information otherwise within the scope of the request.

## DEFINITIONS

For purposes of this Request, the following terms shall have the meanings set forth below:

1. The term "Document," or "document" shall be construed extremely broadly to mean all intangible things of every nature that contain information, including but not limited to correspondence, communications, writings of every kind, drawings, graphs, charts, agreements, contracts, analyses, appointment records, audio recordings (whether transcribed or not), bills, books, books of account, calendars (personal and business), checks, computer cards, tapes, disks, diskettes, computer printouts, computer programs, diaries, diagrams, drafts, records, financial statements, forms, handbooks, reports, indexes, instruction sheets, manuals, maps, memoranda, minutes, notes (whether handwritten or otherwise), opinions, permits, photographs, plans, proofs, periodicals or other publications, receipts, recordings, reports, service manuals, sketches, specifications, studies, summaries, tags, tapes, telefaxes, telegrams, telephone messages and message slips, telexes, other

telecommunications materials, video recordings, and all other data compilations from which information can be obtained or translated through detection devices or otherwise into reasonably usable form (including all such items in the possession, custody or control of any of your directors, employees, or agents wherever located).

2. The terms "relating," "relating to," "referring," and "referring to," shall mean making a statement about, discussing, describing, reflecting, referencing, concerning, constituting, identifying, dealing with, consisting of, containing, interpreting, summarizing, establishing, comprising, listing, evidencing, substantiating, involving, or in any way pertaining to the subject matter, in whole or in part.

3. The "Plaintiff" is defined above, including the Plaintiff's agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on the Plaintiff's behalf or for the Plaintiff's benefit, either directly or indirectly.

4. "Defendant" shall mean LYNETTE MICHELLE LACY ALEXIS PRESTON, including her agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on her behalf or for her benefit, either directly or indirectly.

5. The terms "You," "you," "Your," and "your," shall mean the Defendant as defined above, and all corporations, business enterprises and related organizations controlled in whole or in part by Defendant, or in which Defendant has an interest.

6. "Relevant Time Period" means between January 1, 2020 to date.

# REQUESTS

**RFP No. 1:** All Documents and Communications to support your first affirmative defense that the defamatory signs and statements were "otherwise known to only three individuals all of them plaintiff admits knew the statements on the signs were false."

**RFP No. 2:** All Documents and Communications to support your second affirmative defense.

**RFP No. 3**: All Documents and Communications to support your third affirmative defense.

**RFP No. 4:** All Documents and Communications to support your fourth affirmative defense.

**RFP No. 5:** All Documents and Communications to support your fifth affirmative defense.

**RFP No. 6:** All Documents and Communications to support your allegations **in paragraphs 1 through 14** of your "counterclaims."

**RFP No. 7:** All Documents and Communications to that show that you have suffered severe emotional distress as described in your "counterclaims" (sic).

**RFP No. 8:** All Documents which support the claims You made in the operative Complaint in this case.

**RFP No. 9:** All screenshots of any webpages which contain Your image or likeness which you contend support the claims You made in Count Two and Count Three of your "counterclaims"

**RFP No. 10:** All Documents published by Plaintiff that would show that your photo, image and/or likeness on Defendants' YouTube pages and/or in video thumbnails on Defendants' YouTube pages was/were not taken in a public place.

**RFP No. 11:** All Documents published by Plaintiff that would show that your photo, image and/or likeness on Defendants' YouTube pages and/or in video thumbnails on Defendants' YouTube pages was/were not already publicized elsewhere and republicized.

**RFP No. 12:** All Documents published by Plaintiff that would show that your photo, image and/or likeness on Defendants' YouTube pages and/or in video thumbnails on Defendants' YouTube pages was/were not taken from public records or proceedings.

**RFP No. 13:** All Documents published by Plaintiff that would show that your photo, image and/or likeness on Defendants' YouTube pages and/or in video thumbnails on Defendants' YouTube pages was/were not acquired by legitimate means.

**RFP No. 14:** All Documents published by Plaintiff that would show that your photo, image and/or likeness on Defendants' YouTube pages and/or in video thumbnails on Defendants' YouTube pages was/were used to **directly promote** a product or service of the publisher.

**RFP No. 15:** All Documents to support your claim in Count Three of your "counterclaims" that you have suffered severe emotional distress as a result of an invasion of your privacy.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 24, 2024, I served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*

Randall Shochet, Esq.

**SERVICE LIST**

Bruce Matzkin, Esq., pro hac vice
Attorneys for PRESTON and COOK
51 Pleasant Street, # 72
Malden, MA 02148
Brucematzkin1@gmail.com