## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | |
|---|---|
| **JEREMY B. HALES**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-45AW-ZCB |
| vs. | ) |
| | ) |
| **LYNETTE MICHELLE LACEY** | ) |
| **ALEXIS PRESTON** | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN COOK**, | ) |
| | ) |
| Defendants. | ) |
| _____ | / |

<u>**PLAINTIFF'S SECOND MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS AND MOTION FOR BETTER RESPONSES FROM
DEFENDANTS PRESTON AND COOK**</u>

Pursuant to the Court's Order dated February 26, 2025 (Doc. 88), Federal

Fed. R. Civ. P. 37 and Rule 26.1 (d) of the Local Rules for the United States

District Court for the Northern District of Florida, Plaintiff Jeremy B. Hales

respectfully requests that the Court issue an order compelling Defendant Lynette

Michelle Lacey Alexis Preston ("Defendant Preston") and Defendant John Cook

("Defendant Cook") - collectively  "Defendants" - to fulfill their discovery

obligations, including by searching for and either producing or justifying the

withholding of all materials in their possession, custody, or control responsive to

Plaintiff's requests for production (Plaintiff's First Set and Second Set of Requests for Production) and providing a sworn declaration regarding the preservation efforts the Defendants have taken, all locations and data that the Defendants used to communicate about relevant topics, and the searches the Defendants have conducted to locate responsive documents.

Plaintiff also requests that the Court award attorneys' fees for the costs of this Motion and any additional sanctions the Court deems appropriate.

## **INTRODUCTION**

For nearly 137 days, both Defendants have avoided fulfilling their most basic discovery obligations, including by refusing to search for and produce all responsive documents even after the Court ordered that

> "[t]he appropriate time to make legally proper objections is when responding to the discovery requests. *It is not* in a response to a motion to compel or *in amended responses filed after a motion to compel* (emphasis added)." (Doc. 88)

In good faith, Plaintiff has attempted since December 2024 to resolve these discovery disputes without Court intervention. While the parties were able to narrow certain issues following the January 9, 2025 ninety minute phone conference, the parties remain at an impasse regarding (1) Defendants' continued objections made in their *amended responses* sent January 21, 2025, (2) Defendants' refusal to search for and produce all responsive materials (despite the Court's Order that Defendants

must produce responsive documents within their possession, custody, or control

(Doc. 88), or (3) Defendants' refusal to detail their efforts to preserve, collect, and

search potentially responsive data and locations that may contain such materials.

Both Defendants have refused to state whether or not they diligently searched for

and are still refusing to produce any materials responsive to two (of four) sets of

Plaintiff's Requests for Production ("RFPs"), copies being attached hereto as Exhibit

1 and Exhibit 2.

For the following Requests for Production, **Defendants continue to make**

**objections in their *amended responses*** to RFP # 1, 2, 3, 6, 7, 9, and 17. See Exhibit

3 and Exhibit 4.

- RFP No. 1: All Documents and Communications relating to any allegations in this matter, including but not limited to all Communications You have had with any person or entity named in the Complaint, or named in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto).

- RFP No. 2: All Documents and Communications relating to Plaintiff (by name or otherwise) that You have had with any person or entity, including, without limitation, the following people: Russel Meeks (Former Otter Creek Mayor), Your Co-Defendant, Marla Hughes, Melissa Lemmerman, Plaintiff Jeremy Brian Hales, Therese Granger, Martha Rizk, Stephen Granger, Amanda Martin (Former Victim's Advocate), Rhett Cunningham (Amanda Martin's Son), Mary DeGroot (Former Otter Creek Clerk), DeAnna West, Don Severino (Former Otter Creek Council Member), Stuart Stewart (Former Otter Creek Council Member), Steve Warm (Former Otter Creek Attorney), Thomas Collins, Zim Padgett, Marcia Galle (mother of LYNETTE MICHELLE LACY ALEXIS PRESTON), Patti Hill (sister of LYNETTE MICHELLE LACY ALEXIS PRESTON),

Debbie Preston, Michelle Preston (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Lindsey Gardner (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Price Gardner (Son In Law of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Samantha Wilson (Step Daughter of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Kathy Reiber ((daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON's Step Daughter's Mother), Ashley Reiber (Step Daughter of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Landon Preston (Grandson of LYNETTE MICHELLE LACY ALEXIS PRESTON), Tyrah Simon (Landon Preston's Girlfriend), Jaime Johnson (prior joint resident who lived on Your Property in Otter Creek, Florida), Jessica Munford (prior joint resident who lived on Your Property in Otter Creek, Florida), Jim Colbertson (prior joint resident who lived on Your Property in Otter Creek, Florida), Andrew Campbell (person who assisted LYNETTE MICHELLE LACY ALEXIS PRESTON with obtaining Winn Dixie Food), Chad VanKampen (who worked on Your Property in Otter Creek, Florida), Paul Hembree, Elizabeth Baily, Angela Gleason, Shara Wolf, Heather Marion, Vera Borum, Lisa Rapuzzi, Robert Keszey, Laura Croom, Patti Plumber, Victoria Munsell, Dave Techendorf, Kevin Hill, Wayne Woods (Local Flea Market Vendor), Arthur Wiggins, Tina Haley (Otter Creek Neighbor), Brian Haley (Otter Creek Neighbor), and Bret Beauchamp (Levy County Undersheriff).

- RFP No. 3: All Documents relating to any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), including but not limited to all Documents and Communications relating to any investigation into the truth or falsity of any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), by You or anyone else.

- RFP No. 6: All Documents and Communications of which You are aware that refute to any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), about Plaintiff.

- RFP No. 7: Documents and Communications sufficient to identify all usernames, handles, aliases, or any other identifiers You have ever used on Social Media to publish information about the Plaintiff, by name or otherwise.

- RFP No. 9: All engagement letters and invoices, and Documents otherwise sufficient to identify all of the attorneys with whom you have an attorney client relationship in connection with any civil litigations to which You are a party and/or any civil or criminal litigation, grand jury testimony, and/or state or federal investigations relating to the Plaintiff, by name or otherwise.

- RFP No. 17: For each fact for lay witness You expect to testify at the trial of this matter, all documents reviewed by, prepared by, relied upon, provided to, or received from each such witness relevant to this matter.

Moreover, **Defendants do not appear to have ever engaged in a collection (professional or otherwise**) of all potential sources of responsive information to the following Requests for Production, which are therefore insufficient: RFP # 5, 8, 10, 11, 12, 13, 18, 19, and 20.

Defendants have not confirmed whether they have ever searched any of their own social media/email accounts or engaged in any search of any of their text messages or messaging applications. Defendants responses to RFP No. 4 ("All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to this lawsuit, including the Documents and Communications responsive to these Requests") is that "[t]here are no

responsive documents." (Exhibits 1 -2). As stated in Plaintiff's First Motion To

Compel Discovery (Doc. 52):

> [Defendants'] Discovery Responses stated that each
> Defendant will only produce (at some unstated date) the
> texts that each Defendant still "saved." See Discovery
> Responses to RFP 1,2,3, and 6. This is very 'convenient.'
> So, if the Defendant says "I didn't save" it" - it's gone.

In their amended responses, to the same request, defendants, again lodged objections

to RFP 1, 3, and 6, and produced *nothing* in RFP 2 (See Exhibit 5 and Exhibit 6)

This means Defendants' decision to opt out of meaningfully participating in the

discovery process violates the Federal Rules, this Court's Order dated February 26,

2025 (Doc. 88) and necessitates the Court entering the relief Plaintiff respectfully

requests herein.

## BACKGROUND

Since the Court's Order dated February 26, 2025 (Doc. 88) instructing

Defendants that they may not object to any amended discovery responses,

Defendants still maintain the objections to their amended discovery responses, and

*have produced nothing* despite being advised that if "Defendants have responsive

documents within their possession, custody, or control, then they should provide

such" to Plaintiff.

On March 20, 2025, Plaintiff sent Defendants' counsel a deficiency letter,

which specifies - even further - Defendants' deficient responses, a copy being

attached hereto as Exhibit 7. As of today, there have been no further responses, and Defendants refuse to engage in any diligent search.

Despite Plaintiff seeking this information since November 12, 2024, Defendants have never provided Plaintiff or the Court with an explanation of the steps (if any) they have taken to preserve responsive materials or to search the full universe of records potentially responsive to Plaintiff's requests within their possession, custody, or control. There has not even been a response to Plaintiff's First Deficiency Letter.

Plaintiff served their Second Set of Requests for Production ("Second RFPs") on served on February 24, 2025. As of today, nothing has been produced and **there has been no response by Defendants to the Second RFPs**. See Exhibit 8 and Exhibit 9. Accordingly, on March 27, 2025, Plaintiff sent Defendants a Second Deficiency Letter, a copy being attached here too, as Exhibit 10.

## **MEMORANDUM OF LAW**

Fed. R. Civ. P. 37(e) provides for certain forms of relief when a party "fail[s] to take reasonable steps to preserve" electronically stored information "that should have been preserved in the anticipation or conduct" of litigation. Under the Federal Rules, "the presumption is that the responding party must bear the expense of complying with discovery requests" including when discovery is stored electronically. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

When a party fails to obey a discovery order, Fed. R. Civ. P. 37(b) authorizes the Court to "issue further just orders," including the imposition of sanctions such as "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," or "treating as contempt of court the failure to obey" an order. Fed. R. Civ. P. 37(b)(2)(A). "Rule 37(b) provides comprehensively for sanctions for failure to obey discovery orders." 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2289 (1970 and 1992 Supp.).

When a court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless certain circumstances exist;[1] *Cf. Shatsky v. Syrian Arab Republic*, 312 F.R.D.

---

[1] The circumstances are that "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

219, 223–30 (D.D.C. 2015) ("Rule 26(e) states that once a party has responded to a request for production, it must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e) does not sanction late disclosure for late disclosure's sake. Nor is it a license to sandbag the opposing party with reams of pertinent information on the eve of summary judgment. Simply stated, Rule 26(e) is not, nor has it ever been, carte blanche to ignore Court-imposed deadlines."). **Yet with the discovery deadline just three days away, Defendants' delays seem calculated to sandbag Plaintiff in the hopes that there will be no extensions, especially to those regarding summary judgment.**

The Court should compel Defendants (1) to review each of Plaintiff's document requests, (2) to perform a complete and thorough search for responsive documents, including social media, emails and faxes, (3) to provide responsive documents to Plaintiff, and (4) upon completion of discovery, to certify to the Court that they have responded fully to all document requests and that no other responsive documents exist as of the time of certification.

## ARGUMENT

### 1. The Court Should Compel Defendants To Detail Their Preservation

**Efforts To Date.**

To date, Defendants (personally or via counsel) have not articulated any specific steps they have made to preserve what they know, or reasonably should know, what is relevant in the action, what is reasonably calculated to lead to the discovery of admissible evidence, what is reasonably likely to be requested during discovery, and/or what is the subject of a pending discovery request." *See* Fed. R. Civ. P. 37(e); *Palmieri v. United States*, 72 F. Supp. 3d 191, 215 (D.D.C. 2014) (Rule 26 imposes implicit duty to preserve relevant documents and records), aff'd, 896 F.3d 579 (D.C. Cir. 2018). A District Court has broad discretion in managing discovery and handling disputes. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013).

Here, Defendants' responses are completely inadequate. This is because Defendants' responses to Plaintiff's document requests have been incomplete and its objections to production are now waived. Defendants refuse to engage in a search for or produce any materials responsive to the First Set of RFPs.

Defendants must - but have failed to - search for or produce all records in their possession, custody, or control, which the law defines as those one has the "right, authority, or practical ability to obtain." *Cf. In re Zantac Ranitidine Prods. Liab. Litig.,* No. MDL No.2924, 2021 U.S. Dist. LEXIS 76346, *18-19 (S.D. Fla. Apr. 16, 2021) ("The Eleventh Circuit has held that, for purposes of Rule 34, "[c]ontrol is

defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock*, 736 F.2d at 653. Other cases in this District involving sibling companies extend "control" to include situations where a litigant has the "practical ability" to obtain materials. *Costa v. Kerzner Intern. Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) (J. Seltzer.) (citations omitted) ("Control . . . does not require that a party have legal ownership or actual physical possession of the documents at issue," but merely requires that a party has the "right, authority, or practical ability to obtain the materials sought on demand.").

*Inter alia*, as far as their GPS records (RFP 13), phone records (RFP 5) mobile phone records (RFP 12), Defendants merely respond "[t]here are no responsive documents in the defendant's possession, custody or control" (1) without acknowledging their legal right to obtain the documents requested upon demand from vendors, (2) apparently without searching for those responsive documents available from the provider itself, and (3) without providing any basis for their refusal to produce materials to which they have actual or practical access. Nor have Defendants (nor can they) claimed that obtaining these records would constitute any burden.

Plaintiff does not need to perform Defendants' discovery duties to obtain responsive information that is reasonably accessible *to them*. See generally Fed. R. Civ. P. 26. Defendants should not be exempt from the discovery obligations of

searching for and producing all materials in their possession, custody, or control as defined by the Eleventh Circuit. Defendants should therefore be ordered to provide the Court with a declaration that details all efforts used to communicate about any materials responsive to any of Plaintiff's RFPs (including but not limited to specific email accounts, text messages, messaging applications, social media, devices, hardware, and any form of communication), and what searches, if any, have occurred.

**2. The Court Should Compel Defendants To Respond To Plaintiff's Second Set Of RFPs And Grant Plaintiff Additional Relief And Sanction Defendants.**

Plaintiff filed this motion only after (1) "attempting in good faith to obtain the disclosure or discovery without court action," (2) sending out **Two Deficiency Letters,** and (3) participating in a 90 minute discovery phone conference – all of which provided Defendants additional opportunity to cure deficiencies. Yet, since being served with Plaintiff's First Set of RFPs Defendants have been unwavering in their resistance to participating in even the most basic discovery and must pay for Plaintiff's efforts to compel Defendants' participation.

**3. The Court Should Preclude Defendants From Relying On Any Evidence Not Provided In Their Initial Disclosures.**

The Court should preclude Defendants from relying on witnesses or information not provided in their Initial Disclosures. *See* Fed. R. Civ. P. 37(c)(1) ("If

a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). This means Defendants should not be allowed to testify about conversations which occurred with anyone whom they do not list in their Initial Disclosures.

4. **The Court Should Impose Additional Sanctions As It Deems Appropriate Because Defendants' conduct (or lack thereof) during discovery has prejudiced Plaintiff.**

Plaintiff has incurred significant time and expense conferring with Defendants' counsel, including the lengthy deficiency letter, over the course of the last few months. In response, Defendants have delayed and obfuscated at every turn. So much so that Defendants were essentially given until March 4, 2025 to respond to Plaintiff's First Set of RFPs - which were served in November, 2024. In other words, something *which should've been produced in December 2025*, was not ultimately produced *until March 4, 2025* - due to Defendants' many delays/requests for "clarification" which included a Motion For Reconsideration (denied) of this Court's Order granting Plaintiff's First Motion To Compel Production of Plaintiff's First Set of RFPs. The First Deficiency Letter follow thereafter. Plaintiff does not wish to depose Defendants without their having complied with discovery, because responsive materials must exist and must be produced. For their conduct, Plaintiff

respectfully submits that the Court should exercise its inherent power and broad discretion to order contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions it finds necessary to assess against Defendants, For example, Plaintiff respectfully suggests while deferring to the Court's discretion of what sanctions are appropriate, that the Court could preclude Defendants from relying on any document, or any testimony relevant to such document, that Plaintiff has requested but which they do not produce. *Shatsky*, 312 F.R.D. at 229 (precluding offending party from relying on documents requested but "untimely produced in the litigation").

Recently, in an attempt a filing a Motion for Summary Judgment during the recent stay of this case, documents were attached which were never produced by Defendants and are responsive to Plaintiff's discovery requests.

Accordingly, Plaintiff requests an extension of the discovery deadline of 45 days - after these responses have been made - to allow for the deposition of the Defendants, and expert witness discovery.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion and :

1.  Compel Defendants to collect, search, and produce all materials responsive to all of Plaintiff's RFPs, specifically detailing the searches Defendants

performed specifically for materials responsive to Plaintiff's RFPs, within fifteen (15) days of the Court's Order, and bear all related costs;

2. Compel Defendants to file a declaration subject to penalty of perjury requiring Defendants to detail to the Court within five (5) days of the Court's Order: All efforts taken to preserve, collect, and search potentially responsive data/documents; a complete list of all "locations and data" that Defendants used to communicate about any materials responsive to any of Plaintiff's RFPs (including but not limited to vendors, specific email accounts, text messages, messaging applications, social media, devices, hardware, and any form of communication).

3. Preclude Defendants from relying on any evidence not provided in their initial disclosures;

4. Preclude Defendants from relying on any document, or any testimony relevant to such document, that Plaintiff has requested but which they do not produce, and/or have not produced to date;

5. Award Plaintiff costs incurred for the filing of the Motion, subject to a future filing detailing the same;

6. Extend the discovery deadline to 45 days after the responses compelled by this Order have been made - to allow for the deposition of the Defendants, and expert witness discovery; and

7. Order any additional forms of relief so desired by the Court, including those

discussed herein.

Plaintiff requests oral argument - should the Court have any remaining questions not

addressed by the briefing.

## GOOD FAITH CERTIFICATION

Pursuant to Local Rule 7.1(b): (1) Counsel for Plaintiff conferred with

Defendant Preston Pro Se via written correspondence via email and with Defendant

Cook via written correspondence via email in a good faith effort to resolve the issues

raised by the Motion; and (2) the Parties were unable to agree on the resolution of

the issues raised by this Second Motion to Compel.


Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales
409 N. Main Street
Trenton, FL 32693
By: /s/ Randall Shochet
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 13, 2025, I electronically filed the foregoing
document with the Clerk of Court using CM/ECF. I also certify that the foregoing
document is being served on this day on all counsel of record, via email to the
Service List below.

By: <u>/s/ *Randall Shochet*</u>
Randall Shochet, Esq.

## **SERVICE LIST**

LYNETTE MICHELLE LACEY
ALEXIS PRESTON, pro se

JOHN COOK, pro se