UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **JEREMY B. HALES,** | : | Civil Action No.: |
| | : | 1:24-CV-00045-AW-ZCB |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **LYNETTE MICHELLE LACEY ALEXIS PRESTON** | : | |
| and | : | |
| **JOHN COOK,** | : | |
| | : | |
| **Defendants** | : | |

# DEFENDANT LYNETTE PRESTON'S AMENDED RESPONSES TO PLAINITFF'S DOCUMENT REQUESTS [1]

1. RFP No. 1: All Documents and Communications relating to any allegations in this matter, including but not limited to all Communications You have had with any person or entity named in the Complaint, or named in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto).

**Objections:**

The defendants object on the ground that this request is overbroad, unduly burdensome, not limited in time, and not narrowly tailored to seek relevant evidence. It is an all-encompassing request covering all documents that could possibly be relevant but without any narrowly tailored request for a specific category of documents. It covers every "person or entity named" and "any allegations in this matter," but leaves it to the defendant to search through the complaint and summary judgment opposition to identify and create a list of

---

[1] Before filing a motion to compel the plaintiff's counsel refused to confer over the phone to narrow the issues, necessitating a court-ordered phone conference which was held on January 9. Until that conference the defendants did not understand many of the plaintiff's requests given their vagueness and confusing language, that some called for information in the nature of interrogatories, and some were too unspecific and overbroad to be able to determine what was being requested. These amended responses and objections, which were formulated following the phone conference, govern.

"persons or entities named," rather than simply listing the persons/entities to which the request pertains.

Once that exercise is complete, the defendant must then determine what are the "allegations in this matter" covered by the request, rather than the plaintiff simply quoting or citing the locations of the allegations to which this request pertains (i.e., "the allegations in paragraph 25 of the Complaint").

The request therefore lacks sufficient specificity and improperly burdens the defendant with figuring out the specific persons, entities and allegations and leaves her open to the plaintiff's whim to claim she has not complied.

If this request seeks anything not covered by the other, more-specific requests, the defendant objects that this request does not describe what it seeks with sufficient clarity or specificity.

**Response:**

Without waiving objection, all documents produced in response to the other requests are responsive to this request, and there are no further responsive documents that are responsive to this request.


2. RFP No. 2: All Documents and Communications relating to Plaintiff (by name or otherwise) that You have had with any person or entity, including, without limitation, the following people: Russel Meeks (Former Otter Creek Mayor), Your Co-Defendant, Marla Hughes, Melissa Lemmerman, Plaintiff Jeremy Brian Hales, Therese Granger, Martha Rizk, Stephen Granger, Amanda Martin (Former Victim's Advocate), Rhett Cunningham (Amanda Martin's Son), Mary DeGroot (Former Otter Creek Clerk), DeAnna West, Don Severino (Former Otter Creek Council Member), Stuart Stewart (Former Otter Creek Council Member), Steve Warm (Former Otter Creek Attorney), Thomas Collins, Zim Padgett, Marcia Galle (mother of LYNETTE MICHELLE LACY ALEXIS PRESTON), Patti Hill (sister of LYNETTE MICHELLE LACY ALEXIS PRESTON), Debbie Preston, Michelle Preston (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Lindsey Gardner (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Price Gardner (Son In Law of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Samantha Wilson (Step Daughter of (daughter of

LYNETTE MICHELLE LACY ALEXIS PRESTON), Kathy Reiber ((daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON's Step Daughter's Mother), Ashley Reiber (Step Daughter of (daughter of LYNETTE MICHELLE LACY ALEXIS PRESTON), Landon Preston (Grandson of LYNETTE MICHELLE LACY ALEXIS PRESTON), Tyrah Simon (Landon Preston's Girlfriend), Jaime Johnson (prior joint resident who lived on Your Property in Otter Creek, Florida), Jessica Munford (prior joint resident who lived on Your Property in Otter Creek, Florida), Jim Colbertson (prior joint resident who lived on Your Property in Otter Creek, Florida), Andrew Campbell (person who assisted LYNETTE MICHELLE LACY ALEXIS PRESTON with obtaining Winn Dixie Food), Chad VanKampen (who worked on Your Property in Otter Creek, Florida), Paul Hembree, Elizabeth Baily, Angela Gleason, Shara Wolf, Heather Marion, Vera Borum, Lisa Rapuzzi, Robert Keszey, Laura Croom, Patti Plumber, Victoria Munsell, Dave Techendorf, Kevin Hill, Wayne Woods (Local Flea Market Vendor), Arthur Wiggins, Tina Haley (Otter Creek Neighbor), Brian Haley (Otter Creek Neighbor), and Brett Beauchamp (Levy County Undersheriff).

**Objections:**

The phrase "all documents … that You have had with any person or entity" does not make sense, as one does not "have documents with" people.

Regarding "communications," the plaintiff seeks to impose on the defendant the burden of finding and producing literally every message, post, comment, text, email, etc. "relating" to the plaintiff since January 1, 2020, with not only any of the 51 persons listed but with anyone else and somehow creating non-existent documents of them.  This request is not reasonably or narrowly tailored to seek discoverable, relevant evidence, but is designed to place the defendant to unreasonable burden and it is a classic "fishing expedition" for evidence in support of claims.  <u>Porter v. Ray</u>, 461 F.3d 1315, 1324 (11th Cir. 2006) ("While discovery is broad, parties may not engage in a 'fishing expedition' to obtain evidence to support their claims or defenses.").

Communications are not "documents" and the defendant has no obligation to create documents that do not exist.

The plaintiff wants to discover everything the defendant ever said, privately, to anyone including their own family members, that "relates" to him, without explanation as to how

3

communications with any of the listed people (or non-listed) can somehow be expected to lead to admissible evidence.  As shown in the Complaint and opposition to summary judgment, and by the documents the plaintiff produced in response to the defendants' document requests, any and all written communications that "relate to him" are offered as evidence, regardless of whether a particular communication actually supports his claims in this case.

The defendants also object because it appears this request pertains chiefly (if not exclusively) to the plaintiff's search for evidence of extortion, and so its relevance is highly questionable considering the Court's imminent dismissal of that count on the defendant's 12(b)(6) motion.

To the extent this request is in search of defamation, the defendants object because the plaintiff cannot bring a defamation lawsuit based on non-actionable statements in order to use discovery to search for actionable conduct or statements that he hopes will support his claims. If the plaintiff needs to find defamatory statements about him via discovery of private communications, such statements would be non-actionable because they would not meet the element of publication, and thus are irrelevant and the burden of producing them outweighs any benefit to the plaintiff.

**Response:**

Without waiving objections, the defendants provide the following private communications:

Defendant Preston's communications with the plaintiff.
Defendant Preston's communications with Therese Granger.
Defendant Preston's communications with Heather Marion.
Defendant John Cook's communications with Thomas Collins.


There are no responsive documents being withheld subject to objection.


3. RFP No. 3: All Documents relating to any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), including but not limited to all Documents and Communications relating to any investigation into the truth or falsity of any Statement attributed

4

to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), by You or anyone else.

**Objections:**

This request leaves it to the defendant to search through the complaint and summary judgment opposition to identify and create a list of statements to which it pertains rather than simply citing them.

The request therefore lacks sufficient specificity and improperly burdens the defendant with figuring out the specific statements and leaves it open to the plaintiff's whim to claim that the defendant has not complied.

**Response:**

Re: "Documents and Communications relating to any investigation into the truth or falsity of" the list of statements, without waiving objection, there are no responsive documents "relating to any investigation" as the defendant did not conduct any "investigations into the truth or falsity" of any statements attributed to them.


4. RFP No. 4: All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to this lawsuit, including the Documents and Communications responsive to these Requests.

**Response:**

There are no responsive documents.


5. RFP No. 5: All phone records sufficient to show all phone numbers and providers You used during the Relevant Time Period and all Documents, including mobile phone billing records, showing the calls You made or received during the Relevant Time Period relating to the allegations in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto).

**Objections:**

This request is not reasonably or narrowly tailored to seek discoverable, relevant evidence, but is designed to place the defendants to unreasonable burden, and it is a classic "fishing expedition" for evidence in support of claims.  Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) ("While discovery is broad, parties may not engage in a 'fishing expedition' to obtain evidence to support their claims or defenses.").

How can the defendants know if a call "related to the allegations in the Complaint" from a call log?

This request seeks documents obtainable from third parties as easily or more easily than the defendants can obtain them, and/or would require the defendants to create documents that do not exist.

This request would impose on the defendants the burden of going through phone call logs since January 1, 2020 and somehow knowing which individual calls "related to the allegations" in this case, which is impossible.

Even if just providing the phone logs without identifying specific entries as "relating to the allegations," this request would divulge every single phone call the defendants made or received, which would enable the plaintiff to call any number to determine whom it belongs to and to ask whoever answers on the other end whatever he wants about the defendants to use for whatever purpose he wants (such as YouTube content).  This is a license for him to invade the defendants' privacy and use whatever information he finds out for whatever purposes he wishes.

There is no reasonable expectation of discovering any admissible evidence nor is the request narrowly tailored for that purpose.  The burden of this request outweighs any benefit because the plaintiff cannot explain what relevant evidence he expects to discover through this request.

The defendants further object because the plaintiff's current Complaint, and the summary judgment opposition, collectively contain the totality of alleged statements by the defendant for which plaintiff claims (a) defamation, (b) extortion (claims to be dismissed), and (c) tortious interference.  If any are actionable, there would be no need for him to invade the defendant's private communications in search of evidence.  There is no apparent connection to any of these claims or the factual allegations underlying them with the request for all

communications "relating to" the plaintiff since January 1, 2020 (or for any time period). Nothing the plaintiff can discover in private communications will magically change the non-actionable statements identified in the Complaint and summary judgment opposition into actionable ones.  Rather, this request is a classic "fishing expedition."  Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) ("While discovery is broad, parties may not engage in a 'fishing expedition' to obtain evidence to support their claims or defenses.").

The defendants further object because as a public figure the plaintiff is not entitled to insert into a court document a hodgepodge of statements he finds offensive or are critical of him but which are not remotely actionable by a public figure, cram them into attenuated legal claims, and then use that as justification to invade private lives and communications in search of who-knows-what for his use who-knows-how (although his regular practice is to make YouTube content doxing private communications involving the defendants that he procures from any source).

The defendants further object because the plaintiff's purpose for this request is to burden the defendants and the plaintiff's intent and motive to abuse and exploit litigation for ulterior purposes was admitted by him publicly: "A lawsuit isn't to win a lawsuit.  It's to make you spend all your money on a lawyer and bankrupt you.  That's what the win is. I could care less if I win in court.  If I win in court situation, my goal is to make sure you have no money. That is the goal of the lawsuit."


6. RFP No. 6: All Documents and Communications of which You are aware that refute to any Statement attributed to You in the Complaint or in Plaintiff's Responses in Opposition to Your Motion For Summary Judgment (including all Exhibits attached thereto), about Plaintiff.

**Objections:**

It is unknown what the novel phrase "refute to" means in this request.  If it means "refute" and "to" was added inadvertently, it could either pertain to documents that refute the truth of the defendant's own statements, or it could pertain to documents that refute the plaintiff's allegations that the defendant *made* the statements at issue.

**Responses:**

Without waiving objection, the defendants have no responsive documents. The report of a handwriting expert refuting that the defendant Preston wrote the "defamatory roadside signs" forming the basis for the plaintiff's defamation claims will be produced in accordance with FRCP 26.

7. RFP No. 7: Documents and Communications sufficient to identify all usernames, handles, aliases, or any other identifiers You have ever used on Social Media to publish information about the Plaintiff, by name or otherwise.

**Objection:**

This request is not reasonably or narrowly tailored to seek discoverable, relevant evidence, but is designed to place the defendant to unreasonable burden and time consumption, and it is a classic "fishing expedition" for evidence in support of claims. Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) ("While discovery is broad, parties may not engage in a 'fishing expedition' to obtain evidence to support their claims or defenses.").

The plaintiff's claims require him to identify allegedly defamatory statements and allegedly extortionist statements in order to support his claims. He is using discovery to find such statements, not to discover relevant information about his existing claims.

Furthermore, this request would require the defendant to create documents, which is not required to fulfill document requests. The information sought in this request can be obtained more easily by the plaintiff by accessing the public pages listed below.

**Response:**

Without waiving objections, defendants' social media names and groups:

Preston/YouTube: "The Otter Creek Preston Fam, Pickles & Me"

Preston/Facebook profile: "Preston Michelle Sr. (Lacy Alexis)"

Cook/YouTube: "John Cook"

Cook/Facebook: "John Cook"

"I Do Marriage Ministries" – public page

"Otter Creek's Standing in the Truth" – public page

"It's a Shell Thing Inc. Tortoise and Reptile Rescue" – public page

8

    "Otter Creek Friends and Neighbors" – deleted public page

    Parental alienation Facebook group - deleted public page

    "Otter Creek Jerremy Hales the Coward of Levy County" – deleted private group

    8. RFP No. 8: All Documents and Communications that You have produced to Levy County, Florida and/or to any other federal or state governmental agency about the Plaintiff, by name or otherwise.

    **Response:**

    Other than what has been produced by the plaintiff to the defendants (the court filings in the defendant Preston's state court TRO action), any documents filed in court can be obtained easily by the plaintiff without placing the defendant to the burden of having to procure them in order to produce them in response to this request. If this request seeks something other than the court filings produced by the plaintiff to the defendants, it should be more specific. Copies of defendant Preston's Levy County court filings of 9-23-23, 10-7-23 and 12-6-23 are included in the documents being produced in response to these requests.

    9. RFP No. 9: All engagement letters and invoices, and Documents otherwise sufficient to identify all of the attorneys with whom you have an attorney client relationship in connection with any civil litigations to which You are a party and/or any civil or criminal litigation, grand jury testimony, and/or state or federal investigations relating to the Plaintiff, by name or otherwise.

    **Objection:**

    There is no relevance of this request to the plaintiff's claims. It is not reasonably or narrowly tailored to seek relevant evidence.

    Additionally, there is no need for any document production from the defendants in order for the plaintiff to discover the identities of the defendant's legal counsel that this request seeks to learn (the request seeks documents "to identify all of the attorneys…"). Those attorneys'

court appearances are a matter of public record.  The defendant therefore objects because the burden or expense of the proposed discovery outweighs its likely benefit.

**Response:**

Without waiving objection, the defendant Preston has been represented in litigation relating to the plaintiff by Attorneys Joshua Silverman (prior TRO action in Levy County court), Scott Stark (current active litigation in Levy County Court), Bruce Matzkin (present litigation), and Sean Martin (Ohio protective order case).

Defendant Cook has been represented in litigation relating to the plaintiff by Attorneys Bruce Matzkin (present litigation) and Sean Martin (Ohio protective order case).

For the sake of thoroughness, this response also discloses Attorney Dawn Bates Buchanan who was the adoption attorney for the defendant Preston and who represented the defendant in 2024 in contacting the family court to learn of *ex parte* filings by Olga Nelson via Miami Law Group Attorney Jenny Consuegra, which proceeding the defendants believe relates to the plaintiff (not by name but "otherwise").

For sake of thoroughness, this response also discloses Attorney Joy Leigh Lane Danne of the Levy County Public Defender's office, who represented defendant Cook in defense of charges arising from a complaint of aggravated assault by Wes Dockrey, which the defendants believe relates to the plaintiff (not by name but "otherwise").


10. RFP No. 10: All Documents and Communications upon which You plan to rely to assert the existence of any privileges, including the attorney-client, work product, and common interest privileges.

**Response:**

The applicability of privilege will be determined specifically for any document for which privilege is asserted and that is otherwise responsive to any of the other requests.  Any responsive documents withheld on privilege grounds will be identified in accordance with the rules.

10

11. RFP No. 11: Documents sufficient to show the number of online views and/or impressions of any posts on any of Your Social Media accounts, including but not limited to YouTube Accounts, Rumble Accounts, Twitter Accounts, and Facebook accounts during the Relevant Time Period.

**Objections:**

The defendants object because this request places the defendants to the burden of screenshotting every single post since January 1, 2020 from all of these apps, without specifying a single post that, for example, constitutes defamation, extortion, interference or anything relevant to any claims in this case. There is no requirement for the defendants to create documents that do not exist in order to respond to discovery requests. Therefore the burden of the request outweighs any expected benefit.

This request is not reasonably or narrowly tailored to seek discoverable, relevant evidence, but is designed to place the defendant to unreasonable burden and time consumption, and it is a classic "fishing expedition" for evidence in support of claims. The defendant objects because its burden outweighs any possible benefit. Fed. R. Civ. P. 26(b)(1).

"While discovery is broad, parties may not engage in a "fishing expedition" to obtain evidence to support their claims or defenses. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006)." *Aileron Inv. Mgmt. v. Am. Lending Ctr., LLC*, 8:21-cv-146-MSS-AAS, at *3 (M.D. Fla. Jan. 11, 2022).

12. RFP No. 12: Mobile phone records sufficient to show all phone number and providers You used between January 1, 2021 to date, and all Documents, including mobile phone billing records, showing the calls You made or received between January 1, 2021 to date relating to the Plaintiff, by name or otherwise.

**Objections:**

This request is not reasonably or narrowly tailored to seek discoverable, relevant evidence, but is designed to place the defendant to unreasonable burden and time consumption, and it is a classic "fishing expedition" for evidence in support of claims. Porter v.

11

Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) ("While discovery is broad, parties may not engage in a 'fishing expedition' to obtain evidence to support their claims or defenses.").

How can the defendants know if a call "related to the Plaintiff" from a call log?

This request would impose on the defendants the burden of going through phone call logs since January 1, 2020 and somehow knowing which individual calls "related to the Plaintiff" in this case, which is impossible.

Even if just providing the phone logs without identifying specific entries as "relating to the Plaintiff," this request would divulge every single phone call the defendants made or received, which would enable the plaintiff to call any number to determine whom it belongs to and to ask whoever answers on the other end whatever he wants about the defendants to use for whatever purpose he wants (such as YouTube content). This is a license for him to invade the defendants' privacy and use whatever information he finds out for whatever purposes he wishes.

There is no reasonable expectation of discovering any admissible evidence nor is the request narrowly tailored for that purpose. The burden of this request outweighs any benefit because the plaintiff has not even explained what evidence he believes he will discover that is relevant to proving the claims in this lawsuit.

The defendants further object because the plaintiff's current Complaint, and the summary judgment opposition, collectively contain the totality of alleged statements by the defendant for which plaintiff claims (a) defamation, (b) extortion (claims to be dismissed), and (c) tortious interference. If any are actionable, there would be no need for him to invade the defendant's private communications in search of evidence. There is no apparent connection to any of these claims or the factual allegations underlying them with the request for all communications "relating to" the plaintiff since January 1, 2020 (or for any time period). Nothing the plaintiff can discover in private communications will magically change the non-actionable statements identified in the Complaint and summary judgment opposition into actionable ones. Rather, this request is a classic "fishing expedition." Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) ("While discovery is broad, parties may not engage in a 'fishing expedition' to obtain evidence to support their claims or defenses.").

The defendants further object because as a public figure the plaintiff is not entitled to insert into a court document a hodgepodge of statements he finds offensive or are critical of

him but which are not remotely actionable by a public figure, cram them into attenuated legal claims, and then use that as justification to invade private lives and communications in search of who-knows-what for his use who-knows-how (although his regular practice is to make YouTube content doxing private communications involving the defendants that he procures from any source).

The defendants further object because the plaintiff's purpose for this request is to burden the defendants and the plaintiff's intent and motive to abuse and exploit litigation for ulterior purposes was admitted by him publicly: "A lawsuit isn't to win a lawsuit. It's to make you spend all your money on a lawyer and bankrupt you. That's what the win is. I could care less if I win in court. If I win in court situation, my goal is to make sure you have no money. That is the goal of the lawsuit."

13. RFP No. 13: GPS records from either any automobile navigation system or other mobile device sufficient to show Your location on May 11 – May 14, 2023.

**Response:**

There are no responsive documents.

14. RFP No. 14: All documents relating to any claim referenced in this lawsuit generated by, prepared by, prepared for, or reviewed by a consulting expert who is not designated to testify in the trial of this matter whose opinions or reports have been reviewed by or relied upon by experts who may testify at the trial of this matter.

**Response:**

There are no responsive documents.

15. RFP No. 15: The curriculum vitae, including a bibliography, for each consulting expert who is not designated to testify at the trial of this matter and whose opinions or reports have been reviewed by or relied upon by experts who may testify at the trial of this matter.

**Response:**

There are no responsive documents.

16. RFP No. 16: All documents used by You for the purpose of refreshing the recollection of any witness prior to testifying at any hearing, deposition, or trial of this matter.

**Response:**

There are no responsive documents.

17. RFP No. 17: For each fact for lay witness You expect to testify at the trial of this matter, all documents reviewed by, prepared by, relied upon, provided to, or received from each such witness relevant to this matter.

**Objection:**

The defendant objects on the ground that this request is unclear as to what witnesses are included, because it would include witnesses for the plaintiff.  It is also unclear as to what is "relevant to this matter" and leaves it open for the plaintiff to assert noncompliance at their whim.

The defendant additionally objects because it is not reasonable for the plaintiff to expect the defendant to have knowledge of, or possession of, documents "reviewed by, prepared by, or relied upon" by anyone but themselves.

**Response:**

As for documents "provided to or received from" lay witnesses expected to testify, the defendant does not expect any lay witnesses to testify for the defendants at trial because as it stands the plaintiff has no evidence supporting his claims sufficient to overcome summary

14

judgment or a directed verdict and thus there would be defense witnesses needed.  Therefore, there are no responsive documents.

It should be noted that the defendants, at the time of these amended responses, have not received responses to their own document requests, which could impact whether they identify any lay witnesses expected to testify.  If so, they will supplement this response should there be any responsive documents with respect to such witnesses who might be identified.

18. RFP No. 18: All documents evidencing communications related to Your investigation of any claim referenced in this lawsuit.

**Response:**

There are no responsive documents

19. RFP No. 19: All documents relating to the Plaintiff that You obtained from any source other than the Plaintiff.

**Response:**

There are no responsive documents

20. RFP No. 20: All documents in the files of Your attorney in this lawsuit, dated before the date this complaint was filed with this Court, relating to Plaintiff, including, without limitation, communications to third parties.

**Response:**

Responsive documents are available for viewing and download at the link accompanying these responses:

https://drive.google.com/drive/folders/1tBr9IJag7BW9fcOEfimPvU-Rg6IsyPVE?usp=sharing

Defendant Lynette Preston,

by:


*/s/ Bruce Matzkin*
Bruce Matzkin, Esq.
51 Pleasant Street, # 72
Malden, MA 02148
857-242-8614
Brucematzkin1@gmail.com



**CERTIFICATION**

    I hereby certify that on January 21, 2025, a copy of the foregoing was emailed to counsel of record for the plaintiff:

Randall Shochet, Esq
Shochet Law Group
Attorneys for Jeremy B. Hales
409 N. Main Street Trenton, FL 32693
rshochet@shochetlaw.com
attorneys@counsel.insure


*/s/ Bruce Matzkin*