UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| **JEREMY B. HALES**, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-45AW-ZCB |
| vs. | ) |
| **LYNETTE MICHELLE LACEY ALEXIS PRESTON** | ) |
| and | ) |
| **JOHN COOK**, | ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO REQUESTS FOR ORDER UNDER FRCP 41(a)(2) DISMISSING COUNTERCLAIM COUNT ONE (Doc. 150 and Doc. 151)**

Counter-Defendant JEREMY B. HALES ("HALES") opposes the requests/motions for dismissal under Federal Rule of Civil Procedure (FRCP) 41(a)(2) (Doc. 150 and Doc. 151) and requests that the Court deny these requests because HALES will suffer clear legal prejudice, but if the Court grants dismissal, that it be with prejudice. *Thomason v. Nat'l Crane Corp.*, 2006 U.S. Dist. LEXIS 62553, *H.A.L. v. Foltz*, 2006 U.S. Dist. LEXIS 118288.

In addition, when, as here, a Counter-Defendant has already incurred expenses, including attorney's fees in defending the counterclaims (with a pending motion to dismiss), "a plaintiff ordinarily will not be allowed to dismiss his suit

without prejudice where the defendant has been put to considerable expense, except on the condition that a plaintiff reimburse the defendant for a portion of the expenses, including attorneys' fees." *CCCS Int'l v. Fontainebleau Resorts, LLC*, No. 09-21881-CIV, 2011 U.S. Dist. LEXIS 111671, at *15-16 (S.D. Fla. Sep. 29, 2011) (citations omitted).

Counter-Plaintiff already filed and dismissed the same cause of action once in state court in 2024 - in Case No. 2024000153CAAXMX filed in the Eighth Judicial Circuit Court in and for Levy County, Florida, copies of the Complaint and Notice of Voluntary Dismissal being attached hereto as **Exhibit 1.**

Under the two-dismissal rule in FRCP 41(a)(1)(B), the second dismissal of the same claim operates as an adjudication on the merits.

## MEMORANDUM IN OPPOSITION

### I. Record Activity and Judicial Administration Requires Denial of the Requests for dismissal under FRCP 41(a)(2).

The court should consider whether there has been record activity and whether dismissal would create significant problems of judicial administration. There is currently pending a motion to dismiss on these Counter-Claims, which has already involved judicial and attorney resources. Thus, this is an attempt to avoid dismissal on the basis of the merits, *right at the brink of when a decision on the merits is pending*. Since there has been recent record activity in this case, dismissal would be improper, as it would undermine judicial efficiency and waste resources. the

Counter-Defendant respectfully requests that the Court deny the motions for dismissal under FRCP 41(a)(2).

## II. Alternatively, The Two-Dismissal Rule Requires Dismissal With Prejudice

Counter-Plaintiff has already filed and dismissed the same cause of action once in state court in 2024. See attached filings (**Exhibit 1**) in Case No. 2024000153CAAXMX filed in the Eighth Judicial Circuit Court in for Levy County Florida. Under FRCP 41(a)(1)(B), if a plaintiff has previously dismissed any federal- or state-court action based on or including the same claim a second dismissal operates as an adjudication on the merits.

The Eleventh Circuit has recognized that the primary purpose of the two-dismissal rule is to prevent unreasonable abuse of the plaintiffs unilateral right to dismiss actions and to protect defendants from harassment through repeated filings and dismissals of the same claim. *Cf. Sealey v. Branch Banking & Tr. Co., 693 F. App'x 830, 834 (11th Cir. 2017)* ("But, under the so-called two-dismissal rule, "if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id*. We have said that the primary purpose of the two-dismissal rule is to prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action. *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999)"). This means that allowing dismissal without prejudice would unfairly prejudice the

Counter-Defendant and contravene the purpose of Rule 41. Here, the prior dismissal in state court triggers the two-dismissal rule. The rule applies regardless of whether the first dismissal occurred in state or federal court, as long as the second dismissal is in federal court. Therefore, the Court should dismiss the Counterclaims with prejudice to prevent further abuse and to protect the Counter-Defendant from the burden of defending against repetitive litigation.

### III. Dismissal Without Prejudice Would Cause Legal Prejudice to the Defendant

Granting dismissal without prejudice would unfairly prejudice the Counter-Defendant. The repeated filings and dismissals of the same cause of action have already caused the Counter-Defendant to incur unnecessary legal expenses and wasted judicial resources. Allowing dismissal without prejudice would leave the Counter-Defendant vulnerable to a further *third litigation on the same claims*, contrary to the purpose of Rule 41(a)(2). *Brooks v. Equable Ascent Fin.*, No. 6:13-cv-667-Orl-37DAB, 2013 U.S. Dist. LEXIS 62201 (M.D. Fla. Apr. 30, 2013); *Esteva v. UBS Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664 (11th Cir. 2023).

The Eleventh Circuit has held that the purpose of Rule 41(a)(2) is to prevent voluntary dismissals that unfairly affect the opposing party and to *permit the imposition of curative conditions*. *Gaddy v. Terex Corp.*, No. 1:14-cv-1928-WSD, 2016 U.S. Dist. LEXIS 31087 (N.D. Ga. Mar. 10, 2016). While the mere prospect

of a lawsuit is not sufficient legal prejudice, the prior dismissal in state court and the attempt to dismiss again in federal court demonstrate a pattern of conduct that unfairly burdens the Counter-Defendant. The request for dismissals should be denied, but if the Court is inclined to grant dismissal, dismissal with prejudice is necessary to prevent further prejudice and to ensure finality.

IV. **Judicial Efficiency and Fairness Support Dismissal With Prejudice**

Courts have discretion to deny dismissal or impose conditions to ensure fairness and to prevent abuse of the judicial process.

## CONCLUSION

For the foregoing reasons, Counter-Defendant respectfully requests that the Court deny the motions for dismissal under FRCP 41(a)(2).

In the alternative, the Counter-Defendant requests that the Court grant dismissal with prejudice pursuant to the two-dismissal rule in FRCP 41(a)(1)(B). Such a dismissal is necessary to prevent further prejudice to the Counter-Defendant, to ensure fairness, and to uphold the purpose of Rule 41.

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales
409 N. Main Street
Trenton, FL 32693

By: /s/ *Randall Shochet*
Randall ("Randy") Shochet, Esq.

FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 19, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*
Randall Shochet, Esq.

## SERVICE LIST

LYNETTE MICHELLE LACEY
ALEXIS PRESTON, pro se

JOHN COOK, pro se