UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| **JEREMY B. HALES**, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:24-cv-45AW-ZCB |
| **LYNETTE MICHELLE LACEY ALEXIS PRESTON** | ) |
| and | ) |
| **JOHN COOK**, | ) |
| Defendants. | ) |

## AMENDED RESPONSE IN OPPOSITION TO REQUESTS FOR ORDER UNDER FRCP 41(a)(2) DISMISSING COUNTERCLAIM COUNT ONE (Doc. 150 and Doc. 151)

Counter-Defendant JEREMY B. HALES ("HALES") opposes the requests/motions for dismissal under Federal Rule of Civil Procedure (FRCP) 41(a)(2) (Doc. 150 and Doc. 151) and requests that the Court deny these requests because HALES will suffer clear legal prejudice.

In addition, when, as here, a Counter-Defendant has already incurred expenses, including attorney's fees in defending the counterclaims (with a pending motion to dismiss), "a plaintiff ordinarily will not be allowed to dismiss his suit without prejudice where the defendant has been put to considerable expense, except on the condition that a plaintiff reimburse the defendant for a portion of the expenses,

including attorneys' fees." *CCCS Int'l v. Fontainebleau Resorts, LLC*, No. 09-21881-CIV, 2011 U.S. Dist. LEXIS 111671, at *15-16 (S.D. Fla. Sep. 29, 2011) (citations omitted).

## MEMORANDUM IN OPPOSITION

I. **Record Activity and Judicial Administration Requires Denial of the Requests for dismissal under FRCP 41(a)(2).**

The court should consider whether there has been record activity and whether dismissal would create significant problems of judicial administration. There are currently pending motions to dismiss on these Counterclaims (Docs. 109 and 110), which have already involved judicial and attorney resources. Thus, these are attempts to avoid dismissal on the basis of the merits, *right at the brink of when a decision on the merits is pending*. Since there has been recent record activity in this case, dismissal would be improper, as it would undermine judicial efficiency and waste resources. the Counter-Defendant respectfully requests that the Court deny the motions for dismissal under FRCP 41(a)(2).

The filings have already caused the Counter-Defendant to incur unnecessary legal expenses and wasted judicial resources. This because Counter-Plaintiffs can produce no evidence (and didn't even include any such evidence in the counterclaim itself) where the First Amendment does not defeat the claims for intentional infliction of emotional distress. The Eleventh Circuit has held that the purpose of Rule 41(a)(2) is to prevent voluntary dismissals that unfairly affect the opposing

party and to *permit the imposition of curative conditions*. *Gaddy v. Terex Corp.*, No. 1:14-cv-1928-WSD, 2016 U.S. Dist. LEXIS 31087 (N.D. Ga. Mar. 10, 2016).

The request for dismissals should be denied, or if granted, that it be done on the condition that Counter-Plaintiffs reimburse the Counter-Defendant for a portion of the expenses, including attorneys' fees, involved in defending the counterclaims.

II. **Judicial Efficiency and Fairness Support Dismissal With Prejudice**

Courts have discretion to deny dismissal or impose conditions of dismissal to ensure fairness and to prevent abuse of the judicial process.

## CONCLUSION

For the foregoing reasons, Counter-Defendant respectfully requests that the Court deny the motions for dismissal under FRCP 41(a)(2).

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales
409 N. Main Street
Trenton, FL 32693

By: /s/ *Randall Shochet*
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 20, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the

foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*
Randall Shochet, Esq.

**SERVICE LIST**

LYNETTE MICHELLE LACEY
ALEXIS PRESTON, pro se

JOHN COOK, pro se