UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                      Case No.: 1:24CV45/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## ORDER

In their answers, Defendants asserted three counterclaims against Plaintiff. (Docs. 69, 70 at 11-13). Defendants later moved to voluntarily dismiss two of the counterclaims (Counts 2 and 3). (Doc. 111). Plaintiff did not oppose dismissal of those two counterclaims. (Doc. 119). Thus, the Court granted the unopposed motion and dismissed Counts 2 and 3 of Defendants' counterclaims. (Doc. 121). Defendants have subsequently moved to voluntarily dismiss the remaining counterclaim, which is Count 1. (Docs. 150, 151). Plaintiff has responded in opposition to that motion. (Doc. 158).

Although the issue has not been raised by the parties, the Court's research has revealed a recent Eleventh Circuit decision that the Court believes requires it to *sua sponte* reconsider its prior order (Doc. 121)

1

granting Defendants' motion to voluntarily dismiss Counts 2 and 3 of their counterclaims under Rule 41(a)(2). *See Euroboor BV, et al. v. Grafova*, No. 23-14121, 2024 WL 2209651, at *1 (11th Cir. 2024). In *Euroboor BV*, the court stated that a party could not move under Rule 41(a)(2) to voluntarily dismiss "fewer than all" the claims or counterclaims that the party had brought against an opposing party. *Id*. Instead, the court explained that a party may only use Rule 41(a)(2) to voluntarily dismiss "all claims or all counterclaims" against the opposing party. *Id*.

Based on *Euroboor BV*, the Court will vacate its prior order (Doc. 121) granting Defendants' unopposed motion to dismiss Counts 2 and 3 of their counterclaims and deny that motion without prejudice (Doc. 111). Additionally, the Court will deny without prejudice Defendants' pending motions to voluntarily dismiss Count 1 of their counterclaims (Docs. 150, 151). Defendants may refile their motions as a single motion to voluntarily dismiss all the counterclaims—i.e., Counts 1, 2, and 3.[1]

---

[1] Although the Court likely could combine the two motions and construe them together as a single motion to dismiss all the counterclaims, out of an abundance of caution and to ensure the docket is clear the Court believes it is best to have Defendants refile a single motion to dismiss all the counterclaims.

Plaintiff will then be afforded an opportunity to respond to such motion to voluntarily dismiss all the counterclaims.

Accordingly, it is **ORDERED** that:

1. The prior order (Doc. 121) granting Defendants' unopposed motion to dismiss Counts 2 and 3 of their counterclaims is **VACATED.**

2. Defendants' motion to dismiss Counts 2 and 3 of their counterclaims (Doc. 111) is **DENIED without prejudice**.

3. Defendants' motions to dismiss Count 1 of their counterclaims (Docs. 150, 151) are **DENIED without prejudice**.

4. If Defendants desire voluntary dismissal of Counts 1, 2, and 3 of their counterclaims, then they shall file, within **fourteen days** of this Order, a motion to voluntarily dismiss all counterclaims.[2]

---

[2] The Court previously ordered Defendants to respond to Plaintiff's motion to dismiss Count 1 of the counterclaims (Docs. 109, 110) by June 26, 2025. (Doc. 147). It appears that Defendants intended their motion to voluntarily dismiss Count 1 to be their response to Plaintiff's motion. But to the extent Defendants wish to offer a substantive response to the arguments raised in Plaintiff's motion, they will have fourteen days from today's date to do so.

5. Plaintiff will have **fourteen days** from the filing of Defendants' motion to respond.

**SO ORDERED** this the 24th day of June 2025.

                                                *s/ Zachary C. Bolitho*
                                                Zachary C. Bolitho
                                                United States Magistrate Judge