## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**JEREMY B. HALES**,                    )
                                        )
    Plaintiff,       )
                                        )
                                        ) Case No. 1:24-cv-45AW-ZCB
vs.                                     )
                                        )
**LYNETTE MICHELLE LACEY**              )
**ALEXIS PRESTON**                      )
                                        )
and                                     )
                                        )
**JOHN COOK**,                          )
                                        )
    Defendants.      )
_____/

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS UNDER FRCP 41(b) (Doc. 117)

Plaintiff JEREMY B. HALES ("HALES") opposes the Motion to Dismiss under Federal Rule of Civil Procedure (FRCP) 41(b) and requests that the Motion be denied because the stringent requirements for dismissal under the 11th Circuit's precedent have not been met.

> *Fed. R. Civ. P.* 41(b) expressly authorizes the involuntary dismissal of a claim for failure to abide by court orders or the Federal Rules of Civil Procedure. *Fed. R. Civ. P.* 41(b); *State Exchange Bank v. Hartline,* 693 F.2d 1350, 1352(11th Cir. 1982). However, beyond the federal rule, the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Hartline,* 693 F.2d at 1352.

*Zocaras v. Castro*, 232 F.R.D. 694, 696 (S.D. Fla. 2005).

Dismissal under FRCP 41(b) is considered a drastic sanction and is only appropriate in extreme circumstances where there is a clear record of delay or willful contempt. Here, it is not improper to confer with opposing counsel prior to drafting a motion under FRCP 11. The rule itself does not explicitly require a meet-and-confer process, but it does include a "safe harbor" provision that effectively encourages communication between parties before filing a motion for sanctions. Conferring with opposing counsel gives the opposing party an opportunity to address the alleged violation without court intervention, which aligns with the purpose of fostering resolution and reducing unnecessary litigation. Conferring inherently (1) supports the idea of engaging in discussions with opposing counsel to address potential issues before escalating to formal motions, (2) helps avoid unnecessary sanctions motions and promote judicial efficiency.

Dismissal under FRCP 41(b) is considered a drastic remedy that should be used sparingly. *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554 (5th Cir. 1981*); Quattlebaum v. McDonald*, 2012 U.S. Dist. LEXIS 13898 (N.D.N.Y. Feb. 6, 2012).

## <u>CONCLUSION</u>

The Motion lacks merit and should be denied.

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Jeremy B. Hales
409 N. Main Street
Trenton, FL 32693

By: /s/ *Randall Shochet*
Randall ("Randy") Shochet, Esq.
FBN.: 959421
attorneys@counsel.insure

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 25, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record, via email to the Service List below.

By: /s/ *Randall Shochet*
Randall Shochet, Esq.

## SERVICE LIST

LYNETTE MICHELLE LACEY
ALEXIS PRESTON, pro se

JOHN COOK, pro se