IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JEREMY B. HALES,**

    **Plaintiff,**

v.                                                                                    Case No. 1:24-cv-45-ZCB

**LYNETTE MICHELLE LACY ALEXIS
PRESTON and JOHN COOK,**

    **Defendants.**

_____/

## **ORDER DENYING MOTION TO VACATE REFERENCE**

On October 29, 2024, the parties consented to have a United States Magistrate Judge conduct all proceedings, including trial and the entry of final judgment. ECF No. 30. The consent form clearly indicated the parties could withhold consent without any consequences. *Id.* Based on the parties' consent, I referred the case to the magistrate judge. ECF No. 32. Two days before a show-cause hearing, Defendants—through their then-counsel Bruce Matzkin—moved to vacate the reference.[1] ECF No. 123. This order denies that motion.

"The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge . . . ." 28 U.S.C. § 636(c)(4); *see also* Fed. R. Civ. P. 73(b)(3). Whether to vacate is within this court's discretion. *See Carter v. Sea Land Servs.,*

---

[1] Attorney Matzkin was later granted leave to withdraw. ECF No. 133.

1

*Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). Among other factors, the court considers whether the consent was voluntary, whether the motion was made in good faith, and any bias or prejudice of the magistrate. *Id.*

The motion does not suggest the parties' consent was involuntary. There are real questions about whether it was filed in good faith. And there has been no showing of bias or prejudice. At bottom, the motion does not show "extraordinary circumstances" warranting the relief sought. The motion focuses on the magistrate judge's decisions that Attorney Matzkin found unfavorable, but none constitutes "extraordinary circumstances." To the extent the request is based on the magistrate judge's purported animosity toward Matzkin, I conclude none has been shown. Regardless, Matzkin is no longer counsel.

As a matter of discretion, and having fully considered the matter, I conclude there is no good cause, much less extraordinary circumstances, to justify vacating the reference. The motion to vacate (ECF No. 123) is DENIED.

SO ORDERED on July 1, 2025.

s/ *Allen Winsor*  
Chief United States District Judge