UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
      Plaintiff,

vs.                               Case No.:  1:24cv45/ZCB

JOHN COOK, et al.,
      Defendants.
_____/

## <u>ORDER</u>

On July 8, 2025, Plaintiff filed a "Notice of Similar Case" advising the Court of a pending bankruptcy petition filed by Defendant Preston on July 3, 2025.[1]  (Doc. 168).  Given the pending bankruptcy petition, it appears that this case should be stayed as to Defendant Preston under the automatic bankruptcy stay provision of 11 U.S.C. § 362(a). Additionally, given the interrelatedness of the claims against the only Defendants in this case (Defendants Preston and Cook) and the stage of this case, the Court believes it may be appropriate to exercise its inherent authority to also stay the case as to Defendant Cook pending resolution of the bankruptcy proceeding.[2]

_____

[1] *See* Doc. 1, *In re Preston*, 25-10173-KKS (Bankr. N.D. Fla. July 3, 2025).
[2] *See Bardfield v. Chisholm Props. Cir. Events, LLC*, No. 3:09cv232/MCR/EMT, 2010 WL 1688451, at *5 (N.D. Fla. Mar. 25, 2010)

1

Accordingly, it is **ORDERED** that

1.    Plaintiff shall have until **July 14, 2025**, to respond to the Court's suggestion that a bankruptcy stay would be appropriate in this case as to Defendant Preston under 11 U.S.C. § 362(a) and that a stay under the Court's inherent authority would be appropriate as to Defendant Cook.

2.    Defendants' deadlines to respond to Plaintiff's motions for summary judgment (Docs. 166, 167) are **TOLLED** until further order of the Court.

---

("Also, on the basis of the suggestion of bankruptcy, the court entered an order noting that [because] of the bankruptcy petition the case was automatically stayed as to CPCE. Additionally, the court advised that for prudential reasons it would stay the case as to Chisholm as well . . . however, the court invited the parties to object to staying the entire case if they wished.") (cleaned up), *adopted*, 2010 WL 1688346 (N.D. Fla. Apr. 26, 2010); *see also Cajun Glob. LLC v. Volunteer Chicken, LLC*, No. 1:18cv4124-AT, 2019 WL 12763080, at *3 (N.D. Ga. Apr. 29, 2019) ("Rather, the more prudent and efficient course is that this action be stayed until such time as the automatic stay pursuant to 11 U.S.C. [§] 362(a) is lifted in the bankruptcy action, at which time this case may proceed as to all Defendants. [T]he Court, in exercising its inherent powers to control its own docket, directs that this matter be stayed until such time as the automatic stay in the parallel bankruptcy proceeding is lifted.") (cleaned up); *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, No. CIV. A. 09-0249-WS-N, 2009 WL 2413664, at *3 n.6 (S.D. Ala. Aug. 3, 2009) ("A district court's inherent power to stay proceedings is not mitigated or obviated by § 362(a)).

**DONE AND ORDERED** this 10th day of July 2025.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge