UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                  Case No.: 1:24cv45/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## ORDER

On July 8, 2025, Plaintiff filed a "Notice of Similar Case" advising the Court of a pending bankruptcy petition filed by Defendant Preston on July 3, 2025.[1] (Doc. 168). Given the pending bankruptcy petition, the Court invited Plaintiff to respond to the Court's suggestion that a stay of this case as to Defendant Preston would be appropriate under the automatic stay provision of 11 U.S.C § 362(a). (Doc. 169). The Court also invited Plaintiff to respond to the Court's suggestion that—given the interrelatedness of the claims against the only two Defendants in this case—this case should be stayed as to Defendant Cook. (*Id.*). Prior to Plaintiff's response, Defendant Preston filed a "Notice of Automatic Stay" advising the Court of her bankruptcy petition and stating that its filing

---

[1] *See* Doc. 1, *In re Preston*, 25-10173-KKS (Bankr. N.D. Fla. July 3, 2025).

1

requires an automatic stay under the Bankruptcy Code. (Doc. 170). Plaintiff has now responded and indicated that he agrees with the Court's suggestion that this case should be stayed as to Defendant Preston under 11 U.S.C. § 362(a) and stayed as to Defendant Cook under the Court's inherent authority. (Doc. 171).

Accordingly, it is **ORDERED** that:

1. As to Defendant Preston, this case is **STAYED** under 11 U.S.C. § 362(a) pending disposition of Case No. 25-10173-KKS (Bankr. N.D. Fla.).

2. As to Defendant Cook, this case is **STAYED** under the Court's inherent power to control its docket pending disposition of Case No. 25-10173-KKS (Bankr. N.D. Fla.).[2]

3. Defendants Cook and Preston's counterclaims[3] (Docs. 69, 70) are **STAYED** under the Court's inherent power to control its docket pending disposition of Case No. 25-10173-KKS (Bankr. N.D. Fla.).

---

[2] *See Cajun Glob. LLC v. Volunteer Chicken, LLC*, No. 1:18-CV-4124-AT, 2019 WL 12763080, at *2-3 (N.D. Ga. Apr. 29, 2019) (acknowledging the automatic stay of 11 U.S.C. § 362(a) as to a debtor-defendant, and imposing a stay as to a non-debtor co-defendant under the court's inherent power to control its docket)

[3] The Court did not overlook that "[t]he automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor" and thus would not apply to Defendant Preston's

2

4. All deadlines in this case are **TOLLED** until further order of the Court.

5. Within **ninety days** of the date of this order, Plaintiff shall file a status report regarding the progress of Defendant Preston's bankruptcy case. Subsequent status reports should be filed by Plaintiff every ninety days unless otherwise ordered by this Court.

**DONE AND ORDERED** this 15th day of July 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

counterclaims in this case. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004). The relatedness of the counterclaims to Plaintiff's claims, however, particularly Counterclaim Count One's allegations that Plaintiff "framed the defendants" by falsely accusing them of creating the road signs at issue (Docs. 69, 70, at 10), warrant staying Defendants' counterclaims under the Court's inherent power.