UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                                            Case No.:  1:24cv45/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## ORDER

On July 15, 2025, this case was stayed under 11 U.S.C. § 362(a) and the Court's inherent power due to Defendant Preston's pending bankruptcy proceedings.[1] (Doc. 172). Defendant Cook now asks that the stay be lifted as to him. (Doc. 178). The proceedings against Cook will remain stayed under the Court's inherent power for reasons of judicial efficiency. The claims against Preston and Cook in this case are intertwined. Lifting the stay as to Cook while the automatic stay remains in effect as to Preston[2] would require the parties to litigate—and the Court to resolve—this case in piecemeal fashion. It would make little

---

[1] *In re Preston*, 25-10173-KKS (Bankr. N.D. Fla.).

[2] The automatic stay against Preston under 11 U.S.C. § 362(a) is exactly as it sounds—automatic. *In re Myers*, 402 B.R. 370, 372 (Bankr. M.D. Ala. 2009) ("Upon the filing of a voluntary petition . . . in bankruptcy, a stay automatically arises without the necessity of judicial intervention.").

sense to go through summary judgment briefing (and potentially a trial) with only Cook and then possibly have to do it again when the stay is lifted as to Preston. *See Cajun Glob. LLC v. Volunteer Chicken, LLC*, No. 1:18cv4124, 2019 WL 12763080, at *2-3 (N.D. Ga. Apr. 29, 2019) (imposing a stay as to a non-debtor co-defendant under the court's inherent power because "it makes little sense for the Court to bifurcate its review since doing so would lead only to a duplication of effort and a concomitant waste of judicial resources").

Accordingly, Defendant Cook's motion to lift the stay (Doc. 178) is **DENIED**.

**DONE AND ORDERED** this 19th day of February 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge