UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREMY B. HALES,
    Plaintiff,

vs.                        Case No.:  1:24cv45/ZCB

JOHN COOK, et al.,
    Defendants.
_____/

## **ORDER**

This matter is before the Court on Plaintiff's "Motion to Disqualify." (Doc. 180).  In the motion, Plaintiff argues that the undersigned should be disqualified from presiding over this case.

Federal law requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[1]  An "allegation of bias sufficient to require disqualification under section 455 must demonstrate that the alleged bias is personal as opposed to judicial in nature." *Smith v. Sentry Ins.*, 752 F. Supp. 1058, 1061 (N.D. Ga. 1990) (cleaned up).  A motion for disqualification generally should not be "predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency

---

[1] "[J]udges routinely preside over motions for their own recusal." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1278 (11th Cir. 2009).

1

to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." *Id.* A judge's expressions of frustration with counsel also do not constitute personal bias sufficient to warrant recusal. *Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000).

Plaintiff's motion fails to satisfy the standard required for disqualification. The timing of the motion (shortly after an opinion by the undersigned recommending dismissal of claims Plaintiff has brought in a related lawsuit) shows what is happening here.[2] Just because a party suffers an adverse ruling, it does not provide that party with a basis for seeking disqualification. *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008).

Nothing the Court has said or done in this case has resulted from a personal bias against a party that stems from an extra-judicial source. *See In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 964 (11th Cir. 1980) (stating that "for a bias to be personal, and therefore disqualifying, it must stem from an extra-judicial source" (cleaned up)).

---

[2] The sanctions hearing that Plaintiff relies on in his motion to disqualify occurred nearly eleven months before the motion was filed. And the motion to disqualify was filed the same day as Plaintiff's objections to the undersigned's opinion recommending dismissal of claims in the related case. Plaintiff also sought to disqualify the undersigned from the related case, and that motion was denied by the presiding District Judge. (Doc. 174, Case No. 1:25cv58/RH/ZCB).

2

The fact that the Court expressed its frustration with Plaintiff's counsel for the way this case has been litigated does not provide a basis for disqualification. *See In re Evergreen*, 570 F.3d at 1279 (finding that judge's admonishments of counsel did not warrant disqualification, even if some of the admonishments were "immoderate"); *see also Christo*, 223 F.3d at 1334 (stating that the judge's "expressions of frustration" did not warrant recusal). Or put another way, "[g]enerally, clashes between court and counsel are an insufficient basis for disqualification . . . ." *In re Cooper*, 821 F.2d 833, 838 (1st Cir. 1987).[3]

Plaintiff's motion argues that the Court is biased because it has disciplined misconduct by Plaintiff's counsel but has not disciplined misconduct by Defendants' former counsel. Although that provides no basis for disqualification, the Court would note that it has already made

_____

[3] Although the Court has no personal bias against Plaintiff's counsel, the Court would note that "[a]ntipathy to an attorney is insufficient grounds for disqualification of a judge because it is not indicative of extrajudicial bias against a 'party.'" *In re Cooper*, 821 F.2d at 838 (cleaned up); *see also Davis v. Bd. of Sch. Commr's of Mobile Cnty.*, 517 F.2d 1044, 1052 (5th Cir. 1975) (stating that "judicial activity toward lawyers" was insufficient to show bias against a party as required to warrant disqualification). The Court made clear in the sanctions hearing that Plaintiff's counsel was responsible for the sanctions. And it was Plaintiff's counsel (not Plaintiff) who was admonished by the Court. (*See* Doc. 180-1 at 40) ("They're not sanctions on Mr. Hales, it wasn't his decision to file those motions, it was yours. And so the sanctions are going to be imposed upon you.").

clear that the misconduct of Defendants' former counsel would be addressed. It has not been addressed yet because this case is, and has been, stayed. And courts generally do not issue substantive orders directing people to do things in cases that are stayed. That is the meaning of a stay—nothing happens; the case is paused. *See* Black's Law Dictionary (8th ed. 2004) (defining "stay" as the "postponement or halting of a proceeding"). In any event, sanctions are routinely imposed at the end of litigation for conduct that occurred earlier in the litigation. *See Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (authorizing sanctions to be imposed "at the end of litigation" for conduct that occurred earlier); *see also Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) (same).

Because Plaintiff's motion (Doc. 180) fails to provide any basis for disqualification, it is **DENIED.**

**SO ORDERED** this the 13th day of March 2026.

s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

4